UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.                        Case No:   2:15-cv-358-FtM-99CM

MARK CAMERON SEAVEY,

    Defendant.

## ORDER

Before the Court are a Motion for John D. Mason to Appear *Pro Hac Vice* (Doc. 6) and Designation and Consent-to-Act under Local Rule 2.02 (Doc. 7), filed on July 6, 2015; Plaintiff Daniel A. Bernath's Opposition to Motion to Admit John D. Mason Maryland Literary Agent/Lawyer Pro Hac Vice to this Court's Bar and Related Cross-Complaint (Doc. 14) and Supplement (Doc. 15), filed on July 13, 2015; and Defendant's Motion to Strike Plaintiff's Supplemented Opposition to Motion for John D. Mason to Appear *Pro Hac Vice* or, Alternatively, for Leave to File a Reply Thereto (Doc. 16), filed on July 16, 2015.

At the outset, the Court agrees with Defendant that Plaintiff's Response in Opposition (Doc. 14) exceeds the twenty (20) page limit set forth in Middle District of Florida Local Rule 3.01(b).  Plaintiff neither sought nor received leave of Court to exceed the page limit for responses.  Pages twenty one and twenty two, however, appear to relate directly to the nature of Plaintiff's opposition to Mr. Mason's admission to this Court, and the Court therefore will permit those pages to remain.

By contrast, the content of pages twenty two (22) through thirty one (31) does not appear to be relevant to the admission *pro hac vice* of attorney John D. Mason in the instant matter. Accordingly, the Clerk will be directed to strike pages in excess of the limit, specifically pages twenty two (22) through thirty one (31) of Plaintiff's Opposition (Doc. 14) and Plaintiff's Supplement (Doc. 15) in its entirety.

For Mr. Bernath's benefit, although he is proceeding *pro se* in this matter, he still must comply with the Middle District of Florida Local Rules and Federal Rules of Civil Procedure. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures). A copy of the Local Rules may be obtained from the Court's website.[1] Furthermore, upon review of the motion requesting Mr. Mason's admission *pro hac vice*, it appears that he meets the requirements for special admission set forth in Middle District of Florida Local Rule 2.02(a). In light of the portion of Plaintiff's Opposition that appears to claim that Mr. Mason has been subject to undisclosed disciplinary actions, the Court will take Mr. Mason's motion for admission *pro hac vice* under advisement and permit him to file a brief reply.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Motion for John D. Mason to Appear *Pro Hac Vice* (Doc. 6) is **TAKEN UNDER ADVISEMENT**.

---

[1] www.flmd.uscourts.gov

2. Defendant's Motion to Strike Plaintiff's Supplemented Opposition to Motion for John D. Mason to Appear *Pro Hac Vice* or, Alternatively, for Leave to File a Reply Thereto (Doc. 16) is **GRANTED in part**. On behalf of Mr. Mason, who has not yet been admitted *pro hac vice* and therefore may not yet electronically file documents with the Court, Defendant may file a reply, not to exceed **five (5) pages** in length, on or before **July 24, 2015**.

3. The Clerk of Court is directed to **STRIKE** Plaintiff's Opposition (Doc. 14) in part. The Clerk is directed to remove pages twenty two (22) through thirty one (31) and redact the document accordingly in CMECF. The Clerk is further directed to **STRIKE** Plaintiff's Supplement (Doc. 15) in its entirety and remove the document from CMECF.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of July, 2015.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* Plaintiff