UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.                                          Case No: 2:15-cv-358-FtM-99CM

MARK CAMERON SEAVEY,

    Defendant.

## ORDER

Before the Court is Defendant's Motion for Enlargement of Case Management and Mandatory Initial Disclosure Deadlines and Continuance of Preliminary Pretrial Conference (Doc. 42), filed on September 1, 2015. Plaintiff filed a Declaration of Daniel A. Bernath in Opposition to Motion to Expand Time on September 3, 2015. Doc. 43. Defendant's motion therefore is ripe for review, and for the reasons that follow is due to be granted.

Defendant Mark Cameron Seavey seeks the extensions and continuance based on difficulty communicating with Plaintiff to schedule the case management conference. Defendant's motion includes as an attachment forty-nine (49) pages of email communications with Plaintiff in which Defendant attempts to coordinate a telephonic or in-person case management meeting. *See* Doc. 42-1. Although Plaintiff filed an Opposition, the document consists mostly of Plaintiff's accusations that somehow Defendant attempted to sabotage an airplane flown by Plaintiff and Plaintiff's resulting letter to the FBI detailing the incident. *See* Doc. 43. Plaintiff

does allege that "the first time [Defendant's attorney John D.] Mason has said he will meet me in Ft Myers is in his declaration which I have read today," and further states the following:

> I offered him dates for my availability. I have told him what I will be requesting of him and his gang leader client (the identities of his gang members who use fake names to terrorize me). He has not responded.

*Id.* at 2. Plaintiff does not, however, otherwise address why he opposes Defendant's requested extensions and continuance.

The Related Case Order and Track Two Notice for Patent Cases, entered in this case on June 25, 2015, states:

> Counsel and any unrepresented party shall meet within **SIXTY (60) DAYS** after service of the complaint upon any defendant for the purpose of preparing and filing a Case Management Report.

Doc. 4 at 1-2 (emphasis in original). Defendant's motion states that he is uncertain as to the precise deadline for the case management meeting given Plaintiff's filing of an Amended Complaint on July 16, 2015 and Plaintiff's repeated failure to properly serve Defendant with various documents. Doc. 42 at 1-2. Defendant estimates the current deadline as September 20, 2015 based upon the expiration of sixty (60) days from the date Defendant received Plaintiff's Amended Complaint via the Court's electronic filing system. *Id.* at 2 n.1; *see* Doc. 20. Defendant now seeks an extension of thirty (30) days for the parties to complete the case management meeting. Doc. 42 at 3.

The Court may extend any deadline for good cause and enjoys broad discretion in managing its docket. Fed. R. Civ. P. 6(b); *see Chudasama v. Mazda Motor Corp.*,

123 F.3d 1353, 1366 (11th Cir. 1997).  Here, Defendant has shown that the parties have attempted to coordinate a case management meeting but have been unable to do so within the time permitted.  Accordingly, the Court finds that an extension of the deadline by which the parties are required to meet for the purposes of preparing the Case Management Report is warranted.  Defendant also requests that if the deadline for the case management meeting is extended, the Rule 26 mandatory initial disclosures deadline by which the parties are required to make the mandatory Rule 26 initial disclosures be extended to allow the parties fourteen (14) days following the case management meeting to complete the disclosures.  Doc. 42 at 3.  In light of granting the prior extension, the Court also finds that a corresponding extension of the deadline for mandatory Rule 26 initial disclosures is warranted.

Finally, the Case Management Report form provided as part of the Related Case Order and Track Two Notice states that the initial disclosures deadline may be "no later than [the] date of [the] Preliminary Pretrial Conference."  Doc. 4 at 5.  The Preliminary Pretrial Conference currently is scheduled for September 28, 2015 at 2:15 p.m. before the Honorable Sheri Polster Chappell.  Doc. 13.  Accordingly, because the Court will extend the deadline for the case management meeting until October 20, 2015 and allow the parties fourteen (14) days from the completion of the case management meeting to file their mandatory initial disclosures, the current date and time for the Preliminary Pretrial Conference have been rendered impractical.  The Court therefore also will continue the conference to accommodate the other extensions granted by this Order.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Motion for Enlargement of Case Management and Mandatory Initial Disclosure Deadlines and Continuance of Preliminary Pretrial Conference (Doc. 42) is **GRANTED**.

2. The parties shall have up to and including **October 20, 2015** during which to complete the required case management meeting. The parties' mandatory Rule 26(a)(1)(A) disclosures shall be due within fourteen (14) days of the case management meeting, or no later than **November 3, 2015**.

3. The Preliminary Pretrial Conference currently set for September 28, 2015 is cancelled. The Conference will be rescheduled by separate notice.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of September, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:

The Honorable Sheri Polster Chappell
United States District Judge

Counsel of record
*Pro se* Plaintiff