UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,
    Plaintiff,

v.                                  CASE NO.    2:15-CV-00358-UA-CM

MARK CAMERON SEAVEY,
    Defendant.

_____/

## MOTION TO COMPEL INITIAL DISCLOSURES AND RESPONSES TO DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rules of Civil Procedure 37(a)(3)(b) and Rule 3.04(a) of the Local Rules for the Middle District of Florida, and other applicable law, Defendant Mark Cameron Seavey, by and through his undersigned counsel, hereby moves on the following grounds for an order of this Court that will compel Daniel Bernath to fully comply with mandatory Initial Disclosure requirements ("Initial Disclosures"), and respond to Defendant Mark Cameron Seavey's First Combined Discovery Requests, which included the Defendant's first ten Interrogatories, first ten Requests for Admissions, and first ten Requests for Production of Documents, (all of which are collectively referred to herein as the "Discovery Requests").

### BACKGROUND ALLEGATIONS

1.    This action arose out of a dispute Plaintiff Daniel Bernath ("Bernath"), a citizen of the State of Florida and a resident of Fort Myers, Lee County, Florida, who owns and runs a website at www.aspecialdayguide.com, has with Defendant Mark Cameron Seavey ("Seavey"), an employee of the American Legion (the "Legion"), a federally created and federally chartered non-profit national organization devoted to veteran, patriotic and military issues, with its national

headquarters located in Indianapolis, Indiana. As that dispute has progressed in various federal and state courtrooms, the internet, and email inboxes, Bernath has attempted to have Seavey's employment terminated with the Legion, has registered domain names containing the Legion and Seavey's names, and has made numerous defamatory statements about Seavey and the Legion, among other actionable acts he has undertaken.

2. Throughout this litigation, the Court has been forced to admonish Bernath repeatedly for his abuse of process, and for blatantly refusing to follow the applicable rules of civil procedure. *See* The American Legion's Verified Motion to Dismiss Plaintiff's Cross-Complaint or, Alternatively, Motion to Strike and Supporting Memorandum of Law (Doc. 77) at p. 5-6, FN 1.

3. Bernath's complete refusal to comply with Initial Disclosure and Discovery rules, and the rules concerning service and signing of documents, are just one more example of his continued efforts to increase the cost of litigation and harass Defendant Seavey, as well as delay and obstruct.

## ALLEGATIONS RELATING TO RELIEF REQUESTED

4. Bernath's Mandatory Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), were due on or before December 20, 2015.

5. On April 26, 2016, the Plaintiff was served with the Defendant Seavey's Combined Discovery Requests.

6. Bernath's Response to the requested admissions and interrogatories, and his production of the requested documents, were due on or before May 26, 2016.

7. During the December 7, 2015, Preliminary Pretrial Conference, Bernath was ordered to serve documents to the undersigned Defendant's attorney, John D. Mason, by U.S. mail at his Bethesda, Maryland office address, but Bernath continues to instead communicate with

Defendant's counsel almost entirely by email, and any attached documents Bernath has sent to Mr. Mason by email have been unsigned and unserved under the applicable rules. <u>Mr. Mason and local counsel, Mr. Eric Molina, have never agreed to service by electronic mail.</u>

8. Bernath did mail Mr. Mason an unsigned and, therefore, unserved[1] document entitled "Second Amended Initial Disclosure of Plaintiff Daniel A. Bernath," a copy of which is attached as Exhibit "A," but it was largely unintelligible, unresponsive, and was strangely and carefully arranged so that the two pages on each sheet of paper were non-consecutive, some pages were duplicated and upside down, and in some cases facing opposite directions. <u>As noted, this document was not signed by Bernath as required by Federal Rule of Civil Procedure 26.</u>

9. Bernath has completely failed to provide Initial Disclosures to Defendant Seavey, despite reasonable opportunity to do so and written inquiries from counsel for the Defendant.

10. On May 16, 2016, Bernath did email Mr. Mason and local counsel Mr. Molina an unsigned, unserved document entitled "Objections and Responses of Plaintiff to Defendants First Requests for Admissions," a copy of which is attached as Exhibit "B," but the document merely contains Bernath's objection to "defendant Seavey's First Requests for Admissions" and states his intent not to serve the Defendant with requested Production and Interrogatories. <u>As noted above, this document was not signed as required by Federal Rule of Civil Procedure 26.</u>

11. Bernath has completely failed to respond to Defendant Seavey's Initial Combined Discovery Requests, despite reasonable opportunity to do so and written inquiries from counsel for the Defendant.

---

[1] Pursuant to Rule 26(g)(1) and (2), *Federal Rules of Civil Procedure*, every disclosure and discovery request, response, or objection must be signed by the party personally, if unrepresented, and the failure to do so relieves other parties of any duty to act on the unsigned disclosure, request, or objection until it is signed and requires the court to strike it unless a signature is promptly supplied after the omission is called to the party's attention. *See also* Fed.R.Civ.P. 11(a) (imposing the same requirement and sanction on unrepresented parties).

12. All conditions precedent to the bringing of this motion have been performed, have occurred, or have been waived by Bernath.

**A.  The Initial Disclosures**

13. With respect to the Initial Disclosures, Federal Rule of Civil Procedure 26 and other applicable law imposes upon Bernath a duty to provide Initial Disclosures to Defendant Seavey.

14. For months, Bernath has failed to produce and serve any Initial Disclosures to Defendant Seavey in any manner whatsoever, hindering Defendant Seavey's ability to evaluate and prepare his case. Accordingly, Defendant Seavey requests that the Court order Bernath to produce and serve Initial Disclosures on Defendant Seavey pursuant to the Rules, and further requests that, pursuant to Federal Rule of Civil Procedure 26(g)(3), the Court impose sanctions in the form of attorney's fees and costs incurred in connection with the preparation of this motion and any and all other efforts of undersigned counsel required to compel Bernath to comply with the applicable Rules concerning Initial Disclosures.

**B.  Defendant Seavey's First Combined Discovery Requests**

15. With respect to Defendant Seavey's first ten Requests for Production, Federal Rule of Civil Procedure 34 and other applicable law imposes upon Bernath a duty to produce documents responsive to the Production Request.

16. Bernath has completely failed to serve a response to the Production Requests in any manner.

17. With respect to Defendant Seavey's first ten Interrogatories, Federal Rule of Civil Procedure 33 and other applicable law imposes upon Bernath a duty to answer or appropriately object to the Interrogatories.

18. Bernath has completely failed to serve a response to the Interrogatories in any manner.

19. With respect to Defendant Seavey's first ten Requests for Admissions, Federal Rules of Civil Procedure 33 and 36 and other applicable law imposes upon Bernath a duty to respond to the Requests for Admissions (a copy of the first ten Requests for Admission are included in Defendant Seavey's First Combined Discovery Requests attached hereto as Exhibit "C").

20. Bernath has completely failed to serve a response to the Requests for Admissions in any manner. Accordingly, the Admissions Request should be deemed admitted.

21. Defendant Seavey further requests that, pursuant to Federal Rule of Civil Procedure 26(g)(3), the Court impose sanctions in the form of attorney's fees and costs incurred in connection with the preparation of this motion and any other effort of undersigned counsel required to compel Bernath to comply with the applicable Rules.

## MEMORANDUM OF LAW

Applicable law provides that relief of the kind requested in the preceding sections of this motion is appropriate. Under Federal Rule of Civil Procedure 37(a)(1), "a party may move for an order compelling disclosure or discovery" when the opposing party fails to respond. In so responding, a party must adhere to applicable rules. Federal Rule of Civil Procedure 26(g)(1) requires that "[e]very disclosure ... discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented." In the event that unsigned documents are served on a party, Rule 26(g)(3) provides that "the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Declarations that are late or unsigned are subject to further penalty under Federal Rule of Civil Procedure 36(a)(3), which instructs that the matters within be automatically admitted.

Motions to compel discovery under Federal Rule of Civil Procedure are within the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The purpose of discovery under the Federal Rules is to require disclosure of all relevant information in order to facilitate the ultimate resolution of disputed issues in a full and just manner. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958); *Gorozhankin v. Klebener*, No. 3:09-cv-059-J-20TEM, 2011 WL 46118 (M.D. Fla. Jan. 6, 2011).

## CONCLUSION

In light of the foregoing, pursuant to Rule 26 of the Federal Rules of Civil Procedure and all other applicable rules, Defendant Seavey requests that this Court order (a) compliance by Bernath with the rules concerning Initial Disclosures, (b) compliance by Bernath with the rules concerning Defendant Seavey's first ten Interrogatories, and Defendant Seavey's first ten Requests for Production of Documents, (c) that Defendant Seavey's first ten Requests for Admissions are deemed admitted by Bernath, (d) that Bernath pay Seavey's attorney's fees and costs incurred in connection with preparing this motion and all related efforts by undersigned counsel to seek compliance with the applicable Initial Disclosure and Discovery rules by Plaintiff Bernath, and (e) reserve ruling on whether to preclude Bernath from introducing any document or testimony that might otherwise be admissible in this action, if not disclosed or produced in compliance with the pertinent Federal Rules of Civil Procedure, Local Rules for this District, and orders of this Court.

## M.D. FLA. LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), *United States District Court Rules for the Middle District of Florida*, the undersigned counsel conferred with Bernath in a good faith effort to resolve the issues raised herein but no resolution has been reached concerning the motion.

WHEREFORE, Defendant Seavey respectfully requests an order of this Court granting all relief requested herein above, including attorney's fees and costs incurred in connection with preparing this motion and all related efforts by undersigned counsel to seek compliance with the applicable Initial Disclosure and Discovery rules by Plaintiff Bernath, and for such other and further relief as this Court deems necessary and proper.

/s/ **John D. Mason**
John D. Mason
DC Bar No. 464072
Copyright Counselors, LLC
Trial Counsel for Seavey
7315 Wisconsin Ave.
Suite 400 West
Bethesda, MD 20814
Telephone: (888) 313-3637
Facsimile: (301) 760-7032
jmason@copyrightcounselors.com
(Special Admission PHV)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 8, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I further certify that I served the foregoing document by email and first-class mail to the following non-CM/ECF participant:

Daniel A. Bernath1319
Kingswood Court
Fort Myers, Florida 33919
ussyorktowncvs10@yahoo.com

/s/ **Eric D. Molina**
Eric D. Molina
Florida Bar No. 0528021
Pavese Law Firm
Local Counsel for Seavey
P.O. Drawer 1507
Fort Myers, Florida 33902
Telephone: (239) 336-6253
Facsimile: (239) 332-2243
ericmolina@paveselaw.com