United States District Court
Middle District of Florida
Ft Myers Division

| | |
|---|---|
| Daniel A. Bernath, Plaintiff, | Case: 2:15-cv-00358-UA-CM |
| vs. | Plaintiff Bernath's Response |
| Mark Cameron Seavey, Defendant. | to Defendant Seavey's 1st Discovery Request |

And related cross-action.

## OBJECTIONS AND RESPONSES OF PLAINTIFF TO DEFENDANTS FIRST REQUESTS FOR ADMISSIONS

Pursuant to Fed. R. Civ. P. 26 and 36, Plaintiff hereby object to defendant Seavey's First Requests for Admissions (collectively, "Requests") as follows:

### GENERAL OBJECTIONS

Each of Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following General Objections. The assertion of the same, similar, or additional objections or a partial response to an individual Request does not waive any of Plaintiff's General Objections.

1. Plaintiff objects to these Requests to the extent that they are overbroad and unduly burdensome and impose obligations in excess of those imposed by the Federal Rules of Civil Procedure.

2. Plaintiff object to these Requests to the extent that they seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Middle District of Florida ("Local Rules"), or any

other applicable rules and statutes. Plaintiff will respond to each of the Requests in accordance with the requirements of the Federal and Local Rules.

3. Plaintiff objects to these Requests to the extent that they seek information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to these Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. No information subject to such privilege, protection, or immunity will be provided.

5. The inadvertent disclosure by Plaintiff of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity, shall not constitute a waiver by Plaintiff of such protection.

6. In response to these Requests, Plaintiff does not concede that any of the responses or information contained herein is relevant or admissible. Plaintiff reserve the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

7. Plaintiff objects to these Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters. See, e.g., Lakehead Pipe Line Co. v. Am. Home Assurance Co., 177 F.R.D. 454, 458 (D. Minn. 1997) (finding requests for ratification of legal conclusions applied to operative facts of the case to represent improper request for admission of pure matter of law); English v. Cowell, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (holding that requests for admission of

existence of statute or that party is subject to statute constitute improper requests for legal conclusion).

8. Plaintiff object to any Request that employs imprecise specifications of the information sought as vague and ambiguous.

9. The defendant Seavey's Requests do not define the term "Plaintiff," and, therefore, the term will be interpreted and used herein to mean the named Plaintiff.

10. Unless otherwise stated, Plaintiff will not provide any information encompassed by the foregoing objections.

11. Plaintiff also objects to this Request on the ground that it requires them to access information not in their possession, custody or control.

12. Plaintiff further objects to the Request to the extent that it calls for legal conclusions rather than an admission of fact.

13. Although Plaintiff has made reasonable efforts to identify all relevant health providers, certain providers are no longer available, cannot be identified or have not otherwise provided requested records. As such, Plaintiff state that despite their reasonable efforts, they have insufficient knowledge to respond with any certainty regarding the scope and content of all care visits to any plaintiff at any point.

14. Plaintiff also object to this Request to the extent that it seeks information concerning any services other than behavioral health services because such information is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

15. The following Responses reflect Plaintiff' present knowledge, information and belief and may be subject to change or modification based on Plaintiff' further

discovery, or facts or circumstances which may come to Plaintiff' knowledge. Plaintiff specifically reserves the right to further supplement, amend or otherwise revise their Responses to these Requests in accordance with Fed. R. Civ. P. 26(e).

Response 1

Objection. The term "take" is not defined and therefore the RFA is overly broad, vague and ambiguous and therefore Plaintiff interprets it to mean to cause to be made. Therefore Plaintiff DENIES said RFA.

Rog 1: Plaintiff did create the photograph.

Produce 1: Plaintiff will permit defendant to view said photograph at a time which is convenient to all parties upon proper Notice. Said evidence consists of photographic color negative, color print, container, sales transaction indicia.

Response 2

Objection. The term "communicate" is not defined and therefore the RFA is overly broad, vague and ambiguous and therefore Plaintiff interprets it mean that plaintiff is one or more persons or entities that use or have used ussyorktowncvs10@yahoo.com to transmit a message to defendant Mark Seavey. Based on the foregoing, Plaintiff DENIES said RFA

Rog 2: Plaintiff has, among other people used ussyorktowncvs10@yahoo.com to communicate with Mark Seavey. Discovery is ungoing and as the Court stated, this litigation is in "its infancy." No other form of communication by way of wire has been found at this point of this infant litigation but that does not mean that Plaintiff will not uncover more evidence regarding this information as defendant Seavey produced purported evidence that can more properly focus this discovery.

Produce 2: These documents are in the possession of Mark Seavey and this request is made by Seavey to merely burden Plaintiff for no purpose. If Seavey purports that he has been sent an electronic letter but he no longer has it in his possession then Plaintiff will produce each said electronic letter, if available or in his control and possession.

RFA 3

Objection. The term "substantial" is not defined." As defined by Denied as plaintiff has been damaged as outlined in the presumed damages and actual damages as outlined and permitted in the United States Code.

ROG 3 Plaintiff is an attorney before the US Department of Veterans Affairs. Discovery is ongoing and no calculation can be made at this "infancy" stage of the litigation, as stated by the Court.

Produce 3 Plaintiff is an attorney before the US Department of Veterans Affairs. Discovery is ongoing and no calculation can be made at this "infancy" stage of the litigation, as stated by the Court.

RFA 4 Denied

ROG4 Mark Seavey owns and operates the website, as part of his gang leadership and command and control of said criminal gang, the website which can be found on the internet at www.thisainthell.us.

ROG 4

Mark Seavey stated that he has a photograph of Plaintiff's minor daughter and that he masturbates, producing "jizz" (semen and other substances) onto the image of Bernath's daughter's face and that Seavey wants that image to be inside of Bernath's mind's eye. Mark Seavey also produced and published photographs of minors having showers with other minors and remarked about how homosexual this all appeared. Thereafter, Mark

Seavey created a photograph whereby plaintiff Bernath is being gang raped by a group of homosexuals and Seavey published all on his web publication for his gang members found at www.thisainthell.us

PRODUCE 4

These photographs are all in the possession of Mark Cameron Seavey.

RFA5

DENIED

ROG5 Seavey directed his gang members to make Bernath's life Hell, leaving to their discretion the method and means to make Bernath's life Hell. This included several incidences to drive Bernath to suicide as Seavey and his gang had done, by their own admission, six times previously, and to sabotage his aircraft so as to kill Bernath at Ft Myers, Florida.

PRODUCE 5

Discovery is ongoing. It is not the time ordered by the Court to produce the names of expert witnesses and expert reports. All incidences have been alleged in the complaint and are in the possession of Mark Cameron Seavey, including evidence produced in the cross-complaint by Bernath against the American Legion.

RFA6

DENIED

ROG6

Part 1 and Part 2 and "teaser" of videos by co-defendant Don Shipley.

PRODUCE 6

Said videos are in the possession of Don Shipley and WBBH Television, Ft Myers Florida.

RFA 7

DENIED

ROG7

As this RFA was denied there are no documents to produce. Furthermore, this is an fraud against the Court by Mark Seavey. Unbeknownst to Bernath, an insurance company paid Mark Seavey regarding these false claims he made against Bernath. As such there is an accord and satisfaction and Seavey is committing this fraud upon the Court as part of his quest for additional "Bernath Bucks." Under the single publication rule, Seavey has no claim against Bernath, even this false one. Seavey admits that he has illegally investigated about 400 people in the United States as he does not have a private investigator license. Any one of these 400 people, their friends and family may have information of Mark Cameron Seavey's "child molester" "sex offender", "convicted of a crime" status. Indeed, public records show that Seavey is a sex offender. Process issued by the Maryland Court shows that Mark Cameron Seavey violated a court order and that said misconduct was "criminal."

Said documents are public records and are as available to Seavey as easily as they are to plaintiff and demanding that plaintiff produce the public records that order him to not rape, that there is probable cause to believe that he is a sexual offender and that he is a criminal for disobey the protective order, is unreasonably burdensome. Seavey need only look at his own collection of orders signed by judges against him for his criminal misbehavior.

RFA8

DENIED

ROG8

As this RFA is denied there are no documents relevant to this RFA.

PRODUCE8

As this RFA is denied there are no documents relevant to this RFA.

RFA9

DENIED

Interrogatory 9: Said documents are voluminous. Plaintiff will make said documents available to all defendants and all parties for inspection at a time and place convenient to all parties.

Said documents are in the possession of Mark Cameron Seavey, such as the communication on his command and control web location thisainthell.us where Seavey falsely identifies himself as Daniel A. Bernath:

**Dan Bernath says:**

<u>**April 23, 2014 at 7:11 pm**</u>

 **Is this all a reference to vagina?**

**I hate vagina.**

**Gross.**

**Smells like tuna.**

**I like hobo dick."** <u>http://thisainthell.us/blog/?p=44607&cpage=1</u>

RFA10

DENIED. Said lawsuit against Seavey in Lee County does not allege the same misconduct, dates or damages suffered by Bernath as the instant federal lawsuit.

ROG 10

Said documents, if any, are in the possession of the Mental Health Department of the United States Department of Veterans Affairs. Said documents are privileged.

If this interrogatory was meant to show admissions by Mark Seavey that he was going to torment Bernath to self murder and suffer emotional distress, then said documents are in the possession of Mark Cameron Seavey.

PRODUCE 10

Said documents, if any, are in the possession of the Mental Health Department of the United States Department of Veterans Affairs. Said documents are privileged.

If this interrogatory was meant to show admissions by Mark Seavey that he was going to torment Bernath to self murder and suffer emotional distress, then said documents are in the possession of Mark Cameron Seavey and have been printed out previously and provided to Mark Cameron Seavey in court filings.

I swear under penalty of perjury that the foregoing is true and correct and made at Ft Myers Florida on May 16, 2016.

*Daniel A. Bernath*