UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,
     Plaintiff,

                              CASE NO.    2:15-CV-00358-UA-CM

v.

MARK CAMERON SEAVEY,
     Defendant.
_____/

## DEFENDANT MARK CAMERON SEAVEY'S
## FIRST COMBINED DISCOVERY REQUESTS

     Pursuant to the Federal Rules of Civil Procedure 26, 33, 34, and 36 and Local

Rule 3.03, Defendant Mark Cameron Seavey propounds the following Requests for

Admission, Interrogatories, and Requests for Production of Documents, upon Plaintiff

Daniel Bernath, and requests that they be answered separately, fully and under oath

within the time required by the Federal Rules of Civil Procedure. Where production is

requested, production is requested to be made at the Bethesda, Maryland office of

undersigned counsel, John D. Mason, unless otherwise arranged by agreement of the

parties. Definitions are provided and shall be deemed operative unless conflicting with

Local Rule, in which case the definitions shall apply to the extent not contradicted by

Local Rule, and in all other respects the Local Rule definition shall govern.

**Definitions**

(a) The words "Plaintiff," "you," "yours" and/or "yourselves" means Plaintiff Daniel

Bernath, and any employees, agents, representatives or other persons acting, or

purporting to act, on behalf of same.

(b) "Defendant" or "Seavey" means Defendant Mark Cameron Seavey.

Exhibit "C"

1

(c) "Legion" means proposed Intervenor The American Legion.

(d) The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation".

(e) "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(f) The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, email, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

(g) "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(h) "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

(i) The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(j) The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(k) The term "action" shall mean the above-captioned instant case entitled <u>Daniel Bernath</u> <u>v. Mark Cameron Seavey</u>, pending in the Unites States District Court for the Middle District of Florida.

(l) The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.  When used in reference to a person, "Identify" means to provide the name, address, telephone number, place of employment and job title of the person.

(m) "Plaintiff's Alleged Work" means the works referenced at paragraphs 5 and 8-10, of Plaintiff's Amended Complaint.

**SPECIAL INSTRUCTIONS REGARDING ELECTRONIC DATA**

1. In those instances when requested information is stored only on software or other data compilations, you should either produce the raw data along with all codes and programs from translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys and indices for interpretation of the material.

2. The Requests stated herein include all electronic data generated, stored or accessible by your computer system. Defendant Seavey considers electronic data to be an irreplaceable source of evidence in this matter. In addition to discovery of all tangible forms of evidence, therefore, Defendant Seavey requests access to your computer system for nondestructive retrieval of relevant electronic data. Accordingly, pending an agreement of the parties as to the timing and procedure for examining your computer system, or an order by the Court regarding same, Defendant Seavey will insist that the following safeguards against the destruction of evidence be maintained until the final resolution of this issue:

A. On-Line Data Storage on Mainframes and Minicomputers: With regard to on-line storage or direct access storage devices attached to your mainframe computer or minicomputer: Do not modify or delete any electronic data files existing at the time this discovery request is served that are or may be responsive to any of the requests enumerated below, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible for purposes of this lawsuit.

B. Off-Line Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media: With regard to all electronic media used for off-line storage, including magnetic tapes and cartridges and other media, which at the time of this discovery request is served contain any electronic data responsive to any of the request enumerated below: Stop any activity which may result in the loss of such electronic data, including rotation, destruction, over writing or erasure of such media in whole or in part. This special instruction is intended to cover all removable electronic

media used for data storage in connection with your computer system, including

magnetic tapes and cartridges, magneto-optical disks, floppy diskettes, and all other

media, whether used with personal computers, minicomputers or mainframes or other

computers, and whether containing backup or archive data sets and other electronic data,

for your computer system.

C. Replacement of Data Storage Devices: Do not dispose of any electronic data

storage devices or media which may be replaced due to failure or upgrade or other

reasons that may contain electronic data meeting the criteria listed in paragraph (f) above.

D. Fixed Drives on Stand-Alone Personal Computers and Network Workstations:

With regard to electronic data that is responsive to any of the requests enumerated below,

which exist on fixed drives attached to stand-alone microcomputers or network

workstations at the time this discovery request is served: Do not alter or erase such

electronic data, and do not perform other procedures (such as data compression and disk

de-fragmentation or optimization routines) which may affect such data, unless a true and

correct copy has been made of such active files and of completely restored versions of

such deleted electronic files and file fragments, copies have been made of all directory

listings (including hidden files) for all directories and subdirectories containing such files,

and arrangements have been made to preserve copies during the pendency of this lawsuit.

E. Programs and Utilities: Preserve copies of all application programs and

utilities, which may be used to process electronic data covered by the requests

enumerated below.

F. Log of System Modifications: Maintain an activity log to document

modifications made to any electronic data processing system that may affect the systems

capability to process any electronic data that is responsive to any of the requests enumerated below, regardless of whether such modifications were made by employees, contractors, vendors or any other third parties.

G. Personal Computers Used by You: The following steps should immediately be taken in regard to all personal computers used by you or any assistant or person working at your direction, or its secretaries and assistants.

(1) As to fixed drivers attached to such computers: (i) a true and correct copy should be made of all electronic data on such fixed drivers that is responsive to any of the requests enumerated below, including all active files completely restored versions of all deleted electronic files and file fragments; (ii) full directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed drivers should be written; and (iii) such copies and listings should be preserved until this matter reaches its final resolution.

(2) All floppy diskettes, magnetic tapes, cd-roms, DVD's, cartridges, external hard drives, cloud storage, and other media used in connection with such computers prior to the date of service of these discovery requests containing any electronic data that is responsive to any of the requests enumerated below, should be collected and put into storage for the duration of this lawsuit.

Instructions for responding to these discovery requests:

If the space provided for any other response is not sufficient to allow for a full and complete response, you may attach as many pages as are necessary to complete the response, or expand the response area using the electronic format provided to you.

## DEFENDANT SEAVEY'S COMBINED DISCOVERY REQUEST

1. Request for Admission. You are requested to Admit that you did not take the photograph that is, or was used to create, Plaintiff's Alleged Work.

Response:

1. Interrogatory. Identify the photographer who did take the photograph that is, or was used to create, Plaintiff's Alleged Work, the circumstances under which it was created, and any documents related thereto.

Answer:

1. Request for Production. Please produce all documents which pertain to the creation of Plaintiff's Alleged Work and the occurrences which you are asked to describe in Interrogatory 1 above.

Response:

2. Request for Admission: You are requested to Admit that you communicate with Seavey via electronic mail from the email address ussyorktowncvs10@yahoo.com.

Response:


2. Interrogatory: Identify each electronic (email) address you have used to communicate with Seavey.

Answer:


2. Request for Production:  Produce all documents and correspondence and electronic mail exchanged between you and Seavey.

Response:


3. Request for Admission: You are requested to Admit that you have suffered no substantial damage in the form of diversion of your trade, no loss of income and profits and no dilution of the value of your rights, as you allege in Paragraph 26 of your Amended Complaint in this action.

Response:

3. Interrogatory.  Identify all documents that pertain to the substantial damage you allege you suffered in diversion to your trade, your use, your revenue, your income, your profits and the value of your rights in Plaintiff's Alleged Work.

Answer:

3. Request for Production.  Produce documents identified in your Response to Interrogatory 3 above.

Response:


4. Request for Admission. You are requested to Admit that Seavey does not have a website that hosts child pornography and advocates child pornography, as you allege in Paragraph 13 of your Amended Complaint in this action.

Response:

4. Interrogatory. Identify any child pornography you allege is hosted by a website of Seavey's, and any statements advocating child pornography made on a website of Seavey's, and any documents or material pertaining to your allegations in Paragraph 13 of your Amended Complaint in this action.

Answer:



4. Request for Production. Produce all of the documents that you have identified in response to Interrogatory 4 above, or that you possess that pertain to or show child pornography on a website of Seavey's, or that advocate for child pornography on a website of Seavey's.

Response:

5. Request for Admission. You are requested to Admit that Seavey did not threaten to murder you, as you allege in Paragraph 22 of your Amended Complaint in this action.

Response:

5. Interrogatory. Identify any communication or document from Seavey containing a threat to murder you, and describe the circumstances of any such murder threat from Seavey.

Answer:

5. Request for Production. Produce all of the documents that you have identified in response to Interrogatory 5 above, or that you possess that pertain to or contain a threat to murder you made by Seavey.

Response:

6. Request for Admission.  You are requested to Admit that you have no actual evidence or proof that Seavey has personally been to or visited any residence of yours, as you allege in Paragraph 23 of your Amended Complaint in this action.

Response:

6.  Interrogatory. If you do not unequivocally Admit that you have no actual evidence or proof that Seavey has personally been to or visited any residence of yours, identify each and every document that pertains to, evidences or proves that Seavey has been to your residence, and describe the circumstances of any such Seavey visit to your residence.

Answer:

6. Request for Production. Produce all of the documents that you have identified in response to Interrogatory 6 above, or that you possess that pertain to or show that Seavey visited or has been to your residence.

Response:

7. Request for Admission.  You are requested to Admit that you have published statements online or on the internet about Seavey, some of which allege that Seavey is a child molester, a sex offender, or has been convicted of a crime.

Response:

7.  Interrogatory. Identify each and every document that pertains to, evidences or shows statements you have published online or on the internet about Seavey.

Answer:

7.  Request for Production.  Produce all of the documents that you have identified in response to Interrogatory 7 above, or that you possess that pertain to, illustrate or evidence statements you have made about Seavey online or on the internet.

Response:


8. Request for Admission. You are requested to Admit that you registered the domain names/website addresses/URL's for the websites www.aspecialdayguide.com, www.americanlegion.us, and www.markseavey.us.

Response:

8. Interrogatory.  Identify each and every document that pertains to, evidences or shows the registration of the domain names/website addresses/URL's for the websites www.aspecialdayguide.com, www.americanlegion.us, and www.markseavey.us.

Answer:


8. Request for Production.  Produce all of the documents that you have identified in response to Interrogatory 8 above, or that you possess that pertain to the registration of the domain names/website addresses/URL's for the websites www.aspecialdayguide.com, www.americanlegion.us, and www.markseavey.us.

Response:

9. Request for Admission. You are requested to Admit that Seavey has not stolen your identity or taken out or applied for loans in your name.

Response:

9. Interrogatory. Identify each and every document that pertains to your allegations that Seavey has stolen your identity or taken out or applied for loans in your name.

Answer:

9. Request for Production. Produce all of the documents that you have identified in response to Interrogatory 9 above, or that you possess that pertain to your allegations that Seavey has stolen your identity or taken out or applied for loans in your name.

Response:

10. Request for Admission. You are requested to Admit that you filed a lawsuit for intentional infliction of emotional distress against Seavey in the Circuit Court, 20th Judicial District, Lee County, Ft. Myers Division, Case Number 15-CA-003259 (hereinafter referred to and incorporated herein as the "Case").

Response:

10.  Interrogatory. Please identify all documents that pertain to your allegations in the Case that Seavey intentionally inflicted emotional distress on you, and any damages you have suffered as a result.

Answer:

10. Request for Production.  Produce all of the documents that you have identified in response to Interrogatory No. 10 above, or that pertain to your allegations in the Case that Seavey intentionally inflicted emotional distress on you, and any damages you may have suffered as a result.

Response:

**I understand that I am swearing or affirming under oath to the truthfulness of the answers to the foregoing interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

 

 

_____
Daniel A. Bernath

STATE OF FLORIDA
COUNTY OF _____

    Sworn to or affirmed and signed before me on this _____ day of _____,

2016, by Daniel A. Bernath, who is personally known to me or has produced the

following form of identification:_____.

NOTARY PUBLIC:

_____
Signature

_____
Printed Name

My Commission Expires:

You are under a continuous obligation to supplement your answers to these discovery requests under the circumstances specified in Federal Rule of Civil Procedure 26 (e).

Respectfully,

/s/ John D. Mason
John D. Mason
DC Bar No. 464072
Copyright Counselors, LLC
Trial Counsel for Seavey
7315 Wisconsin Ave.
Suite 400 West
Bethesda, MD 20814
Telephone: (888) 313-3637
Facsimile: (301) 760-7032
jmason@copyrightcounselors.com
(Special Admission PHV)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2016, I served the foregoing document by email and first-class mail to the following non-CM/ECF participant:

Daniel A. Bernath
1319 Kingswood Court
Fort Myers, Florida 33919
ussyorktowncvs10@yahoo.com

/s/ Eric D. Molina
Eric D. Molina
Florida Bar No. 0528021
Pavese Law Firm
Local Counsel for Seavey
P.O. Drawer 1507
Fort Myers, Florida 33902
Telephone: (239) 336-6253
Facsimile: (239) 332-2243
ericmolina@paveselaw.com