UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,
    Plaintiff,

                                                CASE NO.    2:15-CV-00358-UA-CM

v.

MARK CAMERON SEAVEY,
    Defendant.
_____/

### DEFENDANT MARK CAMERON SEAVEY'S MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL

COMES NOW the Defendant, MARK CAMERON SEAVEY, by and through his undersigned counsel, and moves the Court for leave to file a reply to the Plaintiff's Opposition to Motion to Compel. As grounds therefor, the Defendant shows the Court as follows:

1.    On or about August 8, 2016, the Defendant filed his Motion to Compel Initial Disclosures and Responses to Discovery and Incorporated Memorandum of Law (Doc. 78) ("Motion"), moving the Court to compel the Plaintiff to comply with mandatory initial disclosure requirements and respond to the Defendant's discovery requests.

2.    Thereafter, on or about August 15, 2016, the Plaintiff filed his Opposition to Motion to Compel (Doc. 79) ("Opposition").

3.    In his Opposition, the Plaintiff expresses dissatisfaction with the Magistrate Judge, reiterates various allegations and claims he has already asserted against the Defendant in this action, and renews his request that the Magistrate Judge recuse herself from this case[1], none of which has anything to do with the Defendant's Motion. The balance of the Plaintiff's Opposition claims that the Plaintiff fulfilled his discovery obligations, accuses the Defendant's

---

[1] *See* Plaintiff's Opposition, ¶¶ 1-7.

lead trial counsel[2] of negligence and bad faith, and improperly references purported settlement negotiations.[3]

4.  The matters raised by the Plaintiff in his Opposition could not reasonably be anticipated and were not addressed in the Defendant's Motion, as many of the matters are scarcely, if at all, related to the merits of the Defendant's Motion.

5.  The Plaintiff has grossly and deliberately misrepresented these matters to the Court to confuse and mislead the Court concerning the necessity and propriety of an order compelling the Plaintiff's fulfilment of his mandatory initial disclosure and discovery obligations.

6.  A reply is only permitted when the Court grants leave. *See* M.D. Fla. Local Rule 3.01(c).

7.  The Defendant should be permitted to refute these newly asserted and largely inaccurate matters to avoid prejudice to the Defendant and aid the Court in its consideration and determination of the Defendant's Motion. *See, generally, Tardif v. People for the Ethical Treatment of Animals*, 2011 WL 2729145, *2 (M.D. Fla. July 13, 2011) ("[t]he purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court"); *Montgomery Bank, N.A. v. Alico Road Business Park, LP*, 2014 WL 3828406, *3 (M.D. Fla. August 4, 2014) (leave to file a reply awarded where good cause shown and court's determination of pending motion benefitted); and *Ottaviano v. Nautilus Ins. Co.*, 2009 WL 425976 (M.D. Fla. February 19, 2009) (leave to file a reply warranted where movant asserts that opposition misstated facts).

---

[2] John D. Mason, Esq.

[3] *See id.* at ¶¶ 8, 13, and 15-20.

8. The Defendant's proposed reply will be no more than seven (7) pages, excluding exhibits, in length.

WHEREFORE, the Defendant, by and through his undersigned counsel, moves the Court for leave to file a reply to the Plaintiff's Opposition to the Defendant's Motion and for such other and further relief as the Court deems just and proper.

<u>M.D. FLA. LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Rule 3.01(g), *Local Rules for the Middle District of Florida*, the undersigned counsel conferred with the Plaintiff in a good faith effort to resolve the issues raised herein, but they were unable to agree on the resolution of the motion.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 22, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system and served the foregoing document by email and first-class mail to the following non-CM/ECF participant:

> Daniel A. Bernath
> 1319 Kingswood Court
> Fort Myers, Florida 33919
> ussyorktowncvs10@yahoo.com

>> PAVESE LAW FIRM
>> Local Counsel for Defendant Mark C. Seavey
>> P.O. Drawer 1507
>> Fort Myers, Florida 33902-1507
>> Telephone: (239) 336-6253
>> Facsimile: (239) 332-2243

>> By: /s/ Eric D. Molina
>>     Eric D. Molina
>>     Florida Bar No. 0528021
>>     ericmolina@paveselaw.com