UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.                                    Case No:   2:15-cv-358-FtM-99CM

MARK CAMERON SEAVEY,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant-Intervenor's Motion to Dismiss Plaintiff's Cross-Complaint or, Alternatively, Motion to Strike (Doc. #77) filed on July 6, 2016. Plaintiff Daniel A. Bernath filed an untimely Response in Opposition (Doc. #80) on August 16, 2016. This Motion is now ripe for the Court's review.

## BACKGROUND

In July 2015, Plaintiff Daniel A. Bernath, appearing *pro se*, brought this action against Defendant Mark Cameron Seavey ("Seavey") alleging, amongst other things, copyright infringement and intentional infliction of emotional distress. (Doc. #20). Four months later, Defendant-Intervenor The American Legion ("The American Legion") joined the action. (Doc. #71). The American Legion is a non-profit organization devoted to veteran and military issues. (Doc. #77 at 2). Seavey is an employee of The American

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Legion. (Doc. #77 at 2). The root of the parties' dispute stems from a photograph of Plaintiff that he claims to have copyright protection over. (Doc. #20 at 2-3). Plaintiff claims his likeness enjoys copyright protection and has been violated by both Seavey and The American Legion's reproduction of said photograph. (Doc. #20 at 2-3; Doc. #71 at 13).

In May 2016, Plaintiff initiated a Cross-Complaint against The American Legion, asserting the following causes of action: "assault"; "intentional infliction of emotional distress"; "property damage"; "civil remedy for criminal misconduct of defendant the American Legion"; "intimidation of person over 65, disabled 100% US Navy service connected veteran"; "intentional criminal acts by the American Legion with civil remedy"; and "invasion of privacy."[2] (Doc. #71 at 40-41). Besides the stated causes of action, Plaintiff further makes mention of copyright infringement and defamation throughout the Cross-Complaint. (Doc. #71 at 13; 19-20; 29-30). The American Legion now moves to dismiss or, alternatively, strike portions of the claims, arguing that Plaintiff's Cross-Complaint fails to state a claim. (Doc. #77 at 2). Plaintiff avers that his statements made in the Cross-Complaint are true and further contends The American Legion instead filed a Motion for Summary Judgment masquerading as a Motion to Dismiss. (Doc. #80 at 1).

In response, The American Legion renews its request for dismissal and insists upon Plaintiff's adherence to the applicable rules when stating claims. (Doc. #86 at 1).

---

[2] As stated, Plaintiff filed a Cross-Complaint (Doc. #71) against The American Legion. But the Cross-Complaint is, in actuality, a counter-complaint. Nonetheless, the Court will abide by Plaintiff's title of "Cross-Complaint" to avoid confusion. See *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990) (stating that because plaintiffs are proceeding pro se, the Court construes the Complaint more liberally than had it been drafted by an attorney).

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his claims. *See id.* at 678-79.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citations omitted). Although legal conclusions can provide the framework for a complaint, factual allegations must support all claims. *See id.* Based on these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. *See id.* at 678-79. Legal conclusions couched as factual allegations are not sufficient, nor are unwarranted inferences, unreasonable conclusions, or arguments. *See Twombly,* 550 U.S. at 555.

Rule 8 of the Federal Rules of Civil Procedure provides parallel pleading requirements that also must be satisfied. Under this rule, "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. See id. at 678-79. Mere naked assertions are also inadequate. See id.

## DISCUSSION

In its Motion to Dismiss, The American Legion argues that Plaintiff's Cross-Complaint not only fails to state a claim, but further contains claims that are immaterial, redundant, impertinent, and scandalous material. (Doc. #77 at 1). Plaintiff responds that (i) the facts he has stated are true; (ii) The American Legion's Motion to Dismiss is actually operating as a motion for summary judgment; and (iii) The American Legion and Seavey have allegedly made additional threats against him. See (Doc. #80).

In the Cross-Complaint, Plaintiff strings together multiple facts addressing various topics. (Doc. #71). At the very end, Plaintiff states several causes of action, in bold, with no underlying facts to support the causes of action. (Doc. #71 at 40-41). Plaintiff does not even state a recital of the elements for a majority of the causes of action he asserts. Rather, he just lists several causes of action without any sort of separation or underlying facts, violating Rule 10(b). See Fed. R. Civ. P. 10(b) ( requiring that "each claim founded on a separate transaction or occurrence-and each defense other than a denial- must be stated in a separate count or defense"). As best the Court can discern, Plaintiff attempts to allege elements for copyright infringement, defamation, and intentional infliction of emotional distress, but without supporting facts, these causes of action still fail pleading requirements. (Doc. #71 at 13; 19-20; 29-30). Although this Court is lenient towards plaintiffs proceeding *pro se*, Plaintiff must, at the bare minimum, allege facts sufficient to meet the standards outlined in Rules 8 and 10 of the Federal Rules of Civil Procedure. See Twombly, 550 U.S. at 555 (citation omitted) (Pleading "requires more than labels and

conclusions, and a formulaic recitation of the elements will not do."). For this reason, the Court finds the Cross-Complaint insufficient and consequently, dismisses the Cross-Complaint.[3]

As an addendum, the Court will shed light on Plaintiff's concern over The American Legion's Motion to Dismiss operating as a motion for summary judgment. A court issues summary judgment when it is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" issue exists if sufficient evidence can convince a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "material" fact is present should it affect the outcome of the suit under governing law. *Id.* Here, no such Motion for Summary Judgment exists. The American Legion clearly moves to dismiss with the ultimate goal of eliciting from Plaintiff detailed elements for the causes of action alleged. (Doc. #77 at 8). Consequently, the Court finds no merit in Plaintiff's argument and appropriately addresses the instant Motion under the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6).

Accordingly, it is now **ORDERED**:

Defendant-Intervenor The American Legion's Motion to Dismiss Plaintiff's Cross-Complaint or, Alternatively, Motion to Strike (Doc. #77) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of September, 2016.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[3] At this time, the Court need not address The American Legion's Motion to Strike as the Motion to Dismiss has been granted.