## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DANIEL A. BERNATH,

        Plaintiff,

v.                            Case No:   2:15-cv-358-FtM-99CM

MARK CAMERON SEAVEY,

        Defendant.

_____

## ORDER

This matter comes before the Court upon review of Defendant, Mark Cameron Seavey's ("Seavey"), Motion to Compel Initial Disclosures and Responses to Discovery and Incorporated Memorandum of Law (Doc. 78, "Seavey's Motion to Compel"), filed on August 8, 2016, and Motion of the American Legion ("the Legion") to Compel Responses to Discovery and Incorporated Memorandum of Law (Doc. 98, "the Legion's Motion to Compel"), filed on November 15, 2016.   On August 15, 2016, Plaintiff filed his Opposition to Seavey's Motion to Compel and on November 16, 2016, Plaintiff filed a response in opposition to the Legion's Motion to Compel.[1]   Doc. 79.   With leave of Court, Seavey filed a reply on October 12, 2016.   Doc. 92.

### I.    Issues

In his motion, Seavey seeks the following from the Court: to compel Plaintiff to serve the initial disclosures required by Rule 26(a)(1); to compel Plaintiff to respond

---

[1] The response is titled "Comes now Plaintiff in Opposition to Seavey's Motion to Compel Discovery" but it is addressed to the Legion's Motion to Compel.   Doc. 99 at 1.

to Seavey's first Interrogatories and first Requests for Production of Documents; to deem that Seavey's First Requests for Admissions are admitted by Plaintiff; to order Plaintiff to pay Seavey's attorney's fees incurred in connection with preparing his Motion to Compel; and to reserve ruling on whether to preclude Plaintiff from introducing any evidence that might otherwise be admissible if Plaintiff does not disclose the evidence in compliance with applicable local and federal rules of civil procedure.   Doc. 78.   Similarly, the Legion requests essentially the same relief except that it requests the Court to compel Plaintiff to respond to the Legion's first Interrogatories and first Requests for Production of Documents; to deem that the Legion's First Requests for Admission are admitted by Plaintiff; and to order Plaintiff to pay the Legion's attorney's fees.   Doc. 98.

In his response to Seavey's Motion to Compel, Plaintiff makes the following relevant assertions: [2] Plaintiff has complied with Seavey's discovery requests; Plaintiff has mailed original signed discovery responses to Seavey's counsel but counsel lost or misplaced them; Plaintiff has offered to provide Seavey's counsel additional original and signed discovery responses; and Seavey's counsel is unwilling to cooperate and resolve any issues without court intervention.   Doc. 79.   Seavey essentially denies all of Plaintiff's assertions.   Doc. 92.   In response to the Legion's Motion to Compel, Plaintiff responds that he served his discovery responses on the same day on which they were served.   Doc. 99 at 1.

---

[2] In his reply, Plaintiff also requests that the undersigned recuse herself, which the Court will address below.   Doc. 79 at 3.

## II.     Discussion

### a)     Motions to Compel Initial Disclosures

#### i.     Legal Standard

Rule 26(a)(1), Federal Rules of Civil Procedure, requires parties to provide initial disclosures in all but limited categories of civil cases.   The parties must, without awaiting a discovery request, provide to the other parties

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A).   The initial disclosures must be made "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or Court order."   Fed. R. Civ. P. 26(a)(1)(D).   "The goal of the initial disclosure requirement is to accelerate the exchange of basic information about the case."   *King v. City of Waycross, Georgia*, No. CV 5:14-cv-32, 2015 WL 5468646, at *2 (S.D. Ga.

Sept. 17, 2015) (citation omitted).   If a party fails to provide initial disclosures, any other party may move to compel the disclosures and for appropriate sanctions.   Fed. R. Civ. P. 37(3)(a).

Every disclosure under Rule 26(a)(1) and every discovery response or objection must be signed by at least one attorney of record or by the party, if the party is unrepresented.   Fed. R. Civ. P. 26(g)(1).   The document must also state the party's address, e-mail address, and telephone number.   *Id.*   The signature on the document constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a "reasonable inquiry," that the disclosure or discovery response "is complete and correct as of the time it is made."   Fed. R. Civ. P. 26(g)(1)(a).   Receiving parties have no duty to act on an unsigned document until it is signed, "and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."   Rule 26(g)(2).   If a party violates Rule 26(g) certification requirement, the Court must order an appropriate sanction.   Fed. R. Civ. P. 26(g)(3).

## ii.   Analysis as to Seavey's Motion to Compel

Here, the Court set a deadline for the parties to provide each other the mandatory initial disclosures by December 20, 2015.   Doc. 62 at 1.   Defendant contends that Plaintiff never properly served his initial disclosures.   Doc. 78 at 3. Defendant's counsel states that Plaintiff mailed him an unsigned document purporting to be Plaintiff's initial disclosures, but the document "was largely unintelligible, unresponsive, and was strangely and carefully arranged so that the

two pages on each sheet of paper were non-consecutive, some pages were duplicated and upside down, and in some cases facing opposite directions." *Id*. Defendant has attached a copy of the document for the Court's review.   Doc. 78-1.   Plaintiff responds that he mailed the original document containing his signature; however, Defendant's counsel has relocated his office and appears that he lost Plaintiff's initial disclosures in the process.   Doc. 79 at 7-8.

Defendant's counsel denies that he has relocated his office during the pendency of this action or that his office ever had any issue with lost mail.   Doc. 92 at 3. Plaintiff does not dispute that the unsigned document attached to Defendant's motion purporting to be Plaintiff's initial disclosures was sent by him or claim that it has been altered in any way.   *See* Doc. 79.   Neither has Plaintiff offered to the Court a copy of the signed mandatory disclosures that he states he sent.   Instead, Plaintiff states he is providing this Court and Defendant "a SECOND TIME with original signatures and again served by US mail" his mandatory disclosures, and has attached only page one of the same attachment to Defendant's motion, except affixed his signature on it.   Doc. 79 at 9-10.   Even this document, however, is insufficient for it fails to include his full responses as required by Rule 26(a)(1) and lacks the proper certification as required by 26(g)(1).   Pursuant to the authority conferred in Rule 26(g)(2), the Court will strike the unsigned document purported to be Plaintiff's initial mandatory disclosures that he mailed to Defendant's counsel (Doc. 78-1) and Plaintiff's second document purported to be his mandatory disclosures attached to his response.   Doc. 79 at 10.   On or before December 12, 2016, Plaintiff will be ordered

to provide initial disclosures in strict compliance with Rule 26(a)(1) that are signed in accordance with Rule 26(g)(1), and serve them in accordance with Rule 5(b).

### iii.    Analysis as to the Legion's Motion to Compel

Nothing in Plaintiff's response to the Legion's Motion to Compel suggests to the Court that he has provided his mandatory initial disclosures.   *See* Doc. 99. Plaintiff's response consists of several incomplete portions of electronic correspondence with opposing counsel that have been copied and pasted in the body of his response.   Doc. 99.   The response itself provides no substantive material helpful to the Court regarding the issues at hand.   Moreover, the exhibit attached to Plaintiff's motion contains several pages of confusing, incoherent, and barely comprehensible material consisting of one page of general objections and several disorganized pages of portions of emails, expletives, and inappropriate photographs. Doc. 99-1.   Accordingly, on or before December 12, 2016, Plaintiff will be ordered to provide initial disclosures in strict compliance with Rule 26(a)(1) that are signed in accordance with Rule 26(g)(1), and serve them in accordance with Rule 5(b).

### b)    Motions to Compel Responses to Interrogatories, Requests for Production, and to Deem Requests for Admission Admitted by Plaintiff

### i.    Legal Standard

Rule 33 of the Federal Rules of Civil Procedure allows a party to serve on another party written interrogatories that relate to "any matter that may be inquired into under Rule 26(b)."   Fed. R. Civ. P. 33(a).   Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case, considering the

> importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).   Relevancy is determined based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action."   Fed. R. Evid. 401.   A written response or objection to an interrogatory is due within thirty days after the service.   Fed. R. Civ. P. 33(b)(2).   Each interrogatory must be answered fully, in writing, under oath. Fed. R. Civ. P. 33(b)(3).   An objection is waived if not made timely "unless the court, for good cause, excuses the failure."   Fed. R. Civ. P. 33(b)(4).   A party objecting to an interrogatory must state "with specificity" the grounds for such objection.   *Id.* Furthermore, "[a] party resisting discovery must show specifically how [. . .] each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive. . . ."   *Panola Land Buyer's Assn. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985) (*citing Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).   An evasive or incomplete answer or response must be treated as a failure to answer or respond.   Fed. R. Civ. P. 37(a)(4).

Rule 34 sets forth the procedures for obtaining access to documents and things within the control of the opposing party.   Fed. R. Civ. P. 34.   Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b), as outlined above.   Fed. R. Civ. P. 34(a).   The request must state "with reasonable particularity each item or category of items to be inspected."   Fed. R. Civ. P. 34(b)(1)(A).   The

party to whom the request is directed must respond within thirty days after being served, and "for each item or category . . . must state with specificity the grounds for objecting to the request, including the reasons."   Fed. R. Civ. P. 34(b)(2)(A),(B). Furthermore, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."   Fed. R. Civ. P. 34(b)(2)(C).

When a party fails to answer an interrogatory or to produce documents as requested, the party seeking the discovery may move to compel the response or production of documents.   Fed. R. Civ. P. 37(a)(3)(B)(iii),(iv).   Whether or not to grant an order to compel is at the discretion of the trial court.   *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir.1984).

Rule 36 sets forth the procedures for serving on any other party requests for admission for purposes of the pending action only.   Fed. R. Civ. P. 36.   "A party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinion about either" and "the genuineness of any described documents."   Fed. R. Civ. P. 36(a)(1)(A),(B).   A matter is automatically admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party." Fed. R. Civ. P. 36(a)(3).   In responding, the party can partially or fully admit the request, partially or fully deny the request, explain why the party cannot admit or deny the request, or object to the request.   *See* Fed. R. Civ. P. 36(a)(4),(5).   A matter

admitted "is conclusively established" unless the court, on motion, permits withdrawal or amendment of the admission.    Fed. R. Civ. P. 36(b).

Pursuant to Rule 5, Federal Rules of Civil Procedure, discovery responses must be served on a party's attorney, if the party is represented.    Fed. R. Civ. P. (a)(1)(C),(b)(1).    Service is generally made by hand delivery, leaving the document in the recipient's office, at the recipient's residence, at the recipient's last known address, or leaving it with the clerk if the person has no known address.    Fed. R. Civ. P. 5(b)(2)(A)-(D).    Service by electronic transmission or any other means can only be effective if the person served has consented in writing to such service.    Fed. R. Civ. P. 5(b)(2)(E),(F).    Regarding consent, the E-Filer Registration Form in the Middle District of Florida provides a partial consent to electronic service:

> By signing this registration form, the undersigned consents to receive notice electronically, and waives the right to receive notice by personal service or first class mail of any document filed electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), except with regard to service of a complaint and summons. *This registration form does not constitute consent to electronic service of a document that is not filed with the Court (such as a Rule 26 disclosure or a discovery request)*, but consent to electronic service of such paper may be given separately, in writing, in accordance with Federal Rule of Civil Procedure 5(b)(2)(D).[3]

### ii.    Analysis as to Seavey's Motion to Compel

On April 26, 2016, Seavey served his combined discovery requests, containing ten Interrogatories, ten Requests for Production of documents, and ten Requests for

---

[3] E-Filer Registration Form, UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA https://www.flmd.uscourts.gov/CMECF/register.cfm (last visited December 1, 2016) (emphasis added); *see also Administrative Procedures for Electronic Filing*, UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA, at 2 (June 5, 2015) *available at* https://www.flmd.uscourts.gov/cmecf/CM-ECF_ADMINISTRATIVE_PROCEDURES_6-5-2015.pdf

Admission (collectively "discovery requests").   Doc. 78-3.   Seavey states that Plaintiff has failed to provide responses to these discovery requests.   Doc. 78 at 3. On May 16, 2016, Plaintiff emailed to Seavey's counsel a document titled "Objections and Responses of Plaintiff to Defendants First Request for Admissions."   Doc. 78-2. Despite the title's indication, this document contains fifteen blanket objections to "these Requests" and then purports to respond or object to the interrogatories, requests for production, and requests for admission.   Doc. 78-2.

Seavey's counsel states that neither he nor local counsel have consented to electronic service.   Docs. 78 at 3; 92 at 1.   Moreover, Seavey's counsel represents that during the preliminary pretrial conference before the district judge on December 7, 2015, Plaintiff was ordered to serve documents to Seavey's attorney by U.S. mail to his Bethesda, Maryland office address.   Doc. 78 at 2.   Although the Court is aware that Defendant's counsel[4] utilize the CM/ECF system which provides limited consent to electronic service of certain papers, in the Middle District of Florida that consent specifically excepts those papers, relevant here, "not filed with the Court" from its scope.   *BCJJ, LLC v. LeFevre*, No. 8:09-CV-551-T-17EAJ, 2012 WL 3262866, at *2 (M.D. Fla. Aug. 8, 2012).   Plaintiff has not produced Defendant's written consent to service by email nor does he allege that Defendant has provided such consent.   Thus, because Seavey's counsel have not consented in writing to receive discovery responses electronically, the emailing of Plaintiff's "Objections and

---

[4] Defendant Seavey is represented by multiple counsel.

Responses of Plaintiff to Defendants First Request for Admissions" is not sufficient to constitute timely service.

Although Plaintiff is proceeding *pro se* in this matter, he still must comply with the Federal Rules of Civil Procedure.   *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").   Since the inception of this case, the Court has had to repeatedly remind Plaintiff of this fact.   *See, e.g.*, Docs. 19 at 2; 30 at 1; 40 at 2; 58 at 3 n. 3; 84 at 2.   Moreover, Plaintiff previously submitted a declaration to the Court stating that he is a seasoned-licensed attorney in California, and admitted to practice in two district courts and before the Ninth Circuit Court of Appeals.[5]   Doc. 14 at 4.   Plaintiff, therefore, should be aware of his obligation to comply with the discovery rules.

"[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived."   *Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008).   Because Plaintiff failed to properly serve discovery responses to Seavey's Interrogatories and Requests for Productions, any objections are deemed

---

[5] Plaintiff's declaration stated: "I am a member of the California Bar, having been admitted nearly 31 years ago. I am also a member of the US District Court Bars for the Central and Northern District and the 9th Circuit Court of Appeals."   Doc. 14 at 4. Plaintiff, therefore, should not be a stranger to courts' expectations that parties, even *pro se* parties, follow federal and local rules.

waived.   Moreover, even if objections are timely asserted in a party's initial response to discovery requests but not reasserted or argued in response to a motion to compel, they are deemed abandoned.   *Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 n. 8 (D. Kan. 2004); *See also Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990) (finding an initial objection abandoned when the response brief to the motion to compel did not discuss the objection).   Thus, even if the Court were to grant leniency to Plaintiff due to his *pro se* status regarding the failure to properly serve his responses, Plaintiff's response to Seavey's Motion to Compel contains no discussion regarding any of the objections he attempted to assert; thus, those objections also would be deemed abandoned.   Plaintiff is deemed to have waived his objections to Seavey's first ten Interrogatories and first ten Requests for Production and will be ordered to serve, in the manner provided by Rule 5(b) and no later than December 12, 2016, responses to these discovery requests in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure.   As the Court finds no good cause for Plaintiff's waiver, Plaintiff's responses must not include any objections to the Interrogatories and Requests for Production.   *See* Fed. R. Civ. P. 33(b)(4).

Regarding Plaintiff's responses to Seavey's Requests for Admissions, the Court notes that he has specifically denied nine of the ten requests.   Doc. 78-2.   The document was electronically signed, under penalty of perjury, and e-mailed to opposing counsel within thirty days of service of the requests.   The 1970 Advisory Committee Notes to the Rule recognizes that "[a] problem peculiar to Rule 36 arises

if the responding party serves answers that are not in conformity with the requirements of the rule." Fed. R. Civ. P. 36(a)(4), Advisory Committee Note to the 1970 Amendments. It further states that "[g]iving a defective answer the automatic effect of an admission may cause unfair surprise." *Id.* In this instance, the Court believes that although Plaintiff failed to properly serve his response to the requests for admission in accordance with Rule 5(b), opposing counsel received the responses, and the best and most fair course of action is to provide Plaintiff an opportunity to serve the responses in accordance with Rule 5(b) so as to avoid unfair surprise. *See Woods v. Stewart*, 171 F.2d 544 (5th Cir. 1948)[6] (where failure by a party to respond properly to request for admissions is not deliberate, and defects in the responses are merely technical, the party should be given a reasonable time to file an amended response). Here, although the Court finds that Plaintiff's conduct in not complying with Rule 5(b) and not heeding the Court's oral instruction to serve his responses to the Requests for Admission to Seavey's counsel by U.S. mail was at least negligent, it cannot definitely conclude that Plaintiff's action was deliberate. Thus, to avoid unfair surprise, it will afford Plaintiff until December 12, 2016 to properly serve his responses to Seavey's Requests for Admission to all parties in compliance with Rule 5(b).

---

[6] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

### iii.   Analysis as to the Legion's Motion to Compel

The Legion states that on August 18, 2016 it served its combined discovery requests, containing twelve Interrogatories, twelve Requests for Production of documents, and twelve Requests for Admission (collectively "discovery requests"). Doc. 98 at 2-3.   Plaintiff does not dispute that he was served with these discovery requests.   Doc. 99 at 1.   As noted *supra*, however, nothing in Plaintiff's response suggests to the Court that he has complied with Rules 33, 34, and 36 of the Federal Rules of Civil Procedure in responding to the Legion's discovery requests.   *See* Doc. 99.   Plaintiff's response consists of several incomplete portions of electronic correspondence with opposing counsel that have been copied and pasted in the body of his response.   Doc. 99.   Some of those e-mail portions contain assertions by Plaintiff that he never received the discovery requests.   In the first page of his response, however, he states that "[opposing counsel] served a discovery request[] upon me" and "I informed Mr. Mason that I didn't receive his purported discovery and would attend to it THAT DAY. I did so…"   Doc. 99 at 1.

The response itself provides no substantive material helpful to the Court regarding the discovery issues at hand.   Moreover, the exhibit attached to Plaintiff's response contains several pages of confusing, incoherent, and barely comprehensible material consisting of one page of general objections and several disorganized pages of portions of emails, expletives, and inappropriate photographs.   Doc. 99-1. Accordingly, Plaintiff is deemed to have waived any objections to the Legion's first

twelve Interrogatories and first twelve Requests for Production and will be ordered to serve on or before December 12, 2016, in the manner provided by Rule 5(b), responses in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure. Additionally, because Plaintiff has failed to timely and sufficiently serve objections or responses to the Legion's first twelve Requests for Admission, those requests are deemed admitted.   Fed. R. Civ. P. 36(a)(3).

### c)   Attorney's Fees

Both Seavey and the Legion request the Court to impose sanctions upon Plaintiff in the form of attorney's fees incurred in filing the instant motions.   Docs. 78 at 5; 98 at 4.

If a certification violates Rule 26(g), the rule requires that the court impose "an appropriate sanction on the signer," which may include "an order to pay the reasonable expenses, including attorney's fees, caused by the violation."   Fed. R. Civ. P. 26(g)(3).   Moreover, Rule 37 mandates that if a motion to compel is granted the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.   Fed. R. Civ. P. 37(a)(5)(A).   The Court, however, must not order the payment if: (i) the movant filed a motion before attempting in good faith to obtain the disclosure or discovery without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).   The term "substantially justified" means that

"reasonable people could differ as to the appropriateness of the contested actions." *U.S. ex rel. Ragghianti Founds. III, LLC v. Peter R. Brown Constr.*, No. 8:12-cv-942-T-33MAP, 2013 WL 5290108, at *3 (M.D. Fla. Sept. 13, 2013) (citing *Maddow v. Procter & Gamble Co. Inc.*, 107 F.3d 846, 853 (11th Cir. 1997)). The district court has discretion in determining that reasonable people could differ as to the appropriateness. *Id.* The Court finds that neither exception to Rule 37 exists. Thus, pursuant to the authority under Rules 26(g)(3) and 37(a)(5)(A), sanctions in the form of attorney's fees are appropriate. When a party makes a claim for fees, however, it is the party's burden to establish entitlement and document the appropriate hours and hourly rate. *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Because Seavey and the Legion have not provided documentation of their attorneys' hourly rates and hours expended in preparing the instant motions, the Court will deny without prejudice the requests for attorney's fees and direct them to file the proper documentation. Once they do so, Plaintiff shall have fourteen days from the date of their filing to submit a response disputing the reasonableness of the fees.

### d)    Request for Recusal

In his response, Plaintiff's requests that the undersigned recuse herself from this case. Doc. 79 at 3. The Court will construe this request as a motion for recusal. If a judge is personally biased or prejudiced against a party or in favor of an adverse party, then she shall recuse herself when her "'impartiality might reasonably be

questioned.'"   *In re Walker,* 532 F.3d 1304, 1310 (11th Cir. 2008) (quoting 28 U.S.C.

§§ 144, 455(a)).   "The standard is 'whether an objective, fully informed lay observer

would entertain significant doubt about the judge's impartiality.'"   *Id.* (quoting

*Christo v. Padgett,* 223 F.3d 1324, 1333 (11th Cir. 2000)).   "'The general rule is that

bias sufficient to disqualify a judge must stem from extrajudicial sources.'"   *Id.*

(quoting *Thomas v. Tenneco Packaging Co.,* 293 F.3d 1306, 1329 (11th Cir. 2002)).

One exception to this rule is when the judge's remarks in a judicial context

demonstrate bias or prejudice.   *Id.*   A friction between the court and a party is not

sufficient to demonstrate bias.   *Id.* (citations omitted).   "Adverse rulings are

grounds for appeal but rarely are grounds for recusal . . . ."   *Id.* at 1311 (citing *Liteky

v. United States,* 510 U.S. 540, 554 (1994)).   Plaintiff states that the undersigned

has "prejudged and conjured up facts in this matter" and further claims

> I am entitled to a jurist who does not make up facts in a case before any
> fact is laid before her as defendants show me being gang raped, have
> urged their followers to make my life []Hell and have attempted to
> murder me by sabotaging the aircraft I fly at Page Field, Ft. Myers.

Doc. 79 at 1-2.   Plaintiff's motion contains no allegations to demonstrate any

personal bias by this Court, or show that the undersigned's impartiality might

reasonably be questioned.   Therefore, the Motion for Recusal is due to be denied.

### e) Plaintiff's Misrepresentations to the Court

In his response to Seavey's Motion to Compel, Plaintiff accuses opposing

counsel of unwillingness to cooperate and resolve disputes without Court

intervention.   Doc. 79 at 6.   He states "[opposing counsel] ignored the Court's Order

to keep things simple and merely make a phone call to get a ruling on a simple

matter." *Id.*   Yet, in previous submissions to the Court, Plaintiff has on more than one occasion represented to the Court that he suffers from tinnitus, which makes telephone communications impracticable for him.   *See* e.g., Docs. 43 at 1-2; 51 at 1-2.   For example, Plaintiff has stated: "I am 100% service connected US Navy disabled. I cannot communicate by telephone. . . I must hear the spoken word and look at the persons [sic] lips as they move."   Doc. 43.   Moreover, he has stated "I can communicate by direct communication and not by telephone. . . I would be glad to meet with [opposing counsel] by telephone if only my service connected injury did not prevent that."   Doc. 51 at 2.   These representations were in response to previous motions filed by Seavey seeking an extension to conduct a case management conference with Plaintiff and seeking leave to file a separate case management report because Plaintiff refused to conduct the case management conference by telephone. Docs. 42, 50.   In response, the Court entered an order extending the parties' deadline to file a case management report, subsequently allowed Seavey to file a unilateral case management report when the parties failed to coordinate a meeting, and was forced to reschedule its preliminary pretrial conference due to the parties' inability to conduct a case management conference and timely file a case management report. Docs. 45; 47; 58.   These actions would likely have been unnecessary if one of the parties was able to "merely make a phone call," as Plaintiff now suggests.

Federal Rule of Civil Procedure 11(b) provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper[,] . . . an unrepresented party certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> . . .
>
> (3) the factual contentions have evidentiary support . . .

Fed. R. Civ. P. 11(b).  On its own, the court may order a party to show cause why conduct specifically described in the order has not violated Rule 11(b).  Fed. R. Civ. P. 11(c)(3).  "Once the court determines, after giving the offending party notice and a reasonable opportunity to respond, that Rule 11(b) has been violated, the court may impose an appropriate sanction."  *McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 852 (11th Cir. 2010) (citing *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam).  Under the authority of Rule 11(c)(3), Plaintiff is ordered to show cause why he should not be sanctioned for misrepresenting to the Court that he is unable to engage in telephone communications.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Defendant, Mark Cameron Seavey's, Motion to Compel Initial Disclosures and Responses to Discovery and Incorporated Memorandum of Law (Doc. 78) is **GRANTED in part and DENIED in part** as follows:

    a)  Plaintiff shall have **up to and including December 12, 2016** to provide initial disclosures in strict compliance with Federal Rule of Civil Procedure 26(a)(1) that are signed in accordance with

Rule 26(g)(1), and serve them to Defendant Mark Seavey in accordance with Rule 5(b).

b)   **By December 12, 2016**, Plaintiff shall serve, in the manner provided by Federal Rule of Civil Procedure 5(b), responses to Mark Seavey's ten Interrogatories and ten Requests for Production (Doc. 78-3) in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure.   Because the Court orders that Plaintiff has waived all objections, **his responses must not include any objections**.

c)   Plaintiff shall have up to and including **December 12, 2016** to serve his responses to Seavey's Requests for Admission (Doc. 78-3) to all parties in accordance with Rule 5(b).

d)   Mark Seavey's request for reasonable attorney's fees is **DENIED without prejudice** until he files proper documentation with the Court regarding his attorney's hours and hourly rate expended in bringing his Motion to Compel.

2.   Motion of the American Legion to Compel Responses to Discovery and Incorporated Memorandum of Law (Doc. 98) is **GRANTED in part and DENIED in part as follows**:

a)   Plaintiff shall have **up to and including December 12, 2016** to provide initial disclosures in strict compliance with Federal Rule of Civil Procedure 26(a)(1) that are signed in accordance with

Rule 26(g)(1), and serve them to Defendant The American Legion in accordance with Rule 5(b).

b)   **By December 12, 2016**, Plaintiff shall serve, in the manner provided by Federal Rule of Civil Procedure 5(b), responses to The American Legion's twelve Interrogatories and twelve Requests for Production (Doc. 98-1) in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure.   Because the Court orders that Plaintiff has waived all objections, **his responses must not include any objections**.

c)   The American Legion's first twelve Requests for Admission (Doc. 98-1) are deemed admitted by Plaintiff.

d)   The American Legion's request for reasonable attorney's fees is **DENIED without prejudice** until it files proper documentation regarding its attorney's hours and hourly rate expended in bringing its Motion to Compel.

3.   Plaintiff's Opposition to Motion to Compel (Doc. 79), construed partially as a Motion for Recusal, is **DENIED**.

4.   Plaintiff is ordered to **SHOW CAUSE in writing** on or before **December 12, 2016** why he should not be sanctioned for misrepresenting to the Court that he is unable to engage in telephone communications.

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record