# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.             Case No:  2:15-cv-358-FtM-99CM

MARK CAMERON SEAVEY,

    Defendant.

_____

## <u>ORDER</u>

This matter comes before the Court upon review of the following motions and responses:

(1) Plaintiff's Motion that Court Rule on Previous Motion Made By Plaintiff/Cross Defendant Notice of Motion and Motion to Strike Answer and/or Exhibits of Mark C. Seavey Fed. R. Civ. P. 12(f) (Doc. 116) filed on January 16, 2017 ("Motion to Strike");

(2) Defendant Mark Cameron Seavey's Opposition to Plaintiff's Motion for a Ruling on Plaintiff's Previous Notice of Motion and Motion to Strike Answer and/or Exhibits of Mark C. Seavey (Doc. 120) filed on January 25, 2017;

(3) Plaintiff's Motion to Continue Completion of Mediation for 45 days and Motion to Ban All Weapons from Deposition of Plaintiff Daniel A. Bernath (Doc. 115) filed on January 17, 2017 ("Motion to Continue");

(4) Combined Opposition of the American Legion and Mark Cameron Seavey to Plaintiff's Motion to Continue Mediation and Combined Motion of the American

Legion and Mark Cameron Seavey to Forego Mediation (Doc. 119) filed on January 23, 2017 ("Motion to Forego Mediation");

(5) Plaintiff and Cross-Defendant Bernath's Opposition to Legion and Seavey's Motion to Waive Mediation (Doc. 132) filed on January 30, 2017;

(6) Mark Cameron Seavey's Second Motion to Compel Responses to Discovery and Incorporated Memorandum of Law (Doc. 114), filed on January 16, 2017 ("Second Motion to Compel");

(7) Plaintiff's Opposition to Defendants' Motion to Compel Part Two (Doc. 123) filed on January 23, 2017;

(8) Plaintiff's Motion to Disqualify Magistrate Judge Carol Mirando for apparent bias and prejudging issues before facts are presented (Doc. 104) filed on December 7, 2016 ("Motion to Disqualify"); and

(8) Plaintiff's Motion to Recuse Judge Mirando Additional Evidence of Reasonable Person could see that that Magistrate Judge Mirando is biased against Plaintiff Bernath and his cause (Doc. 107) filed on December 19, 2016 ("Motion for Recusal").

## Discussion

### 1. *Plaintiff's Motion to Strike (Doc. 116)*

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff seeks to strike Defendant Mark C. Seavey's ("Seavey") Answer to Plaintiff's First Amended Complaint, Affirmative Defenses, and First Amended Counterclaims (Doc. 31, "Answer and Counterclaims").  Doc. 116 at 1.  Attached to Seavey's Answer and

Counterclaims are 125 pages of exhibits related to Seavey's counterclaims against Plaintiff for Libel/Defamation and Defamation *Per Se*.   Docs. 31 at 15-16 ¶ 13; 31-2 through 31-5.   In his Answer, Seavey alleges that the exhibits are copies of the front page of Plaintiff's website wherein he made the defamatory publications.   *See. e.g.*, Doc. 31 at 15-16 ¶ 13.   The remaining exhibits concern an alleged demand letter by Seavey and the American Legion, the Interpleader Defendant in this case, sent to Plaintiff to cease publishing defamatory material about them online and to remove all such defamatory material already published.   *Id.* at 16 ¶ 15.   Plaintiff seeks to strike Seavey's Answer and Counterclaims upon grounds that the exhibits are redundant, immaterial, impertinent, scandalous, prejudicial, and unauthenticated. Doc. 116 at 1-6.

Pursuant to Rule 12(f), the court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f).   The court enjoys broad discretion in determining whether to grant or deny a motion to strike. *Gibson v. Monaco Coach Corp.*, No. 2:06-cv-146-FTM-29DNF, 2006 WL 2092640, at *3 (M.D. Fla. July 27, 2006).   This Court recently held that motions to strike should be granted only "where the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."   *Tooker v. Scott*, No. 2:15-CV-272-FTM-38CM, 2016 WL 6276910, at *1 (M.D. Fla. Oct. 27, 2016).   Here, the exhibits are directly related to Seavey's alleged defamation counts, and therefore relevant to the controversy raised in the counterclaim.   As to Plaintiff's concern that the exhibits

are unauthenticated, the Court makes no determination at this time whether any of the exhibits are admissible in this matter.   Thus, this motion is due to be denied.

### 2. *Plaintiff's Motion to Continue Mediation and Defendants' Motion to Forego Mediation (Docs. 115; 119)*

The parties' mediation deadline was January 31, 2017.   Doc. 113.   Plaintiff requests that the Court extend the parties' deadline to mediate by forty-five days to allow the parties to coordinate with the schedule of the selected mediator.[1]   Doc. 115 at 1.   Defendants oppose the request and, in turn, request that the parties be excused from mediating this case.   Doc. 119.   Defendants believe that Plaintiff will not mediate in good faith.   Doc. 119 at 1.   Defendants also assert that the lack of discovery will make mediation practically impossible.   *Id.* at 3.

Pursuant to the Case Management and Scheduling Order in this case, the parties are required to participate "in a good faith effort," in a "mandatory mediation" so as "minimize pretrial procedures and secure the just, speedy, and inexpensive determination of this action."   Doc. 62 at 11.   Under Local Rule 9.03(c), the presiding judge may exempt or withdraw any civil action or claim from mediation "upon determination for any reason that the case is not suitable for mediation." M.D. Fla. R. 9.03(c).   Court-ordered mediation facilitates compromise and resolution, which saves the resources of the parties, the Court, and the public.   *Chancey v. Hartford Life & Acc. Ins. Co.*, 844 F. Supp. 2d 1239, 1241 (M.D. Fla. 2011).   The

---

[1] In the same motion, Plaintiff requests an order to ban all weapons from his deposition. Doc. 115 at 2.   The Court will address Plaintiff's request in its ruling on Defendants' Motion for Permission to Conduct Plaintiff's Deposition at Courthouse (Doc. 130), which is not yet ripe.

Court has discretion whether to compel or excuse mediation.   *See Abele v. Hernando Cty.*, 161 F. App'x 809, 813 (11th Cir. 2005).

The Court has carefully reviewed the parties' submissions related to this issue and is not convinced that this case is not suitable for mediation.   As a general matter, this Court is not inclined to excuse compliance with mandatory mediation in civil cases.   All parties are obliged under the federal rules and rules and orders of this Court to set aside any differences and engage in a good faith effort to reach a resolution of this matter.   *See* Doc. 62 at 11; Fed. R. Civ. P. 1, 16(a)(5); M.D. Fla. R. 1.01(b), 9.01(b).   The Court strongly believes that mediation leads to the most productive settlement negotiations. Based on a review of the file, the Court believes that a mandatory mediation where all parties are required to set aside any differences and engage in a good faith effort to reach a resolution of this matter is more beneficial for the parties than to forego mediation entirely.   Nevertheless, the Court finds that certain directives are necessary, as explained below.

Pursuant to Local Rule 9.04(a)(3), the Court designates Defendants' counsel, John Mason, as lead counsel who shall be responsible for coordinating two alternate mediation conference dates agreeable to the mediator and all parties and counsel of record.   Mr. Mason shall communicate with Plaintiff by e-mail.   No later than February 27, 2017, the parties shall select a mediation date.   No later than March 3, 2017, Mr. Mason shall file a Notice of Mediation advising the Court of the date, time, and location of mediation.   The parties shall have up to and including March 31, 2017 to complete mediation.   Because the parties disagree on a location where

mediation is to take place, the parties shall mediate at a location selected by the mediator, except that it shall not occur at any post of The American Legion.

### 3. *Second Motion to Compel (Doc. 114)*

On December 1, 2016, in partially granting Seavey's Motion to Compel Initial Disclosures and Responses to Discovery and Incorporated Memorandum of Law, the Court ordered the following:

> By December 12, 2016, Plaintiff shall serve, in the manner provided by Federal Rule of Civil Procedure 5(b), responses to Mark Seavey's ten Interrogatories and ten Requests for Production (Doc. 78-3) in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure. Because the Court orders that Plaintiff has waived all objections, **his responses must not include any objections.**

> Plaintiff shall have up to and including December 12, 2016 to serve his responses to Seavey's Requests for Admission (Doc. 78-3) to all parties in accordance with Rule 5(b).

Doc. 101 at 19-20.   Seavey states that despite the Court's Order, Plaintiff refuses to serve proper responses to interrogatories and admissions and to produce documents responsive to the discovery requests.   Doc. 114 at 3.   Seavey has, however, attached an exhibit to his motion containing "Second Response to Defendants Seavey and Legion Discovery Demands, Rogs, RFA, Produce SUPPLEMENT" ("Plaintiff's Discovery Responses") that Plaintiff signed on December 10, 2016 and that Seavey's counsel received on December 15, 2016.   *Id.* at 4 n. 2; Doc. 114-2.   In the 83-page exhibit, Plaintiff purported to respond to the requests for admission, interrogatories, and production requests.   Doc. 114-2 at 4, 7, 45, 47, 48.   Plaintiff mailed the responses on December 10, 2016, which was before the December 12, 2016 deadline.

Pursuant to Rule 5(b)(2)(C), service is complete upon mailing.   Fed. R. Civ. P. 5(b)(2)(C).

Upon review of Plaintiff's Discovery Responses, however, it appears to the Court that Plaintiff did not take seriously this Court's December 1, 2016 Order. Plaintiff's Discovery Responses begin with "[t]o the extent that the Order remains in effect after the Court reads the evidence that in fact Plaintiff's responses were served by US Mail, the objections are again listed here."   Doc. 114-2 at 1.   The Court entered its Order directing Plaintiff to respond to the discovery requests only after it considered the parties' submissions and provided a lengthy discussion of the legal standard and analysis why Plaintiff waived his objections.   Doc. 101.   Despite the Court's clear directive that Plaintiff's discovery responses must not include any objections, Plaintiff nevertheless raised several general objections in his Discovery Responses.   Doc. 114-2 at 2-3.   Furthermore, the Discovery Responses provide "[u]nless otherwise stated, Plaintiff will not provide any information encompassed by the foregoing objections."   *Id.* at 3.   In addition, despite the Court's clear directive that Plaintiff provide verified responses to the interrogatories, Plaintiff has failed to do so.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that if a party fails to obey a discovery order, the court where the action is pending may issue "further just orders" such as:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

       (iii) striking pleadings in whole or in part;

       . . .

       (v) dismissing the action or proceeding in whole or in part;

       (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. Pro. 37(b)(2)(A).  The courts enjoys "substantial discretion in deciding whether and how to impose sanctions under Rule 37."  *Chudasama v. Mazada Motor Corp.*, 123 F.3d. 1353, 1366 (11th Cir. 1997).  In imposing sanctions, the court may consider "the unsuitability of another remedy, the intransigence of a party, and the absence of an excuse."  *Watkis v. Payless ShoeSource, Inc.*, 174 F.R.D. 113, 116 (M.D. Fla. 1997).

     "Although dismissal with prejudice is the most severe Rule 37 sanction, dismissal may be appropriate when a [party's] recalcitrance is due to willfulness, bad faith or fault."  *Id.*  The courts find bad faith when a party delays or disrupts the litigation or hampers enforcement of a court order.  *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006); *Marcelle v. Am. Nat'l Delivery, Inc.*, No. 3:09-cv-82-J-34MCR, 2010 WL 1655537, at *4 (M.D. Fla., Apr. 23, 2010) (holding that the defendant's failure to attend the depositions and comply with the court's discovery order was part of a pattern of willful disobedience and warranted a sanction of default judgment).  "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Watkis*, 174 F.R.D. at 116.

Accordingly, the Court orders Plaintiff to show cause in writing on or before February 24, 2017 why he should not be sanctioned under Rules 37(b)(2)(A) and 37(b)(2)(C) for not complying with the Court's Order (Doc. 101).   Under Rules 37(b)(2)(A), the Court may recommend that Plaintiff's claims be dismissed or order that Plaintiff be barred from presenting any evidence responsive to Seavey's First Combined Discovery Requests at summary judgment, in pretrial submissions, or at trial.   Doc. 114-1; *see* Fed. R. Civ. P. 37(b)(2)(A), 37(c)(1).   Pursuant to Rule 37(b)(2)(C), the Court also may award Seavey reasonable attorney's fees and costs associated with the preparation and filing of this motion (Doc. 114).   *See* Fed. R. Civ. P. 37(b)(2)(C).   Given the severity of the possible sanctions, however, the Court will give Plaintiff one final opportunity to explain his conduct before imposing sanctions.[2] Meanwhile, Seavey's Second Motion to Compel (Doc. 114) is taken under advisement pending the Court's resolution of this Order to Show Cause.

### 4. *Plaintiff's Motion to Disqualify and Motion for Recusal (Doc. 104; Doc. 107)*

Plaintiff previously has requested that the undersigned recuse herself from this case, which the Court denied on December 1, 2016.   Docs. 79 at 3; Doc. 101 at 16-17.   Plaintiff subsequently filed two additional motions requesting the same relief.   Docs. 104; 107.   As additional grounds, Plaintiff takes issue with the Court's Order dated December 1, 2016 in which it granted Seavey's and The American

---

[2] Plaintiff's response argues that Defendants have not acted in good faith in bringing their motion because they refuse to tell Plaintiff what they are missing from his discovery responses.   Doc. 123 at 2.   Plaintiff does not address his inclusion of general objections despite the Court's Order deeming them waived, his failure to provide complete response to the requests for production of documents, or his failure to provide verified responses to the interrogatories.   *See* Doc. 123.

Legion's motions to compel discovery and ordered Plaintiff to show cause why he should not be sanctioned for misrepresentations to the Court.   Docs. 104 at 2-3, 7-8; 101 at 17-19.   Additionally, Plaintiff takes issue with the undersigned's rulings in another case in which Plaintiff is a party.

"Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."   28 U.S.C. § 455(a).   If a judge is personally biased or prejudiced against a party or in favor of an adverse party, then she shall recuse herself when her "'impartiality might reasonably be questioned.'"   *In re Walker*, 532 F.3d 1304, 1310 (11th Cir. 2008) (quoting 28 U.S.C. §§ 144, 455(a)).   "The inquiry of whether a judge's impartiality might reasonably be questioned under § 455(a) is an objective standard designed to promote the public's confidence in the impartiality and integrity of the judicial process. . . . Thus, the court looks to the perspective of a reasonable observer who is *informed of all the surrounding facts and circumstances*."   *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009) (internal citations omitted) (emphasis in original).   "Adverse rulings are grounds for appeal but rarely are grounds for recusal."   *In re Walker*, 532 F.3d at 1304 (citing *Liteky v. United States*, 510 U.S. 540, 554 (1994)).

The undersigned thoroughly outlined the reasons for issuing its December 1, 2016 Order.   Doc. 101.   The undersigned based her ruling on an application of the legal standards and authority discussed in the Order, not personal bias against Plaintiff, as he alleges.   *See id.*   The undersigned finds that a reasonable observer

would objectively find no basis for recusal in this case.   Based on the foregoing and having carefully considered Plaintiff's additional grounds, the undersigned finds that there is no reason to recuse herself due to impartiality.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion that Court Rule on Previous Motion Made By Plaintiff/Cross Defendant Notice of Motion and Motion to Strike Answer and/or Exhibits of Mark C. Seavey Fed. R. Civ. P. 12(f) (Doc. 116) is **DENIED**.

2. Plaintiff's Motion to Continue Completion of Mediation for 45 days and Motion to Ban All Weapons from Deposition of Plaintiff Daniel A. Bernath (Doc. 115) is **GRANTED. The parties shall comply with the following directives**:

   a. Pursuant to Local Rule 9.04(a)(3), the Court designates Defendants' counsel, John Mason, as lead counsel who shall be responsible for coordinating two alternate mediation conference dates agreeable to the mediator and all parties and counsel of record.   Mr. Mason shall communicate with Plaintiff by e-mail.   No later than **February 27, 2017**, the parties shall select a mediation date.   No later than **March 3, 2017**, Mr. Mason shall file a Notice of Mediation advising the Court of the date, time, and location of mediation.   The parties shall have **up to and including March 31, 2017 to complete mediation**.   Because

the parties disagree on a location where mediation is to take place, the parties shall mediate at a location selected by the mediator, except that it shall not occur at any post of The American Legion.

3. Combined Opposition of the American Legion and Mark Cameron Seavey to Plaintiff's Motion to Continue Mediation and Combined Motion of the American Legion and Mark Cameron Seavey to Forego Mediation (Doc. 119) is **DENIED**;

4. Mark Cameron Seavey's Second Motion to Compel Responses to Discovery and Incorporated Memorandum of Law (Doc. 114) is **TAKEN UNDER ADVISEMENT.** Plaintiff shall **show cause** in writing **on or before February 24, 2017** why he should not be sanctioned for not complying with the Court's Order (Doc. 101). Under Rules 37(b)(2)(A) and 37(c)(1), the Court may recommend that Plaintiff's claims be dismissed or that Plaintiff be barred from presenting any evidence responsive to Seavey's First Combined Discovery Requests at summary judgment, in pretrial submissions, or at trial. Doc. 114-1; *see* Fed. R. Civ. P. 37(b)(2)(A), 37(c)(1). Pursuant to Rule 37(b)(2)(C), the Court also may award Seavey reasonable attorney's fees and costs associated with the preparation and filing of this motion (Doc. 114). *See* Fed. R. Civ. P. 37(b)(2)(C).

5. Plaintiff's Motion to Disqualify Magistrate Judge Carol Mirando for apparent bias and prejudging issues before facts are presented (Doc. 104) is **DENIED.**

6. Plaintiff's Motion to Recuse Judge Mirando Additional Evidence of Reasonable Person could see that that Magistrate Judge Mirando is biased against Plaintiff Bernath and his cause (Doc. 107) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13 day of February, 2017.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro Se* Plaintiff