UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.                                Case No: 2:15-cv-358-FtM-99CM

MARK CAMERON SEAVEY,

    Defendant.

## ORDER

This matter comes before the Court upon the following motions and responses:

(1)    The American Legion's Notice of Filing Verified Motion and Memorandum of Law for Rule 11 and 28 U.S.C. § 1927 Sanctions Against Plaintiff Daniel Bernath (Doc. 89) filed on October 4, 2016;

(2)    Plaintiff's Opposition to 2nd Motion for Rule 11 filed by Am. Legion on 10/5/2016 Notice of Motion and Motion to Strike Affidavit of American Legion lawyer "Phillip B. Onderdonk, Esq." Opposition to Rule 11 Motion Motion (sic) to Strike all pages over 25 of American Legion Motion Rule 11; 28 USC 1927 (Doc. 94) filed on October 11, 2016;

(3)    Plaintiff's Notice of Motion and Motion to Strike Affidavit of American Legion lawyer "Philip B. Onderdonk, Jr. Esq." Opposition to Rule 11 Motion Motion to Strike all pages over 25 of American Legion Motion Rule 11; 28 USC 1927 (Doc. 95) filed on October 11, 2016;

(4)   The American Legion's Response in Opposition to Plaintiff's Motions to Strike Affidavit of Philip Onderdonk and Excess Pages From the American Legion's Motion for Sanctions (Doc. 96) filed on October 28, 2016;

(5)   Plaintiff's Motion for Sanctions Against American Legion and Mark Seavey (Doc. 106) filed on December 16, 2011; and

(6)   Defendants' Response in Opposition to Plaintiff's Motion for Sanctions Against eh American Legion and Mark Seavey and Incorporated Memorandum of Law (Doc. 108) filed on December 28, 2016.

I.   Background

On June 16, 2015, *pro se* Plaintiff Daniel A. Bernath filed a complaint against Defendant Mark Cameron Seavey ("Seavey") for copyright infringement. Doc. 1. Plaintiff subsequently amended his complaint to add a claim of intentional infliction of emotional distress. Doc. 20.

On May 2, 2016, with leave of Court (Doc. 66), Defendant-Intervenor The American Legion ("The American Legion") joined this action and filed its answer to the amended complaint and counterclaims against Plaintiff. Doc. 67. Subsequently, Plaintiff filed a "Cross-Complaint" against The American Legion, asserting the following causes of action: "assault"; "intentional infliction of emotional distress"; "property damage"; "civil remedy for criminal misconduct of defendant the American Legion"; "intimidation of person over 65, disabled 100% US Navy service connected veteran"; "intentional criminal acts by the American Legion with civil remedy"; and "invasion of privacy." Doc. 71 at 40-41. The American Legion moved to dismiss

Plaintiff's Cross-Complaint for failure to state a claim or, in the alternative, to strike certain portions thereof. Doc. 77. In its Order dismissing Plaintiff's Cross-Complaint, the Court noted:

> Plaintiff strings together multiple facts addressing various topics. (Doc. #71). At the very end, Plaintiff states several causes of action, in bold, with no underlying facts to support the causes of action. (Doc. #71 at 40-41). Plaintiff does not even state a recital of the elements for a majority of the causes of action he asserts. Rather, he just lists several causes of action without any sort of separation or underlying facts, violating Rule 10(b).

Doc. 88 at 4. Thus, the Court dismissed Plaintiff's Cross-Complaint for failing to allege facts sufficient to meet the standards outlined in Rules 8 and 10 of the Federal Rules of Civil Procedure. Doc. 88 at 4. On October 11, 2016, Plaintiff filed his First Amended Cross-Complaint alleging one count of copyright infringement against the American Legion. Doc. 93. The American Legion has filed an answer to Plaintiff's First Amended Cross-Complaint. Doc. 97.

II. Discussion

### a. *The American Legion's Motion for Rule 11 Sanctions (Doc. 89)*

The American Legion seeks an order striking Plaintiff's Cross-Complaint, imposing monetary sanctions against Plaintiff, and awarding attorney's fees to the American Legion. Doc. 89-1 at 1. The American Legion argues that Plaintiff did not articulate the elements for the causes of action asserted in his Cross-Complaint, duplicated the causes of actions already existing between the parties in various forums, and failed to allege minimal factual allegations to support the causes of actions asserted. *Id.* at 7. The American Legion points to several detailed allegations

that Plaintiff made in his Cross-Complaint and argues they are false and were included solely for the purpose of increasing the cost of litigation and causing delay. Doc. 89-1. Thus, The American Legion requests sanctions under the authority of Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

Plaintiff's verified response insists that the factual contentions he made in his previous pleading have evidentiary support. *See e.g.*, Doc. 94 at 17. Plaintiff argues that The American Legion's Rule 11 motion is in fact a summary judgment motion. Doc. 94 at 18. Accordingly, Plaintiff seeks to strike the "affidavit" of The American Legion's counsel in support of its Rule 11 motion.[1] Docs. 94 at 18; 95 at 18.[2]

Rule 11 of the Federal Rules of Civil Procedure states that an attorney or unrepresented party who presents the Court with a pleading, written motion, or other paper, certifies that to the best of his knowledge, information, and belief, formed after a reasonable inquiry:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

---

[1] The "affidavit" that Plaintiff seeks to strike is the verification page in The American Legion's Rule 11 motion. Doc. 89-1 at 17.
[2] Plaintiffs filings in Documents 94 and 95 are essentially identical.

Fed. R. Civ. P. 11(b). A court may impose Rule 11 sanctions "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995) (citation omitted).

"Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) (internal quotation marks and citation omitted). The Court determines whether a party's claims or defenses are objectively frivolous; if so, whether the person who signed the pleadings should have been aware they were frivolous had he made a reasonable inquiry. *Jones,* 49 F.3d at 695. The Court inquires into the reasonableness of the party's conduct at the time the pleading was filed. *Id.* Moreover, the Eleventh Circuit has noted that "[s]anctions are warranted when a party exhibits a 'deliberate indifference to obvious facts,' but not when the party's evidence to support a claim is 'merely weak.'" *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir.1998)).

When a party believes that Rule 11 has been violated, it must afford the offending party twenty-one days in which to correct the violation, after which time it may move the court to impose sanctions. Fed. R. Civ. P. 11(c)(1). Whether to impose sanctions and the nature of sanctions to be imposed rests in the Court's sound

discretion. Fed. R. Civ. P. 11(c)(1), (4); *Massengale*, 267 F.3d at 1302. The sanction may include nonmonetary directives, an order to pay a penalty to the court, or "payment to the movant of part or all of the reasonable attorney's fees and other expenses" resulting from the violation. Fed. R. Civ. P. 11(c)(4). A sanction under Rule 11 must be limited to what suffices to deter repetitious conduct or may be imposed as a form of "compensation and punishment." Fed. R. Civ. P. 11(c)(4); *Massengale*, 267 F.3d at 1302) (quoting *Aetna Ins. Co. v. Meeker,* 953 F.2d 1328, 1334 (11th Cir.1992)).

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This plain language imposes "three essential requirements for an award of sanctions under § 1927: First, the attorney must engage in 'unreasonable and vexatious' conduct. Second, that 'unreasonable and vexatious' conduct must be conduct that 'multiplies the proceedings.' Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). To warrant an imposition of sanctions under § 1927, an attorney's conduct must be particularly egregious; negligent conduct, standing alone, will not suffice. *Id.* 1241-42.

Here, the Court has before it a competing affidavit from Plaintiff and a verified motion by The American Legion. The Court finds that Rule 11 and §1927 sanctions

with respect to Plaintiff's Cross-Complaint are not warranted.[3] The Court already dismissed Plaintiff's initial Cross-Complaint for failure to comply with the pleading requirements of the Federal Rules of Civil Procedures. Plaintiff has since amended his Cross-Complaint to correct the deficiencies outlined by the Court, to which The American Legion has responded. Plaintiff's conduct, in this instance, does not amount to bad faith.

### b. *Plaintiff's Motion for Sanctions against The American Legion and Mark Seavey*

Plaintiff seeks the imposition of sanctions against Seavey and The American Legion for misrepresentations to the Court. Doc. 106 at 1. The alleged misrepresentations relate to both of these parties' motions to compel (Docs. 78; 98), which the Court considered and ruled upon on December 1, 2016 after considering the parties' briefings, including Plaintiff's assertions that he responded to the discovery requests. Docs. 101; 106 at 1-4. Plaintiff states that Seavey and The American Legion misinformed the Court when they represented that Plaintiff has failed to respond to their discovery requests. Doc. 106 at 1. Plaintiff asserts that his responses to these parties' discovery requests were properly and timely served. *Id*. Plaintiff has attached a United States Postal Service tracking summary as proof of mailing and delivery of his discovery responses. *Id*. at 1, 6-8.

First, Plaintiff's Rule 11 Motion is due to be denied for failure to comply with

---

[3] The Court is aware that The American Legion and Seavey have filed a Combined Motion to Declare Plaintiff Daniel Bernath a Vexatious Litigant (Doc. 109), which is currently pending before Judge Sheri Polster Chappell. Here, the Court's finding is limited solely to Plaintiff's conduct regarding his Cross-Complaint.

the Rule's requirements. "The motion must be served in accordance with Rule 5, but should not be presented to the court" until after opposing counsel has been given twenty-one days in which to withdraw or correct the offending document. Fed. R. Civ. P. 11(c)(1). There is no indication that Plaintiff complied with this requirement. The motion is due to be denied on this basis alone. *See e.g., BCJJ, LLC v. LeFevre*, No. 8:09-CV-551-T-17EAJ, 2012 WL 3262866, at *2 (M.D. Fla. Aug. 8, 2012). Second, nothing in Plaintiff's motion substantiates his allegations that the opposing parties misrepresented the Court in filing their motions to compel. Seavey filed his motion to compel on August 8, 2016, and the American Legion filed its motion to compel on November 15, 2015. Docs. 78; 98. Plaintiff's tracking summary shows a delivery date of November 18, 2016. Doc. 106 at 6-8. In making its ruling on the motions to compel, the Court considered Plaintiff's assertions that he timely and properly served discovery responses and ruled accordingly. Doc. 101.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The American Legion's Notice of Filing Verified Motion and Memorandum of Law for Rule 11 and 28 U.S.C. 1927 Sanctions Against Plaintiff Daniel Bernath (Doc. 89) is **DENIED**.

2. Plaintiff's Opposition to 2nd Motion for Rule 11 filed by Am. Legion on 10/5/2016 Notice of Motion and Motion to Strike Affidavit of American Legion lawyer "Phillip B. Onderdonk, Esq." Opposition to Rule 11 Motion

Motion (sic) to Strike all pages over 25 of American Legion Motion Rule 11; 28 USC 1927 (Doc. 94) is **DENIED as moot**.

3. Plaintiff's Notice of Motion and Motion to Strike Affidavit of American Legion lawyer "Philip B. Onderdonk, Jr. Esq." Opposition to Rule 11 Motion Motion to Strike all pages over 25 of American Legion Motion Rule 11; 28 USC 1927 (Doc. 95) is **DENIED as moot**.

4. Plaintiff's Motion for Sanctions Against American Legion and Mark Seavey (Doc. 106) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15 day of February, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro Se* Plaintiff