UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.                                     Case No:   2:15-cv-358-FtM-99CM

MARK CAMERON SEAVEY,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court are the following motions filed by Plaintiff Daniel A. Bernath, Defendant Mark Cameron Seavey, and Intervenor Defendant American Legion:

- Plaintiff's Motion to Dismiss Defendant Seavey and Legion Answer to Complaint, Motion to Dismiss Cross-Defendant Legion and Seavey Cross Complaint for Disobedience of Court Order and Intentionally Refusing to Submit to Mediation, and Alternatively Motion to Compel Mediation (Doc. 117);

- Plaintiff's Motion for Judgment on the Pleadings (Doc. 118);

- Plaintiff's Motion for Summary Judgment Copyright Infringement Cause of Action (Doc. 121);

- Plaintiff's Motion for Summary Judgment against Cross-complaint of Mark Seavey (Doc. 122);

- Defendant Seavey's Motion to Strike Plaintiff's Motion for Summary Judgment on Copyright Infringement (Doc. 124);

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

- Defendant Seavey's Motion to Strike Plaintiff's Motion for Summary Judgment on Seavey's Counterclaims (Doc. 125);

- Plaintiff's Motion for Summary Judgment Copyright Infringement Cause of Action (Doc. 127);

- Plaintiff's Notice of Motion and Motion to Exceed Page Limit for Summary Judgment Motion (Doc. 133);

- Defendants' Joint Motion for Summary Judgment on Plaintiff's Copyright Infringement Claims and American Legion's Motion for Summary Judgment for Declaratory Judgment on Copyright Infringement (Doc. 136);

- Defendants' Joint Motion for Summary Judgment on Plaintiff's Intentional Infliction of Emotional Distress Claim and American Legion's Motion for Summary Judgment for Declaratory Judgment on Plaintiff's Claim of Intentional Infliction of Emotional Distress (Doc. 137);

- Defendant American Legion's Motion for Summary Judgment for Copyright Infringement, Cybersquatting, and Violation of Federal Statues Regarding Emblem and Name of American Legion (Doc. 138);

- Defendants' Joint Motion for Summary Judgment for Libel and Defamation per se (Doc. 139); and

- Defendants' Motion for Brief Extension of Deadline for Dispositive Motions (Doc. 140).

Before addressing the above motions, the Court reiterates that the Federal Rules of Civil Procedure and Middle District of Florida Local Rules are not mere suggestions that can be ignored. The Court has warned that it will not tolerate continued non-compliance with the procedural rules. This case has been pending nearly twenty months, and the repeated failure to comply with the rules has thwarted the just, speedy, and inexpensive determination of this case. That stops here.

Against this backdrop, the Court will address the above-referenced motions.

**A. Plaintiff's motion to dismiss (Doc. 117)**

Despite the title of Plaintiff's motion, he moves to compel mediation. (Doc. 117). Last week, however, the Court ordered the parties to complete mediation and extended the mediation deadline. Since then, the parties have scheduled mediation for February 24, 2017. (Doc. 142). Accordingly, Plaintiff's motion (Doc. 117) is **DENIED as moot**.

**B. Plaintiff's motions for judgment on the pleadings (Doc. 118)**

Next, Plaintiff moves to dismiss Defendant Mark Seavey's Answer and Cross Compliant under Federal Rule of Civil Procedure 12(c) because he fails to state a cause of action and defense. (Doc. 118). The Court has addressed the same issues raised in Plaintiff's motion twice before (Doc. 40; Doc. 49), and thus it sees no reason to do so for a third time. The Court also declines to construe Plaintiff's motion as one for summary judgment, as that would be duplicative of his three pending motions for summary judgment (Doc. 121; Doc. 122; Doc. 127). Accordingly, Plaintiff's Motion for Judgment on the Pleadings (Doc. 118) is **DENIED**.

**C. Defendant Seavey's Motions to Strike Plaintiff's Motions for Summary Judgment (Doc. 124; Doc. 125).**

Defendant Seavey moves to strike (Doc. 124; Doc. 125) Plaintiff's two motions for summary judgment (Doc. 121; Doc. 122) for failure to comply with the Middle District of Florida Local Rules. Neither of Plaintiff's motions comply with the Local Rule's twenty-five (25) page limit. (Doc. 121; Doc. 122). See M.D. Fla. R. 3.01(a). His motions are forty-eight (48) and sixty-nine (69) pages of exhibits, disjointed narrative, and conclusory

statements.[2] In what appears to be an effort to cure his motions' verbosity, Plaintiff moves to exceed the page limit (Doc. 133). Because that motion is untimely, it is denied.

Accordingly, the Court grants Defendant Seavey's motions to strike Plaintiff's motions for summary judgment (Doc. 124; Doc. 125).[3] This decision should not surprise Plaintiff, as the Court has warned him that his failure to comply with the Local Rules would result in non-compliant filings being "stricken without further warning." (Doc. 84 at 2; *see also* Doc. 19; Doc. 33; Doc. 40; Doc. 58; Doc. 101; Doc. 102; Doc. 142).

**D.  Defendants' Motions for Summary Judgment**

Finally, Defendants have filed four motions for summary judgment. (Doc. 136; Doc. 137; Doc. 138; Doc. 139). Specifically, they have filed a combination of individual and joint motions separating each by the counts in the First Amended Complaint (Doc. 20) and their own counterclaims (Doc. 31; Doc. 69). The Court takes issue with this strategy because they did not seek the Court's leave prior to filing. In addition, each Defendant is permitted one summary judgment motion, absent leave of Court. *See* Fed. R. Civ. P. 56(a); M.D. Fla. R. 3.01(a)

---

[2] To the extent that Plaintiff recognizes that he is unable to prosecute this case and comply with procedural rules due to his mental and physical disabilities, he should continue to seek legal counsel. (*See e.g.*, Doc. 131 at ¶ 58 (admitting, "[t]wo law firms in Fort Myers have expressed an interest in conducting [Plainitff's] trial")). That said, the Court reminds Plaintiff that his *pro se* status does not insulate him from complying with the Federal Rules of Civil Procedure and Local Rules. *See Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *Grew v. Hopper*, No. 2:07-cv-550, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008).

[3] Because Plaintiff's has filed two identical motions for summary judgment on his copyright infringement claim (*compare* Doc. 121 *with* Doc. 127), the Court also strikes the subsequent motion for failure to comply with the Local Rules.

The Court, therefore, denies without prejudice Defendants' motions for summary judgment (Doc. 136; Doc. 137; Doc. 138; Doc. 139).  Each Defendant may refile an amended motion that does not exceed twenty-five (25) pages in length.  Alternatively, they may file a joint amended motion for summary judgment that does not exceed thirty-five (35) pages in length.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Dismiss Defendant Seavey and Legion Answer to Complaint (Doc. 117) is **DENIED as moot**.

2. Plaintiff's Motion for Judgment on the Pleadings (Doc. 118) is **DENIED**.

3. Defendant Seavey's Motion to Strike Plaintiff's Motion for Summary Judgment on Copy Right Infringement, only (Doc. 124) is **GRANTED**.  The Clerk is directed to **STRIKE** Plaintiff's Motion for Summary Judgment Copyright Infringement Cause of Action (Doc. 121).

4. Defendant Seavey's Motion to Strike Plaintiff's Motion for Summary Judgment on Seavey's Counterclaims (Doc. 125) is **GRANTED**.  The Clerk is directed to **STRIKE** Plaintiff's Motion for Summary Judgment against Cross-complaint of Mark Seavey (Doc. 122).

5. Plaintiff's Motion for Summary Judgment Copyright Infringement Cause of Action (Doc. 127) is **DENIED as duplicative**.  The Clerk of Court is directed to **STRIKE** Plaintiff's Motion for Summary Judgment Copyright Infringement Cause of Action (Doc. 127).

6. Plaintiff's Notice of Motion and Motion to Exceed Page Limit for Summary Judgment Motion (Doc. 133) is **DENIED**.

7. Defendants' Joint Motion for Summary Judgment on Plaintiff's Copyright Infringement Claims and American Legion's Motion for Summary Judgment for Declaratory Judgment on Copyright Infringement (Doc. 136) is **DENIED without prejudice**.

8. Defendants' Joint Motion for Summary Judgment on Plaintiff's Intentional Infliction of Emotional Distress Claim and American Legion's Motion for Summary Judgment for Declaratory Judgment on Plaintiff's Claim of Intentional Infliction of Emotional Distress (Doc. 137) is **DENIED without prejudice**.

9. Defendant American Legion's Motion for Summary Judgment for Copyright Infringement, Cybersquatting, and Violation of Federal Statues Regarding Emblem and Name of American Legion (Doc. 138) is **DENIED without prejudice**.

10. Defendants' Joint Verified Motion for Summary Judgment for Libel and Defamation per se (Doc. 139) is **DENIED without prejudice**.

11. The parties may file amended motions for summary judgment that comply with this Order, the Federal Rules of Civil Procedure, and Middle District of Florida Local Rules on or before **March 9, 2017**.  Responses to any dispositive motions are due on or before **March 23, 2017**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of February 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record