UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

        Plaintiff,

v.                                      Case No:  2:15-cv-358-FtM-99CM

MARK CAMERON SEAVEY,

        Defendant.

## ORDER

This matter comes before the Court upon review of: (1) Plaintiff's Motion to continue and postpone trial date and re-open discovery As attorney at law Eric Leckie has been retained and requires time to Consult with me, review the facts of the case and review the 3 years of evidence of torts against me (Doc. 185, "Motion to Reopen Discovery") filed on March 14, 2017; (2) Plaintiff Bernath and Cross-Defendant Bernath's Motion Enlarge [sic] Time to Respond to anticipated (third) refilling [sic] of Summary Judgment Motions by Seavey and Legion (Doc. 194, "Motion to Enlarge Time to Respond") filed on March 17, 2017; (3) Plaintiff's Motion Recuse [sic] Magistrate And Article III Judge Chappell For bias against Plaintiff Which a reasonable person would perceive as bias against Plaintiff And for defendants Seavey and Legion And The appearance of impropriety by the judicial officers (Doc. 160, "Motion for Recusal") filed on February 21, 2017.   Defendants have filed a joint response to Plaintiff's Motion to Reopen Discovery and Motion to Enlarge Time.   Doc. 200.

This case has been pending since June 16, 2015.   Doc. 1.   The discovery deadline has expired (Doc. 112, 113), motions for summary judgment have been fully briefed (Docs. 188, 195, 197, 198), and the case is currently set for a trial term beginning on June 5, 2017 (Doc. 113).   The parties' initial discovery deadline was December 5, 2016 (Doc. 62 at 1), which the Court subsequently extended to January 31, 2017 due to Plaintiff's non-compliance with discovery requests.   Doc. 112.   Now, six weeks after the expiration of the final discovery deadline and less than three months before the trial term, Plaintiff seeks to reopen discovery because he claims he has retained an attorney, although no notice of appearance has been filed.   Doc. 185 at 1.

Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4).   "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).   The Court finds no good cause to reopen discovery at this late stage of the proceedings.   Plaintiff bears the burden to show that he diligently pursued discovery and litigation of this case, and he fails to do so here.   As the case has been pending for nearly two years, Plaintiff had ample time and opportunity to retain counsel and prosecute this case, but chose not to do so until after the expiration of the discovery deadline and less than three months before the trial term.[1]   *See Turner v. Neptune Towing & Recovery, Inc.*, No. 8:09-CV-1071-

---

[1] Plaintiff claims that he began interviewing attorneys before he filed his complaint nearly two years ago but "[f]or one reason or the other I did not retain them."   *Id.*   He claims that

T-27AEP, 2010 WL 3154082, at *2 (M.D. Fla. Aug. 9, 2010) (rejecting the plaintiff's argument that reopening discovery and continuing the trial would assist her in obtaining counsel because she "had ample time to retain new counsel but has not done so."). Although the Court declines to reopen discovery, the Court will *sua sponte* extend the trial and remaining pre-trial deadlines by thirty days by separate order.

In his Motion to Enlarge Time to Respond, Plaintiff requests an extension of time to respond to Defendants' motions for summary judgment because he will be traveling to Europe and will not return until the third week of April, 2017. Doc. 194 at 1-2. The Court notes that Plaintiff has filed responses in opposition to Defendants' motions for summary judgments. Docs. 197, 198. Accordingly, this request is due to be denied as moot.

As for Plaintiff's Motion for Recusal (Doc. 160), the motion is denied for the same reasons explained in the Court's most recent Order denying the same relief. *See* Doc. 146 at 9-11.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to continue and postpone trial date and re-open discovery

    As attorney at law Eric Leckie has been retained and requires time to

---

his newly retained counsel "would likely wish to take the deposition of Mark Seavey" and that he "may wish to propound Requests for Admissions to lay the foundation to hundreds of documents from Mark Seavey and Legion to me." *Id.* at 2.

Consult with me, review the facts of the case and review the 3 years of evidence of torts against me (Doc. 185) is **DENIED**;

2. Plaintiff Bernath and Cross-Defendant Bernath's Motion Enlarge [sic] Time to Respond to anticipated (third) refilling [sic] of Summary Judgment Motions by Seavey and Legion (Doc. 194) is **DENIED as moot**;

3. Plaintiff's Motion Recuse [sic] Magistrate And Article III Judge Chappell For bias against Plaintiff Which a reasonable person would perceive as bias against Plaintiff And for defendants Seavey and Legion And The appearance of impropriety by the judicial officers (Doc. 160) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of April, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies: Counsel of record