DANIEL A. BERNATH,

      Plaintiff,

v.                            Case No:  2:15-cv-358-FtM-99CM

MARK CAMERON SEAVEY,

      Defendant.

_____

## ORDER

    This matter comes before the Court upon review of the following motions filed

by Plaintiff:

- "1. Motion to Strike Answer by Mark Seavey and Legion 2. Motion to Strike Cross-Complaint by Mark Seavey and Legion 3. And revoke *pro hac vice* status of attorney John D. Mason" ("First Motion to Strike," Doc. 151) filed on February 16, 2017, and Defendants' response (Doc. 173);

- "Plaintiff hereby makes a motion to Strike so called 'Dispositive' Motions and Oppositions to Plaintiff's Summary Judgment Motions As Defendants and cross complainants Legion and Seavey continue to Disobey Court's Order Request that pro hac vice attorney Mason be dismissed Request US attorney be referred these multiple perjury crimes by defendants Legion and Seavey and *pro hac vice* attorney John D. Mason" ("Second Motion to Strike," Doc. 159) filed on February 21, 2017, and Defendants' response (Doc. 175);

- "Motion to File Response to Defendants' Opposition to Strike Legion and Seavey's Answer and Cross Complaint And revoke *pro hac vice* status for Fraud upon the Court As defendants have made a personal attack on me And to show professional opinion of retained counsel for Plaintiff" ("First Motion to File a Reply," Doc. 183) filed on March 13, 2017, and Defendants' response (Doc. 199);

- "Motion to Strike Answer and Cross Complaint of Legion and Seavey for Repeated Refusal to Follow Court Orders Regarding Seavey and

Legion's 'Filing…for leave to file…in response in opposition to plaintiff's motion to quash subpoena and protective order." ("Third Motion to Strike," Doc. 184) filed on March 13, 2017, and Defendants' response (Doc. 201);

- "Motion to Strike Opposition to Plaintiff's Motion for Protective Order Motion to Strike Seavey and Legion's Answer and Cross-Complaint for refusal to obey Court Orders" ("Fourth Motion to Strike," Doc. 186) filed on March 13, 2017, and Defendants' response (Doc. 201);

- "Motion to File Reply to Motions to Strike Answer and Cross-Complaint of Legion and Seavey and Revoke pro hac vice status of John D. Mason for continued perjury to this Court And defendants and Mason's refusals to follow this Court's Orders" ("Second Motion to File a Reply," Doc. 189) filed on March 14, 2017, and Defendants' response (Doc. 199);

- "Motion to Strike Mark Cameron Seavey and American Legion Answers and Cross-complaints, Remove John D. Mason from pro hac vice status and Strike two motions for summary judgment for Defendant Seavey and Defendant American Legion's continued contempt of the court's orders, perjury and obstruction of justice" ("Fifth Motion to Strike," Doc. 193) filed on March 17, 2017, and Defendants' response (Doc. 204).

## I. Discussion

### a. Plaintiff's First, Third, Fourth, and Fifth Motions to Strike (Docs. 151; 184; 186; 193)

Plaintiff Daniel Bernath seeks to strike Defendant Mark Cameron Seavey's ("Seavey") Answer to First Amended Complaint and First Amended Counterclaims ("Answer and Counterclaims," Doc. 31) and Defendant The American Legion's ("The Legion") Answer and Counterclaims (Doc. 69). Doc. 151 at 1. Defendant further seeks to revoke the *pro hac vice* admission of Defendants' counsel, John D. Mason. *Id.* This is not Plaintiff's first or last attempt in seeking to strike Defendants' answers and counterclaims. *See* Docs. 23; 24; 25; 35; 38; 48; 116; 142; 159; 184; 186.

Pursuant to Rule 12(f), the court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court enjoys broad discretion in determining whether to grant or deny a motion to strike. *Gibson v. Monaco Coach Corp.*, No. 2:06-cv-146-FTM-29DNF, 2006 WL 2092640, at *3 (M.D. Fla. July 27, 2006). The court, however, will not exercise its discretion "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted).

Based on a review of Seavey's Answer and Counterclaims (Doc. 31) and The Legion's Answer and Counterclaims (Doc. 69), the Court finds that these pleadings have a "possible relationship to the controversy," that they are not likely to confuse the issues, or otherwise prejudice a party. Additionally, the Court previously has entertained motions by Plaintiff seeking to strike Defendants' Answers and Counterclaims and has denied such relief. *See* Doc. 35; 48; 116, 142.

Although Plaintiff's First Motion to Strike does not meet the Rule 12(f) standard, Plaintiff also requests such relief as a form of sanction pursuant to Rule 11 of the Federal Rules of Civil Procedure. Plaintiff alleges that Defendants and their counsel have committed perjury and fraud upon the Court by submitting false affidavits to the Court. Doc. 151 at 1-2. A court may impose Rule 11 sanctions "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing

law; and (3) when the party files a pleading in bad faith for an improper purpose." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995) (citation omitted).

"Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) (internal quotation marks and citation omitted). The Eleventh Circuit has noted that "[s]anctions are warranted when a party exhibits a 'deliberate indifference to obvious facts,' but not when the party's evidence to support a claim is 'merely weak.'" *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir.1998)). When a party believes that Rule 11 has been violated, it must afford the offending party twenty-one days in which to correct the violation, after which time it may move the court to impose sanctions. Fed. R. Civ. P. 11(c)(2).

First, Plaintiff's motion is due to be denied for failure to comply with the Rule's requirements. *See* Fed. R. Civ. P. 11(c)(2); *see also e.g., BCJJ, LLC v. LeFevre*, No. 8:09-CV-551-T-17EAJ, 2012 WL 3262866, at *2 (M.D. Fla. Aug. 8, 2012). Second, nothing in Plaintiff's motion substantiates his allegations of perjury and fraud upon the Court by Defendants or their counsel. Plaintiff does not cite the affidavits to which he refers except states that they were filed on February 9, 2017 and February 15, 2017. On February 9, 2017, however, there were three motions for summary judgments filed with more than fifty exhibits combined, totaling over one thousand

pages. *See* Docs. 136; 137; 138. On February 15, 2017, Defendants did not file any motions or affidavits with the Court.

Plaintiff's allegations appear to stem from statements in Defendants' then pending motion for summary judgment that "Seavey does not act as an agent for the Legion, or on the Legion's behalf in any fashion when he writes articles in his free time at http://thisainthell.us. . ." and that "Seavey periodically writes articles at the Blog in his own spare time separate from his employment with the Legion. . ." Doc. 151 at 4-5. Plaintiff avers that these statements are untrue and perjurious. *Id.* at 1-12. Aside from what appears to be copied and pasted text from other sources to Plaintiff's motion, Plaintiff fails to provide sufficient evidence to support his claims of perjury and fraud upon the Court. Plaintiff's document titled "Additional Evidence of Mark Seavey, Phil Onderdonk and Legion perjury For Motion to Strike Answer and Cross Complaints of Seavey and Legion for Fraud upon Court and perjury" (Doc. 162) does not overcome this insufficiency. Accordingly, this motion is due to be denied. For the same reasons, Plaintiff's request to revoke attorney Mason's *pro hac vice* admission is denied.

Additionally, Plaintiff's Third Motion to Strike (Doc. 184), Fourth Motion to Strike (Doc. 186), and Fifth Motion to Strike (Doc. 193) are due to be denied. Plaintiff seeks to strike Defendants' pleadings based on the premise that Defendants have failed to comply with Court orders; however, the motions are largely identical, difficult to comprehend, and lack specificity. *See* Docs. 184; 186. Accordingly, these motions also will be denied.

### b. Plaintiff's Second Motion to Strike (Doc. 159)

Plaintiff's Second Motion to Strike was filed on February 21, 2017 and seeks to strike Defendants' motions for summary judgment that were then pending. Docs. 159; 137; 138; 139. Two days after Plaintiff filed the instant motion, the Court denied without prejudice Defendants' motions for summary judgment. Doc. 163. Accordingly, the instant motion is denied as moot.

### c. Plaintiff's First Motion to File a Reply (Doc. 183) and Second Motion to File a Reply (Doc. 189)

On March 3, 2017, Defendants filed a response to Plaintiff's First Motion to Strike. Doc. 173. In his First Motion to File a Reply, Plaintiff seeks to file a reply to Defendants' response on the basis that he has retained counsel in Virginia. Doc. 183. Plaintiff represents that his counsel is "outraged" at the facts of this case and presents his counsel's position regarding Defendants' alleged perjury and fraud upon the Court. *Id.* at 2. Plaintiff's Second Motion to File a Reply is essentially substantively the same.

"The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Tardif v. People for Ethical Treatment of Animals,* No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011). "While parties may ask for leave to file a reply, they must show good cause." *McDonald v. United States,* No. 3:13-cv-168-J-37MCR, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013). The Court accepts and considered Plaintiff's motions as his replies, and does not find good cause to require any additional briefing at this time.

ACCORDINGLY, it is hereby

**ORDERED:**

1. "1. Motion to Strike Answer by Mark Seavey and Legion 2. Motion to Strike Cross-Complaint by Mark Seavey and Legion 3. And revoke pro hac vice status of attorney John D. Mason" (Doc. 151) is **DENIED**;

2. "Plaintiff hereby makes a motion to Strike so called 'Dispositive' Motions and Oppositions to Plaintiff's Summary Judgment Motions As Defendants and cross complainants Legion and Seavey continue to Disobey Court's Order Request that pro hac vice attorney Mason be dismissed Request US attorney be referred these multiple perjury crimes by defendants Legion and Seavey and *pro hac vice* attorney John D. Mason" (Doc. 159) is **DENIED as moot**;

3. "Motion to File Response to Defendants' Opposition to Strike Legion and Seavey's Answer and Cross Complaint And revoke *pro hac vice* status for Fraud upon the Court As defendants have made a personal attack on me And to show professional opinion of retained counsel for Plaintiff" (Doc. 183) is **DENIED**;

4. "Motion to Strike Answer and Cross Complaint of Legion and Seavey for Repeated Refusal to Follow Court Orders Regarding Seavey and Legion's 'Filing…for leave to file…in response in opposition to plaintiff's motion to quash subpoena and protective order" (Doc. 184) is **DENIED**;

5. "Motion to Strike Opposition to Plaintiff's Motion for Protective Order Motion to Strike Seavey and Legion's Answer and Cross-Complaint for refusal to obey Court Orders" (Doc. 186) is **DENIED**;

6. "Motion to File Reply to Motions to Strike Answer and Cross-Complaint of Legion and Seavey and Revoke pro hac vice status of John D. Mason for continued perjury to this Court And defendants and Mason's refusals to follow this Court's Orders" (Doc. 189) is **DENIED**;

7. "Motion to Strike Mark Cameron Seavey and American Legion Answers and Cross-complaints, Remove John D. Mason from pro hac vice status and Strike two motions for summary judgment for Defendant Seavey and Defendant American Legion's continued contempt of the court's orders, perjury and obstruction of justice" (Doc. 193) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record