UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.                                    Case No: 2:15-cv-358-FtM-99CM

MARK CAMERON SEAVEY,

    Defendant.

## ORDER

This matter comes before the Court upon review of the Attorney Eric Leckie and Invictus Law's Emergency Motion for Leave to File Under Seal (Doc. 213) filed on May 5, 2017. On May 8, 2017, Defendants filed a response in opposition. Doc. 215. On May 1, 2017, the Court ordered attorney Eric Leckie to file a verified affidavit stating whether he:

    a. Drafted the Notice of Motion and Motion to Appear Pro Hac Vice and Request Waiver of Local Counsel that was filed on April 19, 2017 (the "*Pro Hac Vice* Motion");

    b. Signed the *Pro Hac Vice* Motion;

    c. Authorized any other individual to sign the *Pro Hac Vice* Motion on his behalf;

    d. Reviewed the *Pro Hac Vice* Motion; or

    e. Filed the *Pro Hac Vice* Motion.

Doc. 209 at 3. The Court further ordered attorney Leckie to advise the Court whether he represents Plaintiff in this action. *Id.* at 4. In his "emergency" motion,[1] attorney Leckie seeks to file the verified affidavit under seal because compliance with the Court's May 1, 2017 Order will require divulgement of attorney-client privileged communications between attorney Leckie and Plaintiff. Doc. 213 at 2. Attorney Leckie states that pursuant to Rule 4-1.6, Rules Regulating the Florida Bar, Plaintiff has not given informed consent. *Id.* at 4. Defendants state they would not have opposed a limited redaction of attorney Leckie's affidavit; however, they oppose the broad relief requested, and also state that it is necessary for them to view attorney Leckie's affidavit in order to substantiate their motion for sanctions and attorney's fees related to the *Pro Hac Vice* motion and other *pro se* filings by Plaintiff. Doc. 215 at 3, 7-8.

Pursuant to Local Rule 1.09(a),

> [u]nless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall

---

[1] The term "emergency" on the title of a pleading should be used only in extraordinary circumstances, when there is a true and legitimate emergency. When a pleading is labeled as an "emergency," the Court is compelled to immediately divert its attention from other pending matters and to focus on the alleged emergency. Here, there is no pending threat of immediate or irreparable harm to cause this motion to be designated as an emergency. While the Court recognizes attorney Leckie's concern and appreciates his attempt to comply with the deadlines set forth the Court's Order, an impending deadline is not an emergency.

not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

M.D. Fla. Rule 1.09(a). Here, attorney Leckie has complied with Local Rule 1.09(a).

Upon review of the motion and relevant authority, however, the Court finds that attorney Leckie should be able to respond to the Court's order without necessarily divulging any attorney-client communications. Specifically, attorney Leckie should be able to answer in the affirmative or in the negative, without detailed explanations, whether he drafted, signed, reviewed, or filed the *Pro Hac Vice* Motion. To the extent attorney Leckie finds it necessary to divulge any attorney-client privileged communications in responding to the remaining directives in the Court's Order, the Court will grant the motion in part. *See Harling v. Ado Staffing, Inc.*, No. 3:13-cv-1113-J-34JRK, 2014 WL 12621226 (M.D. Fla. Jan. 23, 2014) (holding that certain paragraphs in the plaintiff's complaint contained the plaintiff's conversations with counsel, and ordering that those paragraphs be redacted from the documents filed in the public record, with unredacted versions of the documents filed under seal); *U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, No. 6:09-CV-1002-ORL-31, 2013 WL 1233699, at *2 (M.D. Fla. Mar. 27, 2013) (holding that good cause existed to permit a deposition transcript containing attorney-client privileged communications be filed under seal because those circumstances "outweigh[ed] the public's right of access."). Once the Court reviews the sealed affidavit, it may make additional findings of whether the communications are protected by the attorney-client privilege and enter an appropriate order regarding the extent and/or duration of the seal.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Attorney Eric Leckie and Invictus Law's Emergency Motion for Leave to File Under Seal (Doc. 213) is **GRANTED in part and DENIED in part**.

2. Attorney Leckie shall file an affidavit in the public record responding to the Court's May 1, 2017 Order and redact any portions in the affidavit that contain attorney-client communications with Plaintiff. Attorney Leckie shall simultaneously file the unredacted affidavit under seal.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of May, 2017.

*[Signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record