UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.                                    Case No: 2:15-cv-358-FtM-99CM

MARK CAMERON SEAVEY,

    Defendant.

## ORDER

This matter comes before the Court upon review of the following:

(1) Mark Cameron Seavey's Second Motion to Compel Responses to Discovery and Incorporated Memorandum of Law ("Seavey's Second Motion to Compel," Doc. 114) filed on January 16, 2017, and Plaintiff's Response (Doc. 123);

(2) Plaintiff's Response of Plaintiff's to Order to Show Cause (Doc. 156) filed on February 17, 2017;

(3) Plaintiff's Motion to be Relieved of Admissions because there is good-cause Because of mental deficit of Plaintiff and as there is no prejudice to Defendants ("Motion to Withdraw Admissions," Doc. 154) filed on February 17, 2017, and Defendants' response (Doc. 174);

(4) Plaintiff's Motion to Exceed Page Limit to show Plaintiff has provided 400 pages of evidence days before deposition of Plaintiff ("Motion to Exceed Page Limit," Doc. 168) filed on February 28, 2017.

(5) Plaintiff's Motion to File Reply Brief to Set Aside DEEMED ADMITTED As pro hac vice attorney John D. Mason personally attack me and Continues to make new false statements to this Court In their Opposition ("Motion to File Reply Brief," Doc. 192) filed on March 17, 2017.

I.  Background

*Pro Se* Plaintiff Daniel A. Bernath ("Plaintiff" or "Bernath") initiated this action by filing a complaint alleging copyright infringement against Defendant Mark Cameron Seavey ("Seavey") on June 16, 2015, to which Seavey responded on July 8, 2015 with an answer, affirmative defenses, and counterclaims. Docs. 1; 10. Plaintiff subsequently amended his complaint to add a claim of intentional infliction of emotional distress, to which Seavey responded on July 24, 2015 with an answer, affirmative defenses, and first amended counterclaims of libel/defamation, and defamation *per se*. Docs. 20; 31. With the Court's permission, The American Legion ("The Legion") intervened on May 2, 2016, and filed its answer and counterclaims against Plaintiff on May 11, 2016. Docs. 66; 69. On May 11, 2016, Plaintiff filed his "cross-complaint" against The Legion, which he amended on October 11, 2016 after the Court dismissed his initial cross-complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Docs. 71; 88; 93. On October 31, 2016, The Legion filed its answer and affirmative defenses to Plaintiff's amended cross-complaint. Doc. 97.

The factual allegations leading to Plaintiff's complaint stem from a blog maintained by Seavey, (http://thisainthell.us/), in which, Plaintiff alleges, Seavey published one of Plaintiff's copyrighted photographs without Plaintiff's consent. Docs. 20 at 2-3 ¶¶ 9-12; 31 at 3 ¶ 11. Plaintiff also alleges that "Seavey's publication hosts child pornography and advocates child pornography; torments veterans of the United States military . . . [, and that] Seavey has been found guilty of sexual

harassment" by using Seavey's blog. Doc. 20 ¶ 13. Plaintiff alleges Seavey has a "terrorist group," is "the leader of a terrorist gang," has an intent "to destroy [P]laintiff," has engaged in a two-year campaign to cause Plaintiff to "self-murder," and so forth. *See, e.g.*, Doc. 20 at 3-4 ¶¶ 14-16. Plaintiff further alleges Seavey threatened to murder Plaintiff, and that Seavey, or someone under Seavey's command and control, has visited Plaintiff's residence. *Id.* at 8 ¶ 23.

In his answer and counterclaims, Seavey asserts that he is an employee of the national headquarters of The Legion, a federally chartered corporation. Doc. 31 at 14 ¶ 1. Seavey claims he writes articles of journalism, such as "articles about examples of Stolen Valor" for the website http:thisainthell.us. *Id.* ¶ 7. Seavey admits that an article was published about Plaintiff alleging that Plaintiff had committed "Stolen Valor." Doc. 31 at 5 ¶ 20. Seavey asserts that "Bernath was upset about that article . . . and followup articles about him, and began a one and a half year campaign of threats and litigation and other actions" directed at Seavey and The Legion, among others. *Id.* at 15 ¶ 9. Seavey's counterclaims against Plaintiff alleging libel/defamation and defamation *per se* rest in part upon the factual allegations raised in Plaintiff's amended complaint, such as those relating to child pornography and sexual harassment. Doc. 31 at 23 ¶ 23.

The Legion echoes many of the factual allegations of Seavey. *See* Docs. 31; 69. The Legion has filed counterclaims against Bernath for declaratory judgment on the copyright infringement and intentional infliction of emotional distress claims at issue in this case, for libel/defamation, defamation *per se*, copyright infringement

over The Legion's emblem, and for cyber-squatting. Doc. 69 at 20-29. The cybersquatting count is based on alleged registrations by Plaintiff of the domain names www.americanlegion.co and www.americanlegion.exposed without The Legion's consent. *Id.* at 26 ¶ 61.

The Court issued its first Case Management and Scheduling Order on December 7, 2015. Doc. 62. The Court set a deadline of December 20, 2015 for the parties to provide each other the mandatory initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. *Id.* at 1. On August 8, 2016, Seavey filed a Motion to Compel Initial Disclosures and Responses to Discovery. Doc. 78. Similarly, on November 15, 2016, The Legion filed a Motion to Compel Responses to Discovery. Doc. 98. On December 1, 2016, after considering Defendants' motions to compel, Plaintiff's responses thereto, and Defendants' replies, the Court issued an order (the "Discovery Order"). Doc. 101. The Court found that Plaintiff failed to provide the mandatory initial disclosures in compliance with Rules 26(a)(1) and 26(g)(1), and, consequently, with the Court's scheduling order. Doc. 101 at 5-6.

As for other discovery requests, on April 26, 2016, Seavey served Plaintiff a set of combined discovery requests, containing ten interrogatories, ten requests for production of documents, and ten requests for admission (collectively "Seavey's discovery requests"). Doc. 78-3. In the Discovery Order, the Court found that Plaintiff failed to properly serve discovery responses to Seavey's discovery requests, and ordered that any possible objections to Seavey's discovery requests, except the requests for admission, are deemed waived. Doc. 101 at 12-13. Regarding Seavey's

requests for admission, the Court found technical defects in the responses but did not deem them admitted. *Id.* The Court noted that Plaintiff had denied nine of the ten requests, electronically signed the document denying those requests, and e-mailed the document to opposing counsel within thirty days of service of the requests. *Id.* The Court found that although Plaintiff had failed to properly serve his responses to the requests for admission in accordance with Rule 5(b), the best and most fair course of action was to provide Plaintiff an opportunity to serve the responses in accordance with Rule 5(b) so as to avoid unfair surprise. *Id.* at 13 (citing *Woods v. Stewart*, 171 F.2d 544 (5th Cir. 1948)) (where failure by a party to respond properly to request for admissions is not deliberate, and defects in the responses are merely technical, the party should be given a reasonable time to file an amended response).

>Thus, the Court ordered the following:
>
>By December 12, 2016, Plaintiff shall serve, in the manner provided by Federal Rule of Civil Procedure 5(b), responses to Mark Seavey's ten Interrogatories and ten Requests for Production (Doc. 78-3) in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure. Because the Court orders that Plaintiff has waived all objections, **his responses must not include any objections.**
>
>Plaintiff shall have up to and including December 12, 2016 to serve his responses to Seavey's Requests for Admission (Doc. 78-3) to all parties in accordance with Rule 5(b).

Doc. 101 at 19-20 (emphasis in original).

As for The Legion's motion to compel, the Court found that Plaintiff had failed to timely and sufficiently serve objections or responses to the Legion's first twelve requests for admission and, therefore, deemed those requests admitted pursuant to 36(a)(3) of the Federal Rules of Civil Procedure. *Id.* at 14-15.

II. Discussion

a. Seavey's Second Motion to Compel

Seavey states that despite the Court's Discovery Order, Plaintiff refuses to serve proper responses to Seavey's discovery requests. Doc. 114 at 3. Seavey has attached an exhibit to his motion containing "Second Response to Defendants Seavey and Legion Discovery Demands, Rogs, RFA, Produce SUPPLEMENT" (Plaintiff's "Discovery Responses") that Plaintiff signed on December 10, 2016 and that Seavey's counsel received on December 15, 2016. *Id.* at 4 n.2; Doc. 114-2. In the 83-page exhibit, Plaintiff purported to respond to the requests for admission, interrogatories, and production requests. Doc. 114-2 at 4, 7, 45, 47, 48. Plaintiff mailed the responses on December 10, 2016, which was before the December 12, 2016 deadline. Pursuant to Rule 5(b)(2)(C), service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C).

Upon review of Plaintiff's Discovery Responses, however, it appears that Plaintiff did not seriously heed this Court's Discovery Order. Plaintiff's Discovery Responses begin with "[t]o the extent that the Order remains in effect after the Court reads the evidence that in fact Plaintiff's responses were served by US Mail, the objections are again listed here." Doc. 114-2 at 1. The Court entered its Discovery Order directing Plaintiff to respond to Seavey's Discovery Requests only after it considered the parties' submissions and provided a lengthy discussion of the legal standard and analysis why Plaintiff waived his objections. Doc. 101. Despite the Court's clear directive that Plaintiff's discovery responses must not include any

objections, Plaintiff nevertheless raised several general objections. Doc. 114-2 at 2-3. Furthermore, Plaintiff's Discovery Responses provide "[u]nless otherwise stated, Plaintiff will not provide any information encompassed by the foregoing objections." *Id.* at 3. In addition, despite the Court's clear directive that Plaintiff provide verified responses to the interrogatories, Plaintiff has failed to do so. As for Plaintiff's responses to the requests for admission, although Seavey served ten requests for admission, buried at random pages of Plaintiff 83-page document are numbered paragraphs that are out of order and contain the words "denied." The Court has tried the best it can to discern Plaintiff's responses to the requests for admission; however, it is unclear to what Plaintiff is responding.[1] *See* Doc. 114-2.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that if a party fails to obey a discovery order, the court where the action is pending may issue "further just orders" such as:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> . . .
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party.

---

[1] For instance, although there were only ten requests for admission, on page 57 of Plaintiff's Discovery Responses, there is a paragraph numbered 12 that states "Denied." Doc. 114-2 at 57.

Fed. R. Civ. Pro. 37(b)(2)(A). Furthermore, Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The courts have "substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Chudasama v. Mazada Motor Corp.*, 123 F.3d. 1353, 1366 (11th Cir. 1997). In imposing sanctions, the court may consider "the unsuitability of another remedy, the intransigence of a party, and the absence of an excuse." *Watkis v. Payless ShoeSource, Inc.*, 174 F.R.D. 113, 116 (M.D. Fla. 1997). A finding of willfulness or bad faith failure is necessary only if the court imposes the most severe sanction such as default or dismissal. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994) ("A court may impose lesser sanctions without a showing of willfulness or bad faith on the part of the disobedient party.").

On February 13, 2017, the Court ordered Plaintiff to show cause in writing on or before February 24, 2017 why he should not be sanctioned under Rules 37(b)(2)(A) and 37(b)(2)(C) for not complying with the Court's December 1, 2016 Order. Doc. 142 at 9. The Court advised Plaintiff that under Rules 37(b)(2)(A), the Court may recommend that Plaintiff's claims be dismissed or order that Plaintiff be barred from presenting any evidence responsive to Seavey's discovery requests at summary judgment, in pretrial submissions, or at trial. *Id.* The Court further advised that pursuant to Rule 37(b)(2)(C), the Court also may award Seavey reasonable attorney's

fees and costs associated with the preparation and filing of Seavey's Second Motion to Compel. *Id.* Thus, given the severity of the possible sanctions, Court gave Plaintiff one final opportunity to explain his conduct before imposing sanctions. Meanwhile, the Court took Seavey's Second Motion to Compel under advisement pending the Court's resolution of its Order to Show Cause. *Id.*

On February 17, 2017, Plaintiff filed his response to the Court's Order to Show Cause. Doc. 156. Plaintiff begins his response by accusing the Court of being biased against him because he is self-represented. *Id.* at 1-2. Plaintiff asserts he has mental deficits, and that he "wish[es] to fully comply with all the Court's rules and ha[s] done so in [his] mind." *Id.* at 2. Plaintiff reiterates that he gets "confused," has "no evil intent," and that in his mind he has fully complied. *Id.* Despite two Court Orders explaining Plaintiff's failure to comply with discovery requests (Docs. 101, 142), Plaintiff continues to claim: "[i]f I have failed [in complying with the Court's Order,] the Magistrate [Judge] need merely tell me what is lacking and I will change it" and "all the [Defendants] OR THE COURT has to do is tell me. Just tell me and I will quickly comply." *Id.*

The Court finds Plaintiff did not comply with the Court's Discovery Order (Doc. 101), warranting sanctions under Rules 37(b)(2) and 37(c)(1). Plaintiff's claim that the Court is biased against him because he is unrepresented is unfounded. The Court has entertained several of Plaintiff's motions for recusal and explained its reasoning for denying them. Docs. 101; 142; 202. Moreover, since the early stages of this case, the Court has repeatedly warned Plaintiff that his *pro se* status does not

insulate him from complying with the Court's orders, the Middle District of Florida Local Rules, and the Federal Rules of Civil Procedure, and that failure to comply will result in the imposition of sanctions, including dismissal. *See Docs.* 19 at 2; 30 at 1; 40 at 2; 58 at 3 n.3; 84 at 2; 101 at 11; 102 at 2; 142 at 8. Despite these warnings, Plaintiff repeatedly has shown a pattern of non-compliance, leading the Court to strike his motions, responses, or exhibits as a result – a fairly lenient sanction considering his repeated disregard of the Court's orders. *See e.g.*, Docs. 19 at 2; 30 at 1; 40 at 2; 58 at 3 n.3; 102 at 2. Plaintiff's claim that the Court should merely "tell" him what he must in order to comply with Seavey's Combined Discovery Requests is an insufficient explanation for his failure to comply with the Discovery Order and too little too late, given the stated history. First, the Court's Discovery Order specifically explained to Plaintiff, as outlined above, what he must do in order to comply. Doc. 101 at 19-20. Second, considering Plaintiff's conduct of repeatedly disobeying Court orders in this case, it is apparent that Plaintiff is likely to ignore any repeated warnings or orders requesting further compliance with Seavey's Discovery Requests.[2]

---

[2] The Court's Discovery Order also addressed Plaintiff's pattern of non-compliance with the Court's warnings:

> Although Plaintiff is proceeding pro se in this matter, he still must comply with the Federal Rules of Civil Procedure. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded pro se parties, they must follow procedures); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Since the inception of this case, the Court has had to repeatedly remind Plaintiff of this fact. *See, e.g.*, Docs. 19 at 2; 30 at 1; 40 at 2; 58 at 3 n.3; 84 at 2. Moreover, Plaintiff previously submitted a declaration to the Court stating that he is a seasoned-licensed attorney in California, and admitted to practice in two district courts

Regarding Plaintiff's claim of mental deficits, the Court previously has stated:

> To the extent that Plaintiff recognizes that he is unable to prosecute this case and comply with procedural rules due to his mental and physical disabilities, he should continue to seek legal counsel. (*See e.g.*, Doc. 131 at ¶ 58 (admitting, "[t]wo law firms in Fort Myers have expressed an interest in conducting [Plainitff's] trial"). That said, the Court reminds Plaintiff that his *pro se* status does not insulate him from complying with the Federal Rules of Civil Procedure and Local Rules. *See Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *Grew v. Hopper*, No. 2:07-cv-550, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008).

Doc. 163 at 4 n. 2. The same applies here. Based on the above reasons, under Rules 37(b)(2) and 37(c)(1), the Court orders that Plaintiff is barred from presenting any evidence responsive to Seavey's discovery requests at summary judgment, in pretrial submissions, or at trial. Furthermore, based upon his failure to heed the Court's Discovery Order and properly serve responses to Seavey's requests for admission (Doc. 114-1), those requests are deemed admitted. Fed. R. Civ. P. 36(a)(3). Because of Plaintiff's repeated failure to respond to the Court's Orders, the Court finds that lesser sanctions will not suffice and are likely to be ignored. Seavey's request for attorney's fees is denied for failure to provide proper documentation of his attorneys' hourly rates and hours expended in preparing the instant motion.

### b. Plaintiff's Motion to Exceed Page Limit (Doc. 168)

In his Motion to Exceed Page Limit, Plaintiff seeks leave to file "400 pages of evidence" to show Defendants have not been prejudiced by his non-compliance with

---

and before the Ninth Circuit Court of Appeals. Doc. 14 at 4. Plaintiff, therefore, should be aware of his obligation to comply with the discovery rules.
Doc. 101 at 11.

the Discovery Order. Doc. 168. Plaintiff states his evidence is "not in Plaintiff's possession but a good faith effort is made to reproduce them here." *Id.* at 1. This motion will be denied. *See In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 665 (M.D. Fla. 2007) ("Failure to produce documents as ordered is sufficient prejudice, whether or not there is belated compliance.") (citing *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 460 F.3d 1217, 1236-37 (9th Cir.2006)).

### c. Plaintiff's Motion to Withdraw Admissions (Doc. 154) and Motion to File Reply Brief (Doc. 192)

In its Discovery Order, the Court deemed admitted The Legions' requests for admission due to Plaintiff's failure to respond. Docs. 101 at 14-15. Plaintiff now seeks the Court to withdraw those deemed admissions. 154. Plaintiff's motion is largely identical to his response to the Order to Show Cause. *Compare* Doc. 154 *with* Doc. 156.[3]

Pursuant to Rule 36(b) of the Federal Rule of Civil Procedure, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

---

[3] In his Motion to File a Reply, Plaintiff seeks to file a reply in support of his Motion to Withdraw Admissions on the basis that he has retained attorney Eric Leckie in Virginia who would like to file a reply. Doc. 192 at 2. Indeed, Plaintiff states "[t]he Court will henceforth see only filings and the case presentation by Mr. Leckie." *Id.* Yet, since filing this motion, Plaintiff has filed four other *pro se* pleadings. Docs. 193, 194, 197, 198. "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Tardif v. People for Ethical Treatment of Animals,* No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011). "While parties may ask for leave to file a reply, they must show good cause." *McDonald v. United States,* No. 3:13-cv-168-J-37MCR, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013). Because Plaintiff raises several arguments in support of his Motion to Withdraw Admissions in seeking to file a reply, the Court accepts the instant motion as his reply, and does not find good cause to require any additional briefing.

Moreover, "[s]ubject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* Based on this language, the Eleventh Circuit has held that district courts should apply a "two-part test" in deciding whether to grant or deny a motion to withdraw admissions. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (citing *Smith v. First Nat'l Bank,* 837 F.2d 1575, 1577 (11th Cir.1988)). First, the court "should consider whether the withdrawal will subserve the presentation of the merits;" second, the court "should determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* (citations omitted). Although the Court has discretion in ruling on motions to withdraw admissions, the Eleventh Circuit has emphasized that the Court's discretion should be exercised with a focus on the effect upon the litigation and prejudice to the resisting party rather than on the defaulting party's excuses. *Id.* (citations omitted).

The first prong of the two-part test "emphasizes the importance of having the action resolved on the merits." *Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988) (citing Fed. R. Civ. P. 36(b), Advisory Committee Note to the 1970 Amendments). This prong is met "when upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez*, 297 F.3d at 1266 (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

The Court finds that the first prong of the two-part test is not easily met. The Legion served its requests for admission upon Plaintiff on August 18, 2016. Doc. 101 at 14. Some of these requests for admission do not go directly to the elements of the claims at issue in this case.[4] While some of these requests adversely affect Plaintiff's presentation on the merits of his copyright claim and defenses to his cybersquatting claim, these admissions would not practically eliminate *any* presentation on the merits of Plaintiff's claims. *Perez*, 297 F.3d at 1266. Plaintiff has made several allegations in support of his intentional infliction of emotional distress claim that have not been deemed admitted. *See* Docs. 20; 98-1 at 7-16.

The second prong to the two-part test requires the Court to ascertain whether each party that justifiably relied on an admission in preparation for trial will not be

---

[4] The Legion's requests for admission requested Plaintiff to admit or deny: that Plaintiff is not the "author" of his alleged work, as he claimed in his application for copyright registration; that he communicates with The Legion, Seavey, and the Court in this action via electronic mail from the email address ussyorktowncvs10@yahoo.com; that Plaintiff has e-mailed and physically mailed printed material about this action and Defendants to various Legion offices; that The Legion does not have a website that hosts and advocates child pornography; that The Legion did not threaten or attempt to murder Plaintiff, as he has alleged; that Plaintiff has no actual evidence or proof that The Legion or any agent or employee of The Legion has personally been to or visited Plaintiff's residence or any airport where Plaintiff keeps his airplane; that Plaintiff has published statements online or on the internet about The Legion, some of which allege that employees of the Legion, including Seavey, are child molesters, sex offenders, or have been convicted of a crime; that Plaintiff has registered the domain names/website addresses/URLs for the websites www.aspecialdayguide.com, www.americanlegion.us, and www.americanlegion.co; that Plaintiff has never formally applied to be or been considered to be a candidate for national office of the Legion; that Plaintiff has no actual evidence or proof that the Legion or any agent or employee of the Legion, including Seavey, damaged or sabotaged or in any manner touched Plaintiff's airplane or any airplane that Plaintiff flies; that Plaintiff has no actual evidence or proof that The Legion or any agent or employee of the Legion, including Seavey, has intentionally inflicted emotional distress on Plaintiff; and that Plaintiff has no actual evidence or proof that Don Shipley or Diane Shipley are agents of the Legion. Doc. 98-1 at 7-16.

prejudiced by the withdrawal of the admission. *Smith*, 837 F.2d at 1577-78. The Eleventh Circuit has explained,

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Id.* at 1578. Mere inconvenience in having to obtain evidence "[does] not rise to a level of prejudice that justifie[s] a denial of the withdrawal motion." *Perez*, 297, F.3d at 1268 (quoting *Hadley*, 45 F.3d at 1349). The court is less likely to find prejudice when a party seeks to withdraw admissions before the trial has begun and the court is able to extend the discovery deadlines to permit the resisting party to prove his case. *Id.*

Here, this case has been pending for twenty-two months. The discovery deadline has expired (Doc. 112, 113), motions for summary judgment have been fully briefed (Docs. 188; 195; 197; 198), and the case is currently set for a trial term beginning on July 3, 2017 (Doc. 203). The parties' initial discovery deadline was December 5, 2016 (Doc. 62 at 1), which the Court subsequently extended to January 31, 2017 due to Plaintiff's non-compliance with discovery requests. Doc. 112. The Court also has twice extended the trial term. Docs. 62; 113; 203. The Court is not willing to open discovery at this late stage of the proceeding. To permit the admissions to be withdrawn at this stage would prohibit Defendants from seeking discoverable information concerning the matters that have been deemed admitted, thereby prejudicing Defendants.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Mark Cameron Seavey's Second Motion to Compel Responses to Discovery and Incorporated Memorandum of Law (Doc. 114) is **GRANTED**. Plaintiff is barred from presenting any evidence responsive to Defendant Mark Cameron Seavey's First Combined Discovery Requests (Doc. 114-1) at summary judgment, in pretrial submissions, or at trial. Furthermore, based upon his failure to heed the Court's Discovery Order and properly serve responses to Seavey's requests for admission (Doc. 114-1), those requests are deemed admitted.

2. Plaintiff's Motion to be Relieved of Admissions because there is good-cause Because of mental deficit of Plaintiff and as there is no prejudice to Defendants (doc. 154) is **DENIED**.

3. Plaintiff's Motion to File Reply Brief to Set Aside DEEMED ADMITTED As pro hac vice attorney John D. Mason personally attack me and Continues to make new false statements to this Court In their Opposition (Doc. 192) is **GRANTED** to the extent that the Court has considered this motion as Plaintiff's reply. In all other respects, the motion is **DENIED**.

4. Plaintiff's Motion to Exceed Page Limit to show Plaintiff has provided 400 pages of evidence days before deposition of Plaintiff (Doc. 168) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record