UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

  Plaintiff,

v.              Case No: 2:15-cv-358-FtM-38CM

MARK CAMERON SEAVEY,

  Defendant.

## ORDER

  This matter comes before the Court upon review of Plaintiff's Motion to Take Depositions of Treating Medical Health Providers of Mark Seavey and Others with Knowledge, construed as a Motion to Reopen Discovery (Doc. 239) filed on June 12, 2017 and Motion to Strike Cross-Complaint and Answer of Mark Seavey for Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Fraud Upon the Court (Doc. 238, "Motion to Strike") filed on June 12, 2017.[1]

  On May 18, 2017, the Honorable Sheri Polster Chappell entered summary judgment in favor of Defendants, Mark Cameron Seavey and The American Legion. Doc. 227. Judge Chappell, however, withheld entry of final judgment pending a determination of damages. *Id.* at 28. Judge Chappell requested Defendants to provide additional briefing on the appropriate type and amount of damages sought, and offered Plaintiff the opportunity to respond. *Id.* Defendants have filed their

---

[1] The motions were filed under seal pursuant to Court Order. Doc. 237.

briefs on damages (Docs. 231-235); Plaintiff now seeks to reopen discovery for the purpose of deposing Defendant Seavey and Seavey's medical providers in an effort to refute Seavey's claimed damages. Doc. 239 at 1.

A motion to reopen discovery "on an issue that is pending before the Court at the summary judgment stage is evaluated under Federal Rule of Civil Procedure 56([d])." *Davken, Inc., v. City of Daytona Beach Shores*, No. 6:04-cv-207-Orl-19DAB, 2006 WL 1232819, at *4 (M.D. Fla. May 5, 2006).[2] Pertinent here, under Rule 56(d), the Court may permit Plaintiff to take additional discovery if he "shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). Rule 56(d), however, contemplates a situation when the nonmovant is faced with a motion for summary judgment before discovery is completed. *See Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983). In that circumstance, the nonmovant's affidavit "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (citing *Sec. & Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980) (quotation

---

[2] The *Dayken* decision cites Rule 56(f); however, since the date of the decision, Rule 56 has been amended in that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56(d), Advisory Committee Note to the 2010 Amendments.

marks omitted). The court then has discretion to permit additional discovery. *See id.*

Here, Plaintiff has not provided an affidavit specifically stating why he cannot present essential facts to support his opposition. *See* Doc. 239. Additionally, this is not a case where discovery has not been completed. Indeed, this case has been pending for two years; the discovery deadline, that already was once extended by the Court, expired nearly six months ago on January 31, 2017. Docs. 112, 113. Accordingly, Plaintiff's Motion to Reopen Discovery is due to be denied.

In his Motion to Strike, Plaintiff seeks to strike Defendant Seavey's Answer to First Amended Complaint and First Amended Counterclaims (Doc. 31) for alleged fraud upon the Court. Doc. 241. Because the Court has repeatedly considered and denied similar requests by Plaintiff in the past, and because the Court already has granted summary judgment in favor of Defendants, this motion is due to be denied. *See* Docs. 23; 24; 25; 35; 38; 48; 116; 142; 159; 184; 186, 211.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Take Depositions of Treating Medical Health Providers of Mark Seavey and Others with Knowledge, construed as a Motion to Reopen Discovery (Doc. 239) is **DENIED**.

2. Motion to Strike Cross-Complaint and Answer of Mark Seavey for Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Fraud Upon the Court (Doc. 238) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of June, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record