UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.                                      Case No: 2:15-cv-358-FtM-38CM

MARK CAMERON SEAVEY,

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Plaintiff Daniel Bernath's Motion to Recuse the undersigned. (Doc. 264). Bernath, appearing *pro se*, filed a complaint against Defendants alleging various trademark infringement and fraud claims. He now moves to disqualify the undersigned for ruling against him and declaring him a vexatious litigant. (Doc. 264).

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." Any doubt "must be resolved in favor of recusal." *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001). When considering recusal, the potential conflict must be considered as it applies to the entire case. *See id.* at 1310-11. A judge contemplating recusal should not ask whether she believes she is capable of impartially presiding over the case but whether "[the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

judge's] impartiality might reasonably be questioned." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). But a judge has a duty to sit when there is no legitimate reason to recuse as when the law and facts require. *See United States v. Malmsberry*, 222 F. Supp. 2d 1345 (11th Cir. 2002) (citation omitted). Moreover, § 455(b) provides certain situations in which partiality is presumed and recusal is required. If the judge reviews the enumerated conflicts of interest in which § 455(b) mandates recusal, and does not find that any apply, the judge is obligated to continue to preside over the case. *See Lawal v. Winners Int'l Rests Co. Ops., Inc.*, No. 1:04-cv-0913-WSD, 2006 WL 898180 at *4 (N.D. Ga. Apr. 6, 2006).

Based on the foregoing and having carefully considered Bernath's motion, the undersigned finds that there is no reason to recuse herself due to impartiality. The undersigned thus is obligated to continue to preside over this case.

Accordingly, it is now

**ORDERED:**

Plaintiff Daniel Bernath's Motion to Recuse the undersigned (Doc. 264) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of October, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record