# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

DANIEL A. BERNATH,

        Plaintiff,

v.                                    Case No:  2:15-cv-358-FtM-38CM

MARK CAMERON SEAVEY,

        Defendant.

_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of The American Legion's ("The Legion") Memorandum on Requested Relief (Doc. 232); Mark Cameron Seavey's Memorandum on Damages (Doc. 233); and Plaintiff Daniel A. Bernath's Motion to File Complaint in Volusia County Court, Florida, for Defendants' New Attempt to Murder Plaintiff through Direct Violence and through Inciting their Cult Member/Followers by Use of Hate Speech of July/Aug 2017 (Doc. 260).[2]  Bernath has not responded to The Legion's and Seavey's memoranda on damages, creating an

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

assumption their requested relief is not opposed.   *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012). The Legion and Seavey responded in opposition to Plaintiff's motion to file a new complaint.   Doc. 261.

### I.    Background

On June 16, 2015, Bernath initiated this action by filing a complaint against Seavey.   Doc. 1.   On May 2, 2016, with leave of Court, The Legion joined this action and filed its answer and counterclaims against Bernath.   Doc. 67.   After their lengthy disputes with Bernath in this and other courts, Seavey and The Legion filed a motion to declare Bernath a vexatious litigant on December 29, 2016.   Doc. 109. Based upon Bernath's history of vexatious litigation and improper filings, the undersigned issued a Report and Recommendation recommending Bernath be declared a vexatious litigant.   Doc. 255 at 15.   The undersigned also recommended imposing a pre-filing injunction.   *Id.*   On September 5, 2017, United States District Judge Sheri Polster Chappell entered an Opinion and Order ("Pre-Filing Injunction Order"), accepting and adopting the Report and Recommendation, declaring Bernath a vexatious litigant and imposing "a pre-filing injunction requiring Bernath to (a) obtain leave of court before filing any new actions in this Court or any court in Florida; and (b) attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action."   Doc. 259.

Subsequent to filing the motion to declare Bernath a vexatious litigant, The Legion and Seavey moved for summary judgment in March 2017.   Docs. 188, 195.

On May 18, 2017, Judge Chappell issued an Opinion and Order ("Summary Judgment Order") granting The Legion's and Seavey's motions for summary judgment on all claims in their entirety.   Doc. 227.   In their motions for summary judgment, The Legion and Seavey requested awards of various damages, attorney's fees and costs, permanent injunctions and sanctions against Bernath.   Docs. 188 at 30, 195 at 33. Judge Chappell directed The Legion and Seavey to provide additional briefing on the appropriate type and amount of damages sought and allowed Bernath an opportunity to respond to their briefs.   Doc. 227 at 17, 28.   Judge Chappell withheld an entry of final judgment pending a determination of damages.   Doc. 227 at 28-29.   On May 25, 2017, The Legion and Seavey filed memoranda on damages.   Docs. 232, 233. The undersigned will address the damages and injunctions sought by Seavy and The Legion individually.

## II.     The Legion's and Seavey's Memoranda on Damages (Docs. 232, 233)

As an initial matter, Seavey and The Legion request to enjoin Bernath from filing any action against Seavey, The Legion or its affiliates absent leave of Court. Docs. 232 at 1-4, 233 at 2-3.   This request is moot in light of the Pre-Filing Injunction Order.   Doc. 259 at 3.   The undersigned will proceed to address other requested damages and injunctions.   Docs. 232, 233.

> a.  *The Legion's request for permanent injunction and its costs and fees and Seavey's request for his attorney's costs and fees associated with the parties' copyright infringement claims*

Judge Chappell granted summary judgment in favor of The Legion on Bernath's copyright infringement claim against The Legion and The Legion's

counterclaim for declaratory judgment.   Doc. 227 at 17-20.   Judge Chappell held Bernath is not a valid owner of the copyright at issue.   Doc. 227 at 19-20.   The Legion also asserted a copyright infringement counterclaim, alleging Bernath infringed on its valid copyright of The Legion's emblem.   Doc. 227 at 26-28.   Judge Chappell granted summary judgment in favor of The Legion on this count, holding Bernath infringed upon The Legion's copyright.   Doc. 227 at 28.   The Legion seeks a permanent injunction prohibiting Bernath from using, displaying or publishing its emblem in any form or medium and an award of attorney's fees and costs incurred in defending against Bernath's copyright infringement claim and prosecuting its own claim.   Doc. 232 at 5-6.

As remedies of copyright infringement, a federal court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."   17 U.S.C. § 502(a).   Although "a permanent injunction does not automatically issue upon a finding of copyright infringement," it is within the court's discretion to issue a permanent injunction.   *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1323 (11th Cir. 2008).   To merit a permanent injunction, a party seeking a permanent injunction must demonstrate four factors:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Here, the undersigned recommends The Legion has satisfied all four factors. Doc. 232 at 5; *see id.* The Legion has suffered irreparable harm from Bernath's misuse of The Legion's emblem through his websites and social media because Bernath's improper use affected the integrity of the emblem and the organization. Doc. 232 at 5. The Court's finding that Bernath continued to use the emblem without authorization, even after receiving the notice of his improper use, shows the inadequacy of legal remedies and, considering the balance of hardships between The Legion and Bernath, the necessity of a remedy in equity. Docs. 227 at 27, 232 at 5. Protecting The Legions' copyright would not disserve the public interest by preserving The Legions' legal interests and preventing public confusion about The Legion's emblem and identity. Doc. 232 at 5. Accordingly, the undersigned recommends issuing a permanent injunction prohibiting Bernath from using, displaying or publishing its emblem in any form or medium. *See* 17 U.S.C. § 502(a); *Peter Letterese*, 533 F.3d at 1323.

The Legion further seeks an award of attorney's fees and costs in the amount of $337,870.00.[3] Doc. 232 at 6. The Legion has attached an itemization of time confirming 401.80 hours of attorney work expended at an hourly rate of $450.00; 173.60 hours of attorney work at an hourly rate of $250.00; 284.10 hours of attorney

---

[3] The undersigned's review of counsel's itemized time reveals certain numerical errors. Counsel John D. Mason calculated his fees for expending 355 hours at a rate of $450.00 to be $159,775.00, which should have been $159,750.00. Doc. 232-7 at 24. Furthermore, an associate attorney, Mary Bouventre, represented her hours expended on The Legion's defense of Bernath's copyright claim to be 131.10, when, in fact, she spent 133.10 hours on this claim. Doc. 232-7 at 25.

work expended at an hourly rate of $350.00; and 91.5 hours of paralegal work expended at a rate of $150.00.   Docs. 232-7 at 4-25, 32-35; 232-8 at 5-41, 50-54.

As another remedy for copyright infringement, a federal court "in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.   Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.   To grant or deny fees under the statute, the court must weigh relevant factors and exercise its discretion.   *MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999).   If the court has weighed the relevant factors, "[the appellate court] will not question the [trial court']s decision to grant or deny fees absent an abuse of that discretion."   *Id.* (internal quotation marks omitted).   The relevant factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."   *Id.* (internal quotation marks and citation omitted).

Here, Judge Chappell held Bernath failed "to produce evidence to support his claim or defenses" and also to "establish any genuine issues of material fact."   Doc. 227 at 28.   Judge Chappell further declared Bernath a vexatious litigant, finding he "has a history of vexatious and duplicative litigation within this lawsuit," and has forced this Court and Defendants to expend considerable time and resources in addressing his numerous frivolous *pro se* filings.   Docs. 255 at 9, 13; 259 at 2-3. Accordingly, the relevant factors weigh in favor of granting The Legion's request for

attorney's fees.   *See MiTek Holdings*, 198 F.3d at 842.   Thus, the undersigned

recommends granting The Legion's request for an award of attorney's fees and costs.

*See* 17 U.S.C. § 505; *MiTek Holdings*, 198 F.3d at 842.

> Next, in assessing the reasonableness of a fee, the court examines:
>
> 1) the time and labor required; 2) the novelty and difficulty of the
> questions; 3) the skill requisite to perform the legal service properly; 4)
> the preclusion of other employment by the attorney due to the
> acceptance of the case; 5) the customary fee; 6) whether the fee is fixed
> or contingent; 7) time limitations imposed by the client or the
> circumstances; 8) the amount involved and the results obtained; 9) the
> experience, reputation and ability of the attorneys; 10) the
> "undesireability" of the case; 11) the nature and length of the
> professional relationship with the client; and 12) awards in similar
> cases.

*Pronman v. Styles*, 676 F. App'x 846, 849 (11th Cir. 2017) (citing *Cable/Home

Commc'n Corp. v. Network Prods. Inc.*, 902 F.2d 829, 853 n.37 (11th Cir. 1990)).

Given the length of time this case has been pending, Bernath's numerous filings and

the frivolity of his claims leading to the declaration of him as a vexatious litigant, the

undersigned recommends the requested fees and costs are reasonable.   Doc. 232 at

6; *see id.*   Accordingly, the undersigned recommends granting The Legion's request

for an award of attorney's fees and costs in the amount of $337,870.00.

Similarly, Judge Chappell granted summary judgment in favor of Seavey on

Bernath's copyright claim, finding Bernath's First Amended Complaint and response

to Seavey's motion for summary judgment were "a combination of disjointed narrative

and conclusory statements with a lack of evidentiary support."   Doc. 227 at 8, 17.

Seavey seeks an award of attorney's fees and costs in the amount of $124,652.50[4]

---

[4] Seavey's itemization of attorney time also contains numerical errors.   Although

associated with defending against Bernath's copyright infringement claim.   Doc. 233 at 3.   For the same reasons supporting The Legion's award of attorney's fees and costs, the undersigned recommends awarding attorney's fees and costs of $124,652.50 in favor of Seavey.   Docs. 233 at 3, 233-2 at 5-14, 233-3 at 4-23.

   b.   *The Legion's request for an injunction, an order of transfer and its costs and fees on its cybersquatting claims*

Judge Chappell held Bernath registered in bad faith the domain names, www.americanlegion.co, and www.americanlegion.exposed, in violation of The Legion's trademarks, and granted summary judgment in favor of The Legion on its cybersquatting counterclaim against Bernath.   Doc. 227 at 22-26.   The Legion seeks a permanent injunction enjoining Bernath from registering or maintaining any domain name bearing "americanlegion," or the names of The Legion's employees or affiliates.   Doc. 232 at 6.   The Legion also seeks to transfer all domain names bearing Legion or affiliated names to The Legion.   Doc. 232 at 7.

Under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), a court "may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(1)(C). Furthermore, the court has "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable . . . to prevent a violation" of the ACPA.   15 U.S.C. § 1116(a).   As noted, the undersigned already has recommended The Legion satisfied all the elements to merit a permanent injunction.

---

Seavey requests fees and costs of $123,667.50, the correct sum he is requesting is $124,652.50.   Docs. 233 at 3, 233-2 at 5-14, 233-3 at 4-23.

*eBay*, 547 U.S. at 391; *Jysk Bed'N Linen v. Dutta-Roy*, 810 F.3d 767, 774 n.16 (11th Cir. 2015) (applying the standard set in *eBay* for obtaining a permanent injunction to a case arising under the ACPA).   Accordingly, the undersigned recommends issuing a permanent injunction that enjoins Bernath from registering or maintaining any domain name bearing "americanlegion," or the names of The Legion's employees or affiliates and also transferring all of Bernath's domain names bearing Legion or affiliated names to The Legion.   *See Jysk Bed'N Linen*, 810 F.3d at 780; 15 U.S.C. §§ 1116(a), 1125(d)(1)(C).

The Legion further seeks attorney's fees of $14,232.50 for 19.80 hours expended at an hourly rate of $450.00, 7.80 hours at an hourly rate of $250.00, 6.10 hours at an hourly rate of $350.00 and 8.25 hours at an hourly rate of $150.00.   Docs. 232 at 7, 232-7 at 36-38, 232-8 at 55-56.   In an "exceptional" case arising under the ACPA, the court may award reasonable attorney fees to the prevailing party.   15 U.S.C. § 1117(a).   Exceptional cases include "those where the infringing party acts in a 'malicious,' 'fraudulent,' 'deliberate,' or 'willful' manner."   *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994).   It is within the court's discretion to grant attorney fees under 15 U.S.C. § 1117(a).   *Id.* (citation omitted).

Here, the undersigned recommends this case rises to the level of exceptionality, given the holding:

> As an initial matter, during the course of litigation, Bernath has continuously violated the Local Rules, the Federal Rules of Civil Procedure, and Court Orders.   As the Court has previously noted, "[t]his case has been pending nearly twenty months, and Bernath's repeated failure to comply with the rules has thwarted the just, speedy, and inexpensive determination of this case."   The Court has expended its scant judicial

resources above and beyond what is required of it to interpret Plaintiff's *pro se* pleadings and sort through the myriad of improper filings in this case.

Doc. 227 at 5 (internal citations and footnote omitted).   Accordingly, the undersigned recommends awarding attorney's fees of $14,232.50 in favor of The Legion.

c. *The Legion's and Seavey's requests for damages and injunctive relief for defamation*

Judge Chappell granted summary judgment in favor of Seavey on his libel and defamation per se counterclaims against Bernath and in favor of The Legion on its claims of libel and defamation per se.   Doc. 227 at 10-17, 21-22.   The Legion seeks general damages of $100,000.00, special damages of $80,000.00, punitive damages of $100,000.00 and injunctive relief prohibiting Bernath from writing, publishing or disseminating any defamatory material or information about The Legion or any of its employees or affiliates in any medium.   Doc. 232 at 7-9.   Similarly, Seavey seeks general damages of $500,000.00, special damages of $135,000.00, punitive damages of $1,000,000.00, attorney's fees of $60,605.00 [5] and a permanent injunction prohibiting Bernath from writing, publishing, displaying or disseminating any material, writing or other information about Seavey in any medium.   Doc. 233 at 4-10.

In Florida, any person who has suffered injury from defamation generally is entitled to recover compensatory damages.   *Army Aviation Heritage Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1259 (N.D. Fla. 2007) (citing

---

[5] Seavey requests attorney's fees of $60,640.00, although his counsel's time sheets reveal $60,605.00 is the accurate amount requested.   Docs. 233 at 10, 233-2 at 17-23, 233-3 at 26-31.   The Court will address Seavey's request for attorney's fees in a separate section.

*Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So. 2d 279, 281 (Fla. 1st DCA 1977)).   As compensatory damages, an injured party may recover not only "out-of-pocket loss" but also "damages resulting from impaired reputation and standing in the community, humiliation, mental anguish, and suffering." *Id.* (citing *Gertz v. Welch, Inc.*, 418 U.S. 323, 349 (1974)).

Florida law recognizes two types of compensatory damages: general and special.   *Id.* (citing *Bobenhausen*, 344 So. 2d at 281).   General damages are defined as "those which the law presumes must naturally, proximately and necessarily result from publication of the libel or slander.   They are allowable whenever the immediate result is to impair the plaintiff's reputation, although no actual pecuniary loss is demonstrated." Doc. 227 at 14.   In contrast, an award of special damages requires the injured party to "show his special damages proximately resulted from the defamation." *Buis*, 504 F. Supp. 2d at 1259 (citation omitted).

A court has little guidance on the amount of compensatory damages to which the injured party is entitled.   *Id.* at 1260.   "There is no exact standard for fixing the compensation to be awarded on account of such elements of damage.   Any award should be fair and just in the light of the evidence." *Firestone v. Time, Inc.*, 305 So .2d 172, 177 (Fla. 1974), *vacated and remanded on other grounds,* *Time, Inc. v. Firestone*, 424 U.S. 448, 460-461 (1976).   Nonetheless, "all awards must be supported by competent evidence concerning the injury, although there need be no evidence which assigns an actual dollar value to the injury." *Gertz, 418 U.S. at 349.*

Here, the undersigned recommends granting the general and special damages requested by Seavey and The Legion.   In granting summary judgment in favor of Seavey, Judge Chappell held:

> Seavey attests that he has never been convicted or investigated for the crimes Bernath accuses him of. The record is devoid of any evidence that Bernath's defamatory statements are based on facts.
>
> . . .
>
> It is undisputable that Bernath's words suggest to the ordinary reader that Seavey committed heinous crimes. Bernath's repeated and continued publications of false claims that Seavey is a child molester, a convicted child molester, a convicted pedophile, and a child rapist constitute defamation per se. As discussed *supra*, the Court finds Bernath has repeatedly and knowingly published false and misleading statements.

Doc. 227 at 13, 16-17.

As a result of Bernath's defamatory statements and their inflammatory content, Seavey alleges his reputation at his work and organizations was seriously injured.   Doc. 233 at 5.   Seavey also claims he lost opportunities to seek employment anywhere else other than The Legion, his current employer, and had to turn down employment opportunities with the Department of Veteran's Affairs and the Department of Defense.   *Id.* at 6.   Seavey further alleges he has not been able to participate in community activities, and his wife's photography business lost significant potential income.   *Id.* at 6-7.   In addition, Seavey claims he suffers from various mental illnesses, including serious anxiety and panic attacks, inability to sleep and eat and intense stress, and takes numerous medications in response.   *Id.*

at 7.   Seavey states removing Bernath's defamatory statements posted online will cost him approximately $135,000.00.   Doc. 234-1 at 3-4.

> With regard to The Legion, Judge Chappell similarly found:
>
> The record shows Bernath has repeatedly and knowingly published false and misleading statements of fact that defamed the Legion. Bernath was notified in writing that he was publishing false information about the Legion and yet continued to do so. The Legion's reputation was damaged as a result of Bernath's defamatory statements.

Doc. 227 at 22 (internal citations omitted).   The Legion claims Bernath's defamatory statements accusing The Legion of employing a vile criminal and promoting the sexual abuse of children has inflicted considerable damage on The Legion's reputation.   Doc. 232 at 7-8.   The Legion estimates mitigating the damage would cost approximately $80,000.00.   *Id.* at 8.

Based on the extent of the damages Seavey and The Legion have suffered, the content and duration of Bernath's defamatory statements and the findings in the Summary Judgment Order, the undersigned recommends granting general damages of $100,000.00 and special damages of $80,000.00 in favor of The Legion and general damages of $500,000.00 and special damages of $135,000.00 in favor of Seavey. Docs. 232 at 7-8, 233 at 4-10; *see Johnson v. Clark*, 484 F. Supp. 2d 1242, 1257-59 (M.D. Fla. 2007) (finding appropriate general damages of $500,000.00 covering medical expenses, loss of professional reputation, mental pain and suffering and loss of capacity for enjoyment of life based on defamatory statements published in local newspaper articles), *aff'd*, 294 F. App'x 502 (11th Cir. 2008); *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1314-15 (M.D. Fla. 2010) (awarding

compensatory damages of $100,000.00 for the plaintiff's humiliation and mental anguish caused by the defendant's defamatory use of the plaintiff's self-portrait).

Next, The Legion and Seavey seek punitive damages of $100,000.00 and $1,000,000.00, respectively.   Docs. 232 at 8-9, 233 at 10.   In Florida, punitive damages are available "as a deterrent to others inclined to commit a similar offense, and their allowance depends on malice, moral turpitude, wantonness or outrageousness of tort." *Ross v. Gore*, 48 So. 2d 412, 414 (Fla. 1950) (citation omitted).   "[P]unitive damages may be the primary relief in a cause of action for defamation *per se*."   Roca Labs, Inc. v. Randazza, No. 8:14-cv-3014-T-24MAP, 2015 WL 248762, at *3 (M.D. Fla. Jan. 20, 2015).   Punitive damages focus on "the defendant's feelings toward the plaintiff," meaning "ill will, hostility or an evil intention to defame and injure, must be present." *Hunt v. Liberty Lobby*, 720 F.2d 631, 650 (11th Cir. 1983) (internal quotation marks and citations omitted).   "[P]roof of this type of malice may come from two sources: the publication itself and extrinsic evidence concerning the defendant's feelings toward the plaintiff." *Id.* at 651.

Here, the undersigned recommends awarding punitive damages in favor of Seavey and The Legion because Bernath repeatedly and knowingly accused them of committing heinous crimes, despite receiving notice that his statements were false and having no evidentiary foundation to support his statements.   Doc. 227 at 16-17, 22.   The undersigned recommends the duration, volume and nature of Bernath's defamatory statements show "ill will, hostility or an evil intention to defame and injure" The Legion and Seavey.   *Liberty Lobby*, 720 F.2d at 650; *Lustig v. Stone*, No.

15-20150-Civ-Lenard/Goodman, 2015 WL 13326350, at *5 (S.D. Fla. Aug. 18, 2015), report and recommendation adopted, 2015 WL 13326383 (S.D. Fla. Dec. 7, 2015) (awarding punitive damages because the volume and incendiary nature of the defendant's defamatory statements about the plaintiff demonstrated the defendant's ill will, hostility and an intent to harm the plaintiff).

Generally, the amount of punitive damages may be not exceed "the greater of three times the amount of compensatory damages awarded to the plaintiff, or $500,000." *Lustig*, 2015 WL 13326350, at *5; Fla. Stat. § 768.73(1)(a). Nonetheless, given the purpose of punitive damages, "the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award: 'an award must be reviewed to ensure that it bears some relationship to the defendant's ability to pay and does not result in economic castigation or bankruptcy of the defendant.'" *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1216 (11th Cir. 2010). Here, the undersigned already has recommended awarding a significant amount of damages against Bernath, and it is not clear whether Bernath is financially able to pay any further damages, even if awarded. *See id.* Accordingly, the undersigned recommends awarding punitive damages of $100,000.00 requested by The Legion only. Doc. 232 at 8-9; *see id.*

Seavey and The Legion also request injunctive relief prohibiting Bernath from writing, publishing or disseminating any material or information about them or The Legion's employees or affiliates in any medium. Docs. 232 at 9, 233 at 10. The district court has equitable discretion to grant or deny permanent injunctive relief.

*eBay*, 547 U.S. at 391.   Here, the undersigned has recommended factors warranting issuance of a permanent injunction are present.   *See id.*; *Jysk Bed'N Linen*, 810 F.3d at 774 n.16.   For the reasons noted above, the undersigned recommends the Court exercise its discretion and issue permanent injunctions enjoining Bernath from writing, publishing or disseminating any material or information about Seavey, The Legion, or The Legion's employees or affiliates in any medium.   *See eBay*, 547 U.S. at 391; *Jysk Bed'N Linen*, 810 F.3d at 774 n.16.

    *d.   Seavey and The Legion's remaining requests for attorney's fees and costs*

    Seavey and The Legion request attorney's fees associated with litigating their claims and defending against Bernath's claims.   Doc. 232 at 9-10, 233 at 4, 10.   The Legion seeks a total of $32,717.50: $8,930.00 for defending against Bernath's intentional inflection of emotional distress claim and $23,787.50 for prosecuting its defamation claims against Bernath.   Doc. 232-7 at 26-31, 232-8 at 42-49.   Seavey seeks a total of $65,967.50: $5,362.50 for defending against Bernath's intentional inflection of emotional distress claim and $60,605.00 for prosecuting his defamation claims against Bernath.   Docs. 233-2 at 15-23, 233-3 at 24-31.

    The Eleventh Circuit has held, "[w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest."   *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) (citation omitted).   Accordingly, 28 U.S.C. § 1927 allowed a court to "assess attorney's fees against litigants, counsel, and law firms who willfully abuse judicial process by conduct tantamount to bad faith."   *Id.* (citation omitted).   The statute is

designed "to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *O'Rear v. Am. Family Life Assur. Co. of Columbus, Inc.*, 144 F.R.D. 410, 413 (M.D. Fla. 1992) (alteration in original) (citation and internal quotation marks omitted).

The court also may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotation marks and citations omitted).  The court finds bad faith when "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citation omitted).   Here, as noted in the Summary Judgment Order, Bernath has abused the judicial process through his "myriad of improper filings in this case," eventually leading to the Court's declaration that he is a vexatious litigant. Docs. 227 at 5, 255, 259.   Thus, the undersigned recommends Bernath has demonstrated bad faith, warranting an award of attorney's fees under 28 U.S.C. § 1927 and the Court's inherent power.   *See Barnes*, 158 F.3d at 1214; *Avirgan*, 932 F.2d at 1582; 28 U.S.C. § 1927.

### III.   Bernath's Motion to File Complaint (Doc. 260)

Pursuant to the Pre-Filing Injunction Order, Bernath seeks the Court's leave to file a new complaint ("First Complaint") against The Legion and Donald Shipley in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida.

Doc. 260 at 1.   He also seeks to file a second new complaint ("Second Complaint") against The Legion, Donald Shipley, Carol Shipley and Extreme Seal Adventures Ltd. and Extreme Seal Experience LLC in the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida.   Doc. 260-1 at 33.   The Legion and Seavey responded in opposition, arguing Bernath improperly filed the First Complaint in September 2017 without obtaining the Court's leave.   Doc. 261 at 1. The Legion and Seavey further assert Bernath's Second Complaint does not comply with the Pre-Filing Injunction Order requiring him to "attach future complaints a list of all cases previously filed involving the same, similar, or related cause of action." Docs. 259 at 3, 261 at 3.   They also claim his new complaints are frivolous and vexatious and are motivated by the same bad faith demonstrated in Bernath's previous lawsuits.   Doc. 261 at 3-6.

Here, the Court's review of Bernath's motion and proposed complaints reveal he violated the pre-filing injunction by filing the First Complaint without obtaining leave of Court or not attaching a list of all previous cases to both complaints as ordered.   Docs. 259 at 2-3, 260, 260-1, 260-2.   Despite the Court's previous findings on Bernath's lengthy history of litigation, Bernath has provided a list of three federal and one state court cases filed by him, omitting from his list other federal or state court cases involving similar claims.   Doc. 255 at 4-9, 260-2 at 20.   Furthermore, the Court's review of Bernath's proposed complaints reveals a recitation of equally meritless and frivolous claims as those raised in this case, showing yet another

attempt to harass other parties and deplete judicial resources.   Docs. 260, 260-1, 260-2.

Under the All Writs Act, federal district courts may enjoin vexatious litigants from filing actions in both judicial and non-judicial forums.   Doc. 255 at 2; see *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002); *see also Martin-Trinoga v. Shaw*, 986, F.2d 1384, 1387 (11th Cir. 1993). Furthermore, "injunctions are enforced through the district court's civil contempt power." *Thomas v. Blue Cross & Blue Shield Ass'n,* 594 F.3d 823, 829 (11th Cir. 2010) (internal quotation marks and citations omitted).   Following a violation of an injunction, the court should move for an order to show cause why the violating party should not be held in civil contempt.   *Id.* (citation omitted); *Faught v. Am. Home Shield Corp.,* 660 F.3d 1289, 1293 (11th Cir. 2011).   Accordingly, the undersigned recommends denying Bernath's motion to file the Second Complaint in the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida.   The undersigned also recommends issuing an order to show cause as to why Bernath should not be held in civil contempt for violating the Court's pre-filing injunction.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.   The Court **issue a permanent injunction** prohibiting Daniel A. Bernath from using, displaying or publishing The American Legion's emblem in any form or medium;

2.      The Court **issue a permanent injunction** enjoining Daniel A. Bernath from registering or maintaining any domain name bearing "americanlegion," or the names of The American Legion's employees or affiliates;

3.      The Court order **Daniel A. Bernath to transfer** all of his domain names bearing Legion or affiliated names to The American Legion;

4.      The Court issue **a permanent injunction** prohibiting Daniel A. Bernath from writing, publishing or disseminating any defamatory material or information about The American Legion or any of its employees or affiliates in any medium;

5.      The American Legion be awarded **general damages of $100,000.00, special damages of $80,000.00 and punitive damages of $100,000.00**;

6.      The American Legion be awarded **attorney's fees and costs in the total amount of $384,820.00**, consisting of three awards: (1) $337,870.00, (2) $14,232.50 and (3) $32,717.50.

7.      Mark Cameron Seavey be awarded **general damages of $500,000.00 and special damages of $135,000.00**;

8.      Mark Cameron Seavey be awarded **attorney's fees and costs in the total amount of $190,620.00**, consisting of two awards: $124,652.50 and $65,967.50;

9.      The Court issue **a permanent injunction** prohibiting Daniel A. Bernath from writing, publishing, displaying or disseminating any material, writing or other information about Mark Cameron Seavey in any medium;

10.      Daniel A. Bernath's Motion to File Complaint in Volusia County Court, Florida, for Defendants' New Attempt to Murder Plaintiff through Direct Violence

and through Inciting their Cult Member/Followers by Use of Hate Speech of July/Aug 2017 (Doc. 260) be **DENIED**; and

11.    The Court issue an **ORDER to SHOW CAUSE** why Daniel A. Bernath should not be held in civil contempt for violating the Court's Pre-Filing Injunction Order (Doc. 259).

**DONE** and **ENTERED** in Fort Myers, Florida on this 1st day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties