UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.                              Case No: 2:15-cv-358-FtM-38CM

MARK CAMERON SEAVEY,

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on *pro se* Plaintiff Daniel Bernath's Motion Recuse Judge Mirando and Article III Judge Chappell's Ex Parte Communications with Defendants. (Doc. 279). Bernath, appearing *pro se*, has filed a complaint alleging various copyright infringement and fraud claims. He moves to disqualify the undersigned because it appears to him that the Court is having *ex parte* communications with Defendants. (Doc. 279). To the best the Court can discern, Bernath is under this impression because Defendants allegedly told him that the Court, per the Report and Recommendation (Doc. 270), is going to award over damages against him. (Doc. 279 at 2).

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." Any doubt "must

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

be resolved in favor of recusal." *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001). When considering recusal, the potential conflict must be considered as it applies to the entire case. *See id.* at 1310-11. A judge contemplating recusal should not ask whether she believes she is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). But a judge has a duty to sit when there is no legitimate reason to recuse as when the law and facts require. *See United States v. Malmsberry*, 222 F. Supp. 2d 1345 (11th Cir. 2002) (citation omitted). Moreover, § 455(b) provides certain situations in which partiality is presumed and recusal is required. If the judge reviews the enumerated conflicts of interest in which § 455(b) mandates recusal, and does not find that any apply, the judge is obligated to continue to preside over the case. *See Lawal v. Winners Int'l Rests Co. Ops., Inc.*, No. 1:04-cv-0913-WSD, 2006 WL 898180 at *4 (N.D. Ga. Apr. 6, 2006).

Based on the foregoing and having carefully considered Bernath's motion, the undersigned finds no reason to recuse from this case. The undersigned thus will continue to preside over this case.

Accordingly, it is now **ORDERED:**

Plaintiff Daniel Bernath's Motion Recuse Judge Mirando and Article III Judge Chappell's Ex Parte Communications with Defendants (Doc. 279) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of December 2017.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

2