UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL A. BERNATH,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No: 2:15-cv-358-FtM-38CM

MARK CAMERON SEAVEY,

    Defendant.
_____/

## **AMENDED[1] OPINION AND ORDER**[2]

This matter comes before the Court on United States Magistrate Judge Carol Mirando's Report and Recommendation, which addresses Defendant American Legion's Memorandum on Requested Relief (Doc. 232); Defendant Mark Seavey's Memorandum on Damages (Doc. 233); and *pro se* Plaintiff Daniel Bernath's Motion to File Complaint in state court (Doc. 260).[3] (Doc. 270). Judge Mirando's recommendations are twofold: (1) award Defendants injunctive and monetary damages because of Bernath's copyright

---

[1] The Court amends its Opinion and Order (Doc. 296) only to correct two typographical errors to the domain name "americanlegion" on the third and seventh pages. With the exception of those corrections, the Opinion and Order remains unchanged.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[3] Although Bernath is currently incarcerated at Hampton Road Regional Jail in Virginia (Doc. 283), he has made several objections to the Report and Recommendation.

infringement, defamatory statements, and other actions; and (2) deny Bernath's motion to file new complaints against Defendants. (Doc. 270 at 19-21). Bernath has submitted over a dozen filings that the Court construes as objections to the Report and Recommendation.[4] (Doc. 273; Doc. 275; Doc. 277; Doc. 278; Doc. 280; Doc. 281; Doc. 282; Doc. 285; Doc. 287; Doc. 288; Doc. 289; Doc. 290; Doc. 291; Doc. 292; Doc. 293; Doc. 294). Defendants object only to Judge Mirando's recommendation to deny as moot their request for a nationwide pre-suit injunction against Bernath.[5] (Doc. 284). The Report and Recommendation is ripe for review.

## BACKGROUND

The full factual background is set forth in the Report and Recommendation (Doc. 260) and the Order granting summary judgment for Defendants (Doc. 227). Briefly, this matter involves claims and counterclaims for copyright infringement, intentional infliction of emotional distress, cybersquatting, and defamation. The Court granted Legion's and Seavey's motions for summary judgment on all claims and counterclaims and directed the parties to provide supplemental briefing on their requested damages. (Doc. 227).

Independent of summary judgment, the Court granted Defendants' motion to declare Bernath a vexatious litigant because of his excessive filings and repeated failures to comply with this Court's orders and procedural rules. (Doc. 259). In that vein, it

---

[4] The Court need not restate the titles of Bernath's filings because the titles do not necessarily align with the relief sought.

[5] Defendants' objection is alternative relief to Judge Mirando reconsidering her recommendation on a nationwide pre-suit injunction. (Doc. 284). To secure a swift decision and to conserve judicial resources, the Court will handle the alternative relief and address the matter as an objection to the Report and Recommendation.

imposed "a pre-filing injunction requiring Bernath to (a) obtain leave of court before filing any new actions in this Court or any court in Florida; and (b) attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action." (Doc. 259). Since then, Bernath has requested to file new complaints against Legion and others in state court. (Doc. 260).

The Report and Recommendation addresses both Bernath's motion to file new complaints and Defendants' supplemental briefing on damages.[6] It specifically recommends:

- issue a permanent injunction prohibiting Bernath from using, displaying, or publishing Legion's emblem in any form or medium;

- issue a permanent injunction enjoining Bernath from registering or maintaining any domain name bearing "americanlegion" or the names of Legion's employees or affiliates;

- order Bernath to transfer all of his domain names bearing Legion or affiliated names to Legion;

- issue a permanent injunction prohibiting Bernath from writing, publishing, or disseminating any defamatory material or defamatory information about Legion or any of its employees or affiliates in any medium;

- award Legion general damages of $100,000.00, special damages of $80,000.00, and punitive damages of $100,000.00;

- award Legion attorneys' fees and costs for $384,820.00;

- award Seavey general damages of $500,000.00 and special damages of $135,000.00;

- award Seavey attorneys' fees and costs for $195,620.00;

---

[6] The Report and Recommendation states, "Bernath has not responded to The Legion's and Seavey's memoranda on damages, creating an assumption their requested relief is not opposed." (Doc. 270 at 1-2). Although Bernath filed a document titled, "Opposition to Summary Judgment Motion for damages by Mark Seavey Addition to Pin-Point rebuttal to Seavey affidavit," (Doc. 245), a *de novo* review of that filing shows that it was non-responsive to the damages issue.

3

- issue a permanent injunction prohibiting Bernath from writing, publishing, displaying, or disseminating any material, writing or other information about Seavey in any medium;

- deny Bernath's Motion to File Complaint (Doc. 260); and

- issue an order to show cause why Bernath should not be held in civil contempt for violating the Court's pre-filing injunction order (Doc. 259).

## STANDARD OF REVIEW

A district judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* And "[t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## DISCUSSION

The Report and Recommendation addresses Defendants' supplemental briefing on damages and Bernath's motion to file new complaints. The Court will address each in turn.

**A. Damages: Permanent injunctions, attorneys' fees, costs, and other monetary awards**

Because of Bernath's *pro se* status, the Court has liberally considered all of his post-Report and Recommendation filings. This was no small feat because Bernath's disjointed filings offer little information about the damages recommended. For instance, Bernath continues to deny committing copyright infringement and making defamatory statements about Defendants. He also claims to be an investigative journalist and somehow immune from his actions. Bernath reiterates that Defendants are trying to

4

murder him, tormenting his family, and invading his home. And he accuses the undersigned and Judge Mirando of bias and seeks recusal. Even the most favorable reading of his filings does not make them valid objections. With one exception, the Court adopts the Report and Recommendation on the permanent injunctions, attorneys' fees and costs awards, and monetary damages.

Judge Mirando recommends denying as moot Defendants' request for a nationwide pre-suit injunction against Bernath because the Court already granted such relief for cases in this Court and other Florida courts. Defendants object to this recommendation because it did not directly address their request for the all-forma, nationwide injunction. (Doc. 284 at 3-4). Although the Court understands Defendants' frustration with Bernath's vexatious filings, it will not exercise its discretion to extend the current pre-suit injunction nationwide. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (stating courts have considerable discretion in fashioning such a pre-suit injunction). This Court faces heavy dockets and scarce resources.[7] It cannot divert attention away from delivering justice to litigants in other pending cases to police Bernath's access to courts across the country. However, Bernath remains a vexatious litigant and the Court stands by its decision to declare him as such.

In short, the Court adopts the Report and Recommendation on the permanent injunctions, attorneys' fees and costs awards, and monetary damages, but it denies Defendants' request for nationwide pre-suit injunctive relief against Bernath.

---

[7] The undersigned has been the only active district court judge in the Fort Myers division since June 2015 and will likely to be so for the near future. This means the undersigned's demanding trial calendar is rivaled only by its motions and case management obligations.

**C. Bernath's Motion to File Complaints in State Court**

Next, Bernath moves the Court for leave to file new complaints against Legion and others in Florida state courts. (Doc. 260; Doc. 260-1). He has filed the motion in this case likely because of the Court's pre-suit injunction Order. (Doc. 259). Defendants oppose Bernath's motion because he has not complied with the pre-suit injunction Order for either complaint. (Doc. 261). The Report and Recommendation agrees with Defendants and recommends that Bernath show cause why he should not be held in civil contempt for his non-compliance. (Doc. 270).

After examining the file carefully and independently, the Court will not order Bernath to show cause. It will also deny without prejudice his motion because it is not applicable to this suit. In an abundance of caution, Bernath's misfiling may not be his fault, as the Court did not provide him (and the Clerk's Office) guidance on how to proceed with new complaints. For this reason, the Court will deny his request and modify its pre-suit injunction Order (Doc. 259). Also, the Court has reconsidered its pre-suit injunction Order and, for the same reasons that it will not extend the Order nationwide, the Court will limit the pre-suit injunction to the Middle District of Florida only. If the modified pre-suit injunction fails in curbing Bernanth's abusive behavior, then the Court may consider further remedial measures.

Accordingly, it is now

**ORDERED:**

(1) The Report and Recommendation (Doc. 270) is **ACCEPTED and ADOPTED in part**.

a. Defendant American Legion's Memorandum on Requested Relief (Doc. 232) and Defendant Mark Seavey's Memorandum on Damages (Doc. 233) are **GRANTED in part and DENIED in part**. The Court thus

  i. issues a permanent injunction prohibiting Plaintiff Daniel Bernath from using, displaying, or publishing Legion's emblem in any form or medium;

  ii. issues a permanent injunction enjoining Bernath from registering or maintaining any domain name bearing "americanlegion" or the names of Legion's employees or affiliates;

  iii. orders Bernath to transfer all of his domain names bearing Legion or affiliated names to Legion;

  iv. issues a permanent injunction prohibiting Bernath from writing, publishing, or disseminating any defamatory material or defamatory information about Legion or any of its employees or affiliates in any medium;

  v. issues a permanent injunction prohibiting Bernath from writing, publishing, displaying, or disseminating any defamatory material, writing or other information about Seavey in any medium;

  vi. awards Legion general damages of $100,000.00, special damages of $80,000.00, and punitive damages of $100,000.00;

  vii. awards Legion attorneys' fees and costs for $384,820.00;

  viii. awards Seavey general damages of $500,000.00 and special damages of $135,000.00; and

ix. awards Seavey attorneys' fees and costs for $195,620.00.

b. Bernath's Motion to File Complaint (Doc. 260) is **DENIED without prejudice**.

(2) Paragraph three in the order clause of the pre-suit injunction Order (Doc. 259) is **MODIFIED** and the following subsections **REPLACE** that paragraph:

a. The Clerk of Court shall open a miscellaneous case titled, "In re: Daniel A. Bernath.

b. Bernath may not file, as a *pro se* litigant,[8] any new lawsuit, action, proceeding, writ, or other matter against Mark Seavey and The American Legion in the United States District Court for the Middle District of Florida without first obtaining leave of court. In moving for leave, Bernath must adhere to these procedures:

  i. file a motion titled, "Motion Seeking Leave to File a Complaint";

  ii. attach as "Exhibit 1" to the motion the proposed new complaint;

  iii. attach as "Exhibit 2" a copy of the Court's Pre-Suit Injunction Order; and

  iv. attach as "Exhibit 3" a sworn affidavit from Bernath certifying that (1) the complaint raises a new issue that has never been previously raised by him in this or any other court; (2) the claim or issue is not frivolous, vexatious, or harassing; and (3) the document is not filed in bad faith.

---

[8] The pre-filing screening procedure will not apply if an attorney who is a member of good standing in the Middle District of Florida files a new complaint on Bernath's behalf.

c. If Bernath does not follow the above procedures, the Clerk is **DIRECTED** to reject any new complaint and make an entry on the docket in the miscellaneous case file to reflect that a new complaint was rejected and returned for failure to comply with the pre-filing screening procedures.

d. If Bernath meets the pre-filing procedures, the Clerk is **DIRECTED** to forward his motion and attached exhibits to the senior Magistrate Judge in the applicable division for review. The Magistrate Judge must decide whether the complaint has arguable merit; that is, a material basis in law and fact. No abusive, frivolous, scandalous, or otherwise impertinent complaint will be permitted.

   i. If the action is arguably meritorious, the Magistrate Judge shall issue an order so stating and directing the Clerk to file the complaint for random assignment. The Magistrate Judge's order shall be docketed with the complaint in the new civil case.

   ii. If, however, the Magistrate Judge's preliminary review determines that the complaint has no arguable merit, the Magistrate Judge shall enter an order denying the motion, in which event the complaint will not be filed with the Court. Instead, the Clerk shall return the motion and exhibits to Bernath, after making a copy for the Court. The Magistrate Judge's order and the copy of the motion and exhibits must be filed in the miscellaneous case.

e. Bernath's failure to comply with the terms of this Order shall be sufficient grounds to deny any motion for leave to file, and may be considered an act of contempt for which Bernath may be sanctioned accordingly.

(3) The remedial measures imposed by this Order do not restrict, in any way, the other judges' authority to impose sanctions, if appropriate, in the cases Bernath has already filed in this Court.

(4) Defendants' Limited Request for Reconsideration on the Issue of Pre-Suit Injunctive Relief; or, alternatively, Limited Objection to November 1, 2017 Report and Recommendation (Doc. 284) is **DENIED**.

(5) The Court **OVERRULES and DENIES** Bernath's construed objections to the Report and Recommendation. (Doc. 273; Doc. 275; Doc. 277; Doc. 278; Doc. 280; Doc. 281; Doc. 282; Doc. 285; Doc. 287; Doc. 288; Doc. 289; Doc. 290; Doc. 291; Doc. 292; Doc. 293; Doc. 294).

(6) The Clerk is **DIRECTED** to mail a copy of this Order to Bernath.

(7) The Clerk is **DIRECTED** to enter judgment accordingly, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of December 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record